# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BRYANT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. ROMERO, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-02074-DLB PC<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO FOLLOW THE FEDERAL RULES OF CIVIL PROCEDURE, WITH LEAVE TO AMEND**<br><br>(ECF No. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

## I.　**Background**

Plaintiff Kevin D. Bryant ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On December 26, 2012, Plaintiff filed his original complaint, which is currently before the Court for screening purposes.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Plaintiff's Allegations

Plaintiff was incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: R, Romero, Patrick Gallagher, D. Sellers, E. Castellanos, J. Mercado, J. Heffiefinger, Aguinaldo, M. See, R. Hernandez, Lieutenant Stiles, Sergeant A. Sells, Lieutenant Constance Waddle, Captain S. Henderson, Sergeant I Rivera, Sergeant Sheldon, Lieutenant Chanelo, Warden Martin, D. Biter, Gerald Biane, Ricardo Christensen, Matthew Cate, Robin Tinsley (library tech), and various Doe defendants.

Plaintiff's complaint contains multiple incidents that occur over a period of several years, against over twenty-one defendants, and appear to be unrelated. The Court will not summarize all of the allegations in the complaint since it entails a variety of apparently unrelated claims that would not present a cohesive basis for analysis.

For the reasons set forth below, the complaint is dismissed for failure to comply with the Federal Rules of Civil Procedure. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to the claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

## III.    Analysis

### A.     Rule 18 and 20

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same

2

defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

Plaintiff's complaint contains multiple incidents that occur over a period of several years involving claims of violations of his constitutional rights. Plaintiff attempts to bring suit against over twenty-one defendants. Plaintiff is advised that his claims do not arise out of the same "transaction, occurrence, or series of transactions." The incidents described do not involve common questions of fact or law. Many incidents occurred in different years and involved different defendants. The facts necessary to prove these claims are unique. Plaintiff is not permitted to raise all his claims in a single action under Federal Rule of Civil Procedure 20(a)(2) simply because all the incidents occurred by prison officials in the same prison.

The Court advises Plaintiff that each claim that is raised in his amended complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Plaintiff is advised that a claim does not arise from a common transaction, occurrence, or series of transactions merely by alleging retaliation. Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

**B.  Rule 8**

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint. Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P.

8(a)(2).  "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1).  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Federal Rule of Civil Procedure 10(b).

"[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Federal Rule of Civil Procedure 10(b).  Although Plaintiff does state his claims in separate counts, each count contains multiple unrelated allegations.

The function of the complaint is not to list every single fact relating to Plaintiff's claims.  Because Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to expend its already taxed resources with attempting to sort out his claims.  Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8.

### C.     First Amendment—Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

### D.     Eighth Amendment—Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  *Farmer v. Brennan*, 511 U.S.

825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  *Farmer*, 511 U.S. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff.  *E.g., Farmer*, 511 U.S. at 847; *Hearns*, 413 F.3d at 1040.

### E. Due Process—Property Deprivation

The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).  Plaintiff has an adequate post-deprivation remedy under California law, and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property.  *Barnett*, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

### F. Supervisory Liability

The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 556 U.S. at 677.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Id.* at 676.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.  *Id.* at 677.  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

### IV. Conclusion and Order

As discussed in detail above, Plaintiff's complaint is dismissed for failure to follow the Federal Rules of Civil Procedure.  The Court will provide Plaintiff with an opportunity to file a first

amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to follow the Federal Rules of Civil Procedure, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **October 31, 2013**              /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE