# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BRYANT,<br><br>    Plaintiff,<br><br>    v.<br><br>R. ROMERO, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:12-cv-02074 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT WADDLE'S AND CASTELLANOS' MOTION TO REVOKE IN FORMA PAUPERIS STATUS BE DENIED<br><br>[ECF No. 29]<br><br>OBJECTION DEADLINE: THIRTY DAYS |

    Plaintiff Kevin D. Bryant ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 26, 2012. On November 1, 2013, the Court dismissed the complaint with leave to file an amended complaint. On December 2, 2013, Plaintiff filed a First Amended Complaint ("FAC"). On December 2, 2014, the Court screened the FAC and determined that service was appropriate on Defendants Waddle and Castellanos. On January 13, 2015, the Court directed the U.S. Marshal Service to serve the FAC on Defendants Waddle and Castellanos. On March 25, 2015, Defendants Waddle and Castellanos filed an answer to the FAC.

    On April 8, 2015, Defendants Waddle and Castellanos filed a motion to revoke Plaintiff's in forma pauperis status because Plaintiff has had at least three prior federal actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. Plaintiff filed an opposition on May 29, 2015. Defendants filed a reply to the opposition on June 4, 2015.

**DISCUSSION**

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The language of section 1915(g) is clear: a dismissal on the ground that an action is frivolous, malicious, or fails to state a claim counts as a strike.

In this case, Defendants contend that Plaintiff has filed numerous lawsuits, and at least three have been dismissed as frivolous, malicious, or failing to state a claim. Defendants cite the following cases: Bryant v. Pacheco, et al., Case No. 5:09-cv-1306 (C.D. Cal. 2009); Bryant v. Briones-Colman, et al., Case No. 5:09-cv-1460 (C.D. Cal. 2009); and Bryant v. Hanks, et al., Case No. 2:10-cv-3199 (C.D. Cal. 2010). Plaintiff does not dispute that he is subject to § 1915(g) for having sustained at least three strikes. He contends, however, that he was under imminent danger of serious physical injury at the time he filed his complaint, and therefore he should be entitled to in forma pauperis status.

As noted above, the PLRA provides that a prisoner with three strikes cannot use IFP status to "bring a civil action . . . unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id. at 1055. Plaintiff must allege an ongoing danger in order to meet the imminency requirement. Id. at 1056. "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." Id. at 1056-57. Allegations that are overly speculative or fanciful may be rejected. Id. at 1057 n.11.

In his complaint, Plaintiff alleges that at the time of filing he was under constant threats of

2

violence and death from Defendants, and other correctional officers which he refers to as the "green wall gang of correctional officers." He contends that these threats were a result of complaints he had filed on these officers. Plaintiff states he had previously been assaulted on three occasions by these officers. He states he was assaulted on September 3, 2011, by Correctional Officer Mercado when he slammed Plaintiff face first into a steel door while handcuffed. He states that on November 9, 2011, he was assaulted again by an Ad Seg officer when the officer punched him in the mouth while handcuffed and busted his lip and cracked his teeth. He states that on January 29, 2013, he was assaulted by Correctional Officer Truitt who hit Plaintiff's leg with a weapon and caused the leg to become infected. Plaintiff claims these assaults were all planned and directed by Defendants as a result of his complaints. Further, Plaintiff states he is aware of three previous separate attempts to set him up to be stabbed and killed. Plaintiff states that at the time he filed his complaint in December of 2012, Defendant Waddle was planning to have him murdered by other inmates. Plaintiff states that other inmates came to him and informed him that Defendants had asked them to assault him in an area where he could then be shot by staff.

The Court finds that Plaintiff has sufficiently set forth plausible allegations of threats of serious harm in his complaint to show an "ongoing danger." Further, Plaintiff alleges that he has suffered serious injury due to Defendants having him attacked by other officers. The Court finds that Plaintiff has met "the imminence prong of the three strikes exception." Andrews, 493 F.3d at 1056-57.

**RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff has set forth sufficient allegations in the complaint to meet the imminent danger prong of the three strikes exception. Accordingly, it is HEREBY RECOMMENDED that Defendant's motion to revoke Plaintiff's in forma pauperis status be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file

written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 9, 2015**                                         /s/ *Dennis L. Beck*
                                                                       UNITED STATES MAGISTRATE JUDGE