# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BRYANT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. ROMERO, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-02074 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO STRIKE<br>[ECF No. 41]<br><br>ORDER DENYING MOTION FOR EXPEDITED RULING<br>[ECF No. 45] |

　　　　Plaintiff Kevin D. Bryant ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 26, 2012. On November 1, 2013, the Court dismissed the complaint with leave to file an amended complaint. On December 2, 2013, Plaintiff filed a first amended complaint. On December 2, 2014, the Court screened the first amended complaint and determined that service of the complaint was appropriate. On January 13, 2015, the U.S. Marshal Service was directed to serve the first amended complaint on Defendants Castellanos and Waddle. On March 25, 2015, Defendants Castellanos and Waddle filed an answer to the first amended complaint.

　　　　On June 11, 2015, after having been granted an extension of time, Plaintiff filed a motion to strike Defendants' affirmative defenses. Plaintiff seeks to strike affirmative defenses one through seven because Defendants failed to support them with facts. Defendants are required to

1

"affirmatively state any avoidance or affirmative defenses." Fed. R. Civ. P. 8(c)(1).  An affirmative defense is sufficient if it gives fair notice of the defense.  Hernandez v. Balakian, 2007 WL 1649911, at *1 (citing Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1979)).  As the moving party, Plaintiff bears the burden on his motion to strike and the standard for granting such a motion is high.  Willis v. Mullins, No. CIV-F-04-6542 AWI LJO, 2006 WL 2792857, at *1 (E.D.Cal. Sept. 28, 2006).

"'Motions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character,'" Hernandez, 2007 WL 1649911, at *1 (quoting Wright & Miller, Federal Practice and Procedure: Civil 3d § 1381, pp.421-425), and they are infrequently granted, Allen v. Woodford, No. 1:05-CV-01104-OWW-LJO, 2006 WL 1748587, at *20 (E.D. Cal. 2006) (citing Bassiri v. Xerox Corp., 292 F.Supp.2d 1212, 1220 (C.D. Cal. 2003)).  "[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party."  Hernandez, 2007 WL 1649911, at *1; also McArdle v. AT&T Mobility, LLC, No. C 09-1117 CW, 2009 WL 2969463, at *9 (N.D.Cal. Sept. 14, 2009).  Further, "a motion to strike an affirmative defense 'will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings.'"  Acacia Corporate Management, LLC v. United States, No. CIV F-07-1129 AWI GSA, 2008 WL 191029, at *5 (E.D.Cal. Jan. 22, 2008) (quoting Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991)).

Although Plaintiff correctly states that affirmative defenses one through seven are not supported by any specific facts, Plaintiff is seeking to have the defenses stricken based on his bald assertion that they do not provide him with fair notice.  The Court finds that Plaintiff has not met his burden as moving party, having made an insufficient showing that the defenses do not place him on fair notice.  Willis, 2006 WL 2792857, at *1.  In addition, the Court cannot find that it appears to a certainty that Plaintiff will succeed.  Acacia Corporate Management, LLC, 2008 WL 191029, at *5.

Therefore, the Court recommends that Plaintiff's motion to strike affirmative defenses be denied.

In addition, on September 21, 2015, Plaintiff filed a motion for an expedited ruling on his

motion to strike.  Insofar as this Findings and Recommendations addresses the motion to strike, Plaintiff's motion is denied as moot.

## RECOMMENDATION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that Plaintiff's motion to strike affirmative defenses be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

## ORDER

For the reasons set forth above, Plaintiff's motion for expedited ruling is DENIED as moot.

IT IS SO ORDERED.

  Dated:   **October 5, 2015**                    /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE

3