# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BRYANT,<br><br>      Plaintiff,<br><br>  v.<br><br>R. ROMERO, et al.,<br><br>      Defendants. | Case No. 1:12-cv-02074 DAD DLB PC<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF AND/OR MOTION FOR ALTERNATE WAY OF COMMUNICATING WITH INMATES<br>[ECF No. 56] |

      Plaintiff Kevin D. Bryant ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 26, 2012. On November 1, 2013, the Court dismissed the complaint with leave to file an amended complaint. On December 2, 2013, Plaintiff filed a first amended complaint.

      Pending before the Court is Plaintiff's motion for injunctive relief filed on November 19, 2015. In his motion, Plaintiff asks that the Court issue an order directing CDCR Secretary Jeffrey Beard to permit Plaintiff to correspond with several inmate witnesses by confidential mail. The Court's jurisdiction is limited to the parties before it in this action, i.e., Defendants Waddle and Castellanos, and to Plaintiff's claim of retaliation arising from an incidents occurring between November 30, 2010, and August of 2011. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal

1

jurisdiction bears the burden of establishing its existence.") (citation omitted); <u>American Civil Liberties Union of Nevada v. Masto</u>, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted).  In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In this case, Secretary Jeffrey Beard is not a party to this action and therefore the Court has no personal jurisdiction over Secretary Jeffrey Beard.  Therefore, the Court will recommend that Plaintiff's motion for injunctive relief be denied.

Plaintiff asks in the alternative that he be permitted to correspond with other inmates by mail through the Clerk of Court.  Plaintiff's proposed method of communication would circumvent Cal. Code Regs., tit. 15, § 3139(a), (b). which restricts an inmate's ability to correspond with other inmates.  Plaintiff provides no authority for this.  The request should be denied.

## RECOMMENDATION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction and/or alternate method for corresponding with inmates be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised

///

///

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **December 9, 2015**                          /s/ *Dennis L. Beck*
                                              UNITED STATES MAGISTRATE JUDGE