**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BRYANT,<br><br>    Plaintiff,<br><br>    v.<br><br>R. ROMERO, et al.,<br><br>    Defendants. | Case No. 1:12-cv-02074 DAD DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL COMPLAINT AND/OR MOTION TO FILE AMENDED COMPLAINT<br><br>[ECF No. 51] |

   Plaintiff Kevin D. Bryant ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 26, 2012. Plaintiff named as Defendants: R, Romero, Patrick Gallagher, D. Sellers, E. Castellanos, J. Mercado, J. Heffiefinger, Aguinaldo, M. See, R. Hernandez, Lieutenant Stiles, Sergeant A. Sells, Lieutenant Constance Waddle, Captain S. Henderson, Sergeant I Rivera, Sergeant Sheldon, Lieutenant Chanelo, Warden Martin, D. Biter, Gerald Biane, Ricardo Christensen, Matthew Cate, Robin Tinsley (library tech), and various Does. On November 1, 2013, the Court dismissed the complaint for violating the Federal Rules of Civil Procedure for challenging multiple unrelated incidents over a period of several years against multiple defendants. Plaintiff was granted leave to file an amended complaint in accordance with the Federal Rules of Civil Procedure. On December 2, 2013, Plaintiff filed a First Amended Complaint. Plaintiff named as Defendants: Correctional Lieutenant Constance

1

Waddle and Correctional Officer E. Castellanos.  On December 2, 2014, the Court screened the First Amended Complaint and determined that service was appropriate.  On January 13, 2015, the U.S. Marshal Service was directed to serve the First Amended Complaint on Defendants Castellanos and Waddle.  On March 25, 2015, Defendants Castellanos and Waddle filed an answer.

On November 12, 2015, Plaintiff filed the instant motion for leave to file a supplemental complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure.  Plaintiff claims he intends to set out occurrences and events that have occurred after the filing of the First Amended Complaint.

On December 4, 2015, Defendants Castellanos and Waddle filed an opposition to the motion.  Defendants contend that the motion is not a motion to supplement at all, but rather a motion for file a Second Amended Complaint insofar as Plaintiff is seeking to add new defendants and allegations that occurred prior to the filing of his original complaint.  Defendants contend that the motion is taken in bad faith; Plaintiff has unduly delayed; the motion is prejudicial to Defendant Castellanos; and the amendment is futile.

**DISCUSSION**

I.   Motion to Supplement Complaint

Plaintiff styles his motion as a motion to supplement pursuant to Rule 15(d).  Rule 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Defendants correctly argue that Rule 15(d) is inapplicable.  A supplemental pleading is used to allege relevant facts that occurred after the original pleading was filed.  Keith v. Volpe, 858 F.2d 467, 473-74 (9th Cir. 1988).  Here, Plaintiff proposes to add claims against new defendants that occurred prior to when Plaintiff filed the original complaint.  Therefore, the Court will treat Plaintiff's motion as a motion for leave to file a Second Amended Complaint under Rule 15(a).  See United States ex rel. Wulff v. CMA, Inc., 890 F.2d 1070, 1073 (9th Cir. 1989).

///

2

II.     Motion to File Second Amended Complaint

Upon expiration of time to amend a pleading as of right, Rule 15(a)(2) allows a party to amend its pleading only with the opposing party's written consent or by leave of court. Since Defendants oppose the amendment, Plaintiff must obtain leave of court, and leave should freely be given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant a motion to amend, the Court must consider four factors: (1) undue delay; (2) bad faith or dilatory motive; (3) futility of amendment; and (4) prejudice to the opposing party. Loehr v. Venture Co. Community College Dist., 743 F.2d 1310, 1319 (9th Cir. 1984).

Plaintiff requests leave to file a supplemental complaint. The Court takes judicial notice of the fact that Plaintiff has filed an essentially duplicative supplemental complaint in Case No. 1:11-cv-0446-LJO-BAM PC.[1] (Compare ECF No. 198 in 1:11-cv-0446-LJO-BAM PC and ECF No. 51 in 1:12-cv-2074-DAD-DLB PC.) In the other case, Plaintiff alleges that the judge is biased. Therefore, Defendants' argument that Plaintiff appears to be forum shopping to seek a better result is persuasive. Forum shopping is evidence of bad faith. See Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Moreover, Plaintiff seeks to add new defendants involving claims that are unrelated to the claims of retaliation against Defendants Waddle and Castellanos at issue here. The Court has already previously advised Plaintiff in the initial screening order that he may not do so under the Federal Rules of Civil Procedure. (See ECF No. 15.) Thus, the Court finds that Plaintiff's motion is not taken in good faith.

The allegations presented in the proposed supplemental complaint allegedly occurred several years ago between June 2010 and November 2011. Plaintiff claims he only discovered his claims in April or May of 2014; however he does not explain what new facts he allegedly discovered in April or May, and why it was not discovered until then. An unexplained delay of eight months was found to constitute undue delay. AmerisouceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006). In this case, the delay was substantially longer. Therefore, the Court finds that the lengthy unexplained delay in this case weighs against amendment.

---

[1] The Court may take judicial notice of court records in other cases. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

3

Plaintiff's motion to amend would also be futile in this case. The statute of limitations is at most four years in prisoner civil rights actions. Cal. Civ. Proc. Code § 352.1(a). As noted above, the new claims concern alleged violations which took place between June 2010 and November 2011. Therefore, the claims violate the statute of limitations insofar as they are more than four years old.

In addition, the proposed amended complaint suffers from the same deficiencies identified by the Court in its screening order of the initial complaint. Pursuant to Rule 18 of the Federal Rules of Civil Procedure, Plaintiff may only join multiple claims against a single defendant. Pursuant to Rule 20(a)(2), Plaintiff may join multiple defendants where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." In his supplemental complaint, Plaintiff seeks to add new defendants with unrelated claims. Such claims must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Therefore, the proposed amendment would be futile in this case.

Defendants claim they will be prejudiced if amendment were permitted. The Court finds that amendment would prejudice Defendants in light of the undue delay. Defendants have answered and the case is currently in discovery. The proposed supplemental complaint is very similar to the initial complaint that was screened out. The Court finds that Plaintiff's disregard of the Court's screening order borders on bad faith and unnecessarily prolongs resolution of this matter.

**ORDER**

For the reasons set forth above, Plaintiff's motion to supplement and/or amend the complaint is DENIED.

IT IS SO ORDERED.

Dated:   **December 9, 2015**              /s/ *Dennis L. Beck*
                                            UNITED STATES MAGISTRATE JUDGE

4