# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BRYANT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. ROMERO, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-02074 DAD DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES ON DEFENDANT WADDLE<br><br>[ECF No. 57] |

　　　　Plaintiff Kevin D. Bryant ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 26, 2012. On November 1, 2013, the Court dismissed the complaint. Plaintiff was granted leave to file an amended complaint in accordance with the Federal Rules of Civil Procedure. On December 2, 2013, Plaintiff filed a First Amended Complaint. Plaintiff named as Defendants: Correctional Lieutenant Constance Waddle and Correctional Officer E. Castellanos. On March 25, 2015, Defendants Castellanos and Waddle filed an answer.

　　　　On November 19, 2015, Plaintiff filed the instant motion for leave to serve additional interrogatories on Defendant Waddle. Defendant did not file an opposition.

///

1

## DISCUSSION

Rule 33 of the Federal Rules of Civil Procedure limits interrogatories to twenty-five per party, including discrete subparts. The Court may grant leave to serve additional interrogatories to the extent consistent with Rule 26(b)(2). The limitation is not intended "to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device," and "[i]n many cases, it will be appropriate for the court to permit a larger number of interrogatories...." Advisory Committee Notes to the 1993 Amendments of Fed.R.Civ.P. 33.

The Court is vested with broad discretion to manage discovery, Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir.2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir.2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir.2002), and Plaintiff is entitled to some leniency given that he is proceeding pro se. Plaintiff states his first set of interrogatories on Defendant Waddle were comprised of fourteen separately enumerated interrogatories. Plaintiff now seeks to propound an additional three interrogatories with subparts. Plaintiff's desire in this case to ask a minimal number of additional, relatively straightforward questions cannot be described accurately as harassing and/or unduly burdensome, particularly given that a number of the questions are unlikely to do more than draw an objection.

Therefore, Defendant Waddle shall serve her responses to the additional interrogatories within thirty days.

## ORDER

For the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to serve interrogatories in excess of twenty-five, filed on November 19, 2015, is GRANTED; and

2. Defendant Waddle shall serve responses to Plaintiff's additional interrogatories within thirty (30) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   **December 9, 2015**          /s/ Dennis L. Beck
                                                   UNITED STATES MAGISTRATE JUDGE

2