1
2
3
4
5
6
7
8 **UNITED STATES DISTRICT COURT**

9 EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   KEVIN D. BRYANT, | Case No. 1:12-cv-02074 DAD DLB PC |
| 12          Plaintiff, | ORDER REGARDING PLAINTIFF'S MOTIONS FOR SUBPOENAS DUCES |
| 13      v. | TECUM [ECF Nos. 53, 82] |
| 14 | ORDER AND NOTICE AUTHORIZING ISSUANCE OF SUBPOENA DUCES TECUM |
| 15   R. ROMERO, et al., | DIRECTING PRODUCTION OF DOCUMENTS BY CHRISTIAN PFEIFFER, |
| 16          Defendants. | WARDEN OF KVSP |
| 17 | ORDER DIRECTING CLERK'S OFFICE TO SERVE COPY OF SUBPOENA WITH |
| 18 | ORDER |
| 19 | ORDER DISREGARDING PLAINTIFF'S MOTION FOR COURT RULING |
| 20 | [ECF No. 75] |
| 21 | ORDER DENYING PLAINTIFF'S MOTION AND SUPPLEMENTAL MOTION TO |
| 22 | COMPEL INITIAL DISCLOSURES AND DISCOVERY RESPONSES |
| 23 | [ECF Nos. 68, 76] |
| 24 | ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER |
| 25 | [ECF No. 74] |

26

27     Plaintiff Kevin D. Bryant ("Plaintiff") is a California state prisoner proceeding pro se in this

28 civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 26, 2012.  On

November 1, 2013, the Court dismissed the complaint.  Plaintiff was granted leave to file an amended complaint in accordance with the Federal Rules of Civil Procedure.  On December 2, 2013, Plaintiff filed a First Amended Complaint.  Plaintiff named as Defendants: Correctional Lieutenant Constance Waddle and Correctional Officer E. Castellanos.  Plaintiff claims that Defendants violated his First Amendment rights by retaliating against him.  On March 25, 2015, Defendants Castellanos and Waddle filed an answer.

On September 8, 2015, the Court issued a Discovery and Scheduling Order wherein the deadline for providing initial disclosures was set for October 19, 2015, the deadline to amend pleadings was set for January 4, 2016, the deadline for conducting discovery was set for February 1, 2016, and the deadline for filing dispositive motions was set for April 1, 2016.

On November 12, 2015, Plaintiff filed a motion for subpoena duces tecum ("SDT") to obtain internal California Department of Corrections and Rehabilitation ("CDCR") investigation records from the CDCR concerning Plaintiff and other inmates, as well as copies of claims filed by other inmates with the California Victims Compensation and Government Claims Board ("VCGCB") against Defendant Waddle.

On January 6, 2016, Plaintiff filed a motion to compel Defendants to provide initial disclosures as ordered by the Court as well as further discovery responses from Defendant Castellanos.

On January 14, 2016, Plaintiff filed numerous motions.  He filed a motion to extend time to permit Plaintiff to amend the pleadings.  He filed a motion for leave to serve a second Request for Admissions ("RFA") on Defendant Waddle.  He filed a motion for the Court to rule on his November 12, 2015, motion.  Last, he filed a supplemental pleading to his motion requesting an order to compel Defendants to provide initial disclosures.

On January 28, 2016, Defendants filed opposition to Plaintiff's motions to compel.  Defendants also filed an opposition on February 4, 2016, to Plaintiff's motion for extension of time.

On February 3, 2016, Plaintiff filed a motion to compel further responses to his Interrogatories ("ROG") and Request for Production of Documents ("RPD") from Defendant Waddle.

On February 5, 2016, Plaintiff filed a supplemental motion for Subpoena Duces Tecum wherein he requests the Court to issue subpoenas directed to the non-parties set forth in his November 12, 2015, motion.  On March 9, 2016, Defendant Waddle filed an opposition to Plaintiff's second motion to compel of February 3, 2016.

The Court will address each motion in turn.

## DISCUSSION

### I.   Motions for Issuance of Subpoena Duces Tecum

As noted above, on November 12, 2015, Plaintiff filed a request for issuance of a SDT directed to CDCR staff and the VCGCB.  As to the CDCR, Plaintiff seeks all CDCR internal investigation records and recorded interviews of inmates Cleave McCloud and Edward A. Vargas regarding the allegations in his complaint.  Plaintiff states that ISU Lt. J. Stiles conducted an investigation concerning Plaintiff's allegations of retaliatory conduct by Defendants Waddle and Castellanos between the period of July 12, 2010, and March 8, 2013.  Plaintiff states that Defendants refused to disclose the information contained in confidential investigations because they are not in possession, custody or control of the internal investigations, but the CDCR is.

Plaintiff further requests a SDT directed to the California VCGCB in Sacramento to obtain a copy of the government claims filed by inmate Cleave McCloud against Defendant Waddle for her alleged use of McCloud to commit assaults.  Plaintiff also seeks copies of the claim McCloud filed concerning another officer named Sanchez who Defendant Waddle supervised and also allegedly conspired to have McCloud attacked.  Next, Plaintiff seeks a SDT directed to Secretary Jeffrey Beard and Secretary Scott Kernan for all records and recorded interviews of investigations conducted by OIA Special Agents Gerald Biane, Ricardo Christensen, and Jorge Rodriguez into Plaintiff's staff misconduct complaints which include statements and allegations made against KVSP officials by inmates McCloud and Vargas; those officials include Defendants Waddle and Castellanos, and Correctional Officers Patrick Gallagher and R. Romero.  Next, Plaintiff seeks a SDT directed to Warden Martin D. Biter of KVSP (or the current Warden if different) for all the records and recordings of any investigations conducted by ISU staff and any other officials at KVSP including Defendant Waddle, her captains, her sergeants, Lt. P. Morales, Lt. P. Chanelo, and Lt.

Tyson.  Plaintiff seeks every record including every single recording, report, email, electronically stored data, rough draft of record, personal note, and writing of the investigations into the assault allegations against Defendants.  In addition, Plaintiff seeks all records of all investigations conducted by ISU, OIA, and any CDCR official into any allegation of assault against Defendants by a KVSP inmate, including any allegations that they were assaulted by Defendants, that Defendants had other staff or inmates assault them, or that they were in any way involved in the inmate being assaulted, whether the allegations was substantiated or unfounded.  Plaintiff notes such allegations were made by inmates Luis Flores, Leonard Scott, and Cleave McCloud.  Plaintiff further requests the personnel records of both Defendants that refer or mention any allegation of assaulting or directing an assault against inmates.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  For document production requests, responding parties must produce documents which are in their "possession, custody or control."  Fed. R. Civ. P. 34(a)(1).  "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand."  Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D.Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010).  Alternatively, a party may seek the production of documents from a nonparty via service of a subpoena duces tecum.  Fed. R. Civ. P. 45.

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d).  However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents, electronically stored information,

and/or tangible things.  Fed. R. Civ. P. 34.  If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step.  If the Court rules that the documents, electronically stored information, and/or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena.  Fed. R. Civ. P. 26(b), 34(a)(1).  Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends.  Fed. R. Civ. P. 26(b).

In this case, Plaintiff states he does not have access to the items sought, and he has requested production of the items from Defendants but has been advised that Defendants are not in possession, custody or control of them.  Plaintiff states Defendants have stated that such documents would be in the possession, custody or control of CDCR.  Plaintiff further argues that the documents are relevant to his claims.

The Court finds Plaintiff's requests to be overbroad.  It is not limited to the specific event at issue in this action and goes well beyond the scope to the alleged actions of Defendants.  Plaintiff's request for documents related to complaints made by other inmates or concerning other inmates is not relevant to his claims or defenses in this matter.  In addition, the request is overly burdensome on the nonparties.  The task of uncovering all of the information Plaintiff seeks would entail looking at the central file of every inmate who was at Kern Valley State Prison between 2008 to present.  Also, the Court finds that disclosure of the voluminous amount of investigation documents that Plaintiff seeks would compromise the security of the institution as it would certainly reach well beyond the legitimate inquiries necessary to this litigation and could result in the production of confidential or privileged information.  Moreover, it appears that much of what Plaintiff seeks is designed to uncover character evidence, which is inadmissible.  Fed. R. Evid. 404(a)(1) (evidence of a person's bad character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait); <u>Gates v. Rivera</u>, 993 F.2d 697, 700 (9th Cir. 1993).

Nevertheless, to the extent they exist, the specific investigations by the CDCR into Plaintiff's staff complaint allegations concerning retaliatory acts by Defendants Waddle and Castellanos are relevant to his claims and discoverable.  Accordingly, the Court will grant Plaintiff's motion for

subpoena duces tecum directed to Christian Pfeiffer, the current acting warden of KVSP[1], for all records and recorded interviews of all internal investigations conducted by CDCR including OIA and ISU staff into Plaintiff's allegations of staff misconduct against Defendants Waddle and Castellanos, to the extent such documentation exists.  Plaintiff's motion for subpoenas duces tecum is DENIED in all other respects.  Plaintiff's January 14, 2016, motion for a court ruling on his November 12, 2015, motion is DISREGARDED as moot.

## II.    Motion to Compel Initial Disclosures and Discovery Responses

On January 14, 2016, Plaintiff filed a motion to compel initial disclosures and discovery responses from Defendant Castellanos.  On January 14, 2016, Plaintiff filed a supplement to his motion.  Defendant Castellanos filed an opposition to the motion to compel on January 28, 2016.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Defendant is required to "furnish such information as is available" to him in responding to Plaintiff's interrogatories, and documents which are in his "possession, custody or control" in responding to Plaintiff's request for the production of documents. Fed. R. Civ. P. 33(a), 34(a). If Defendant objects to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendant's objections are not justified.

### A.    Initial Disclosures

In the Court's Discovery and Scheduling Order of September 8, 2015, the parties were directed to provide initial disclosures. (ECF No. 44.)  Defendant Castellanos provided initial disclosures to Plaintiff; however, Plaintiff contends that the initial disclosures were incomplete. Plaintiff contends that Defendant failed to produce certain documents that are in the custody of the

---

[1] California Department of Corrections and Rehabilitation website, http://www.cdcr.ca.gov/Facilities_Locator/KVSP.html (last visited March 23, 2016).

Investigative Services Unit ("ISU") and the Office of Internal Affairs ("OIA").  Defendant objects to Plaintiff's request because Defendant states he is not in possession, custody or control of said documents.  The Court accepts Defendant's objection, and Plaintiff's request is denied.  However, Defendant is cautioned that information included in these documents may be excluded at in deciding motions and/or trial, unless Defendant can demonstrate he came by the information by use of the discovery process.

### B.    Interrogatories

In addition, Plaintiff seeks to compel further responses to his interrogatories as follows.

**ROG 1:** State in detail the exact number of staff misconduct complaints that were filed against you by any inmates between January 1, 2008 and the present date of your response.

**Defendant's Response:** Defendant objects to this request as vague as to the term "staff misconduct complaints." Assuming that the term refers to inmate appeals filed through the 602 process defined by title 15 of the California Code of Regulations, sections 3084 et seq., Defendant also objects to this request as overbroad and not likely to lead to the discovery of admissible evidence. Whether other inmates have filed an inmate appeal alleging that Defendant failed to competently fulfill any of his duties as a correctional officer is not relevant evidence that Defendant may have engaged in retaliatory conduct against Bryant. The request is also overly burdensome. There is no database of all inmate appeals that have been filed since January 2008 that is searchable by whether an individual officer is named in the inmate appeal. Instead, Defendant would need to search the prison file of each inmate who was housed at the prison during the requested time period to determine whether he was named in an inmate appeal. There are potentially hundreds of qualifying inmates. Without waiving any of these objections, Defendant can state that he is aware that Bryant filed one inmate appeal alleging that Castellanos failed to competently fulfill his duties as a correctional office during the requested time period.

**Plaintiff's Argument:** The term "staff misconduct complaint" is not vague to this Defendant and this objection [sic] is without merit and evasive. Title 15 of the CCR, section 3084.9(i) et seq clearly sets forth what the term "staff misconduct complaint" means. This interrogatory is not overbroad as it asks only the exact number of staff misconduct complaints that were filed against Castellanos between a

7

specific time frame, from January 2008 to the present. The CDCR Operations manual (DOM) and the KVSP Operational Procedure (OP) regarding the "Allegation of Staff Misconduct Complaint Procedure," which is based on California state law, Penal Code §832.5 clearly set forth the extensive and elaborate record keeping and retention procedures for "all" staff misconduct complaints, whether made on 602 appeals, confidential "notes" or "kites," or made verbally by any inmates to any custody official or person considered a peace officer. Penal Code §832.5(b) requires the Department of Corrections to retain "citizen complaints," (which includes staff misconduct complaints) and related reports or findings for "at least five years." Each warden and RPA shall maintain a filing system containing copies of each citizens complaint filed by citizens other than the inmates/parolees and the written responses thereto as well as inmate/parolee appeals that allege peace officer misconduct. See DOM §54100.25 through 54100.27, and KVSP OP section regarding staff misconduct complaint procedure, from sections IV, "approval" and "review" through section VIII "allegations of excessive and/or unnecessary force," and also see title 15 of the CCR §3382 for the law on the existence of these reports. Defendant Castellanos' objections are knowingly false, unjustified and without merit and the information can be obtained from the sources above and his response must be substantively supplemented.

**Ruling:**  Denied.  Defendant's objection that the term "staff misconduct complaint" is vague is overruled.  Nevertheless, whether Castellanos was named in other inmate complaints is irrelevant to the question of whether Castellanos retaliated against Plaintiff.  In addition, the request is overly burdensome as it would require Defendant to search potentially hundreds of inmate files to determine if he was named in a complaint.

**ROG 2:** State in detail the exact number of staff misconduct complaints filed against you by any inmates between January 1, 2008 and the present date of your response for which you were investigated by the Institution Services Unit (ISU) or CDCR's Office of Internal Affairs (OIA).

**Defendant's Response:** Defendant objects to this request as vague as to the term "staff misconduct complaints." Assuming that the term refers to a staff complaint defined by title 15 of the California Code of Regulations, section 3084.9, subdivision (1)(i), Defendant also objects to this request as overbroad and not likely to lead to the discovery of admissible evidence. Whether other inmates have filed a staff complaint alleging that Defendant engaged in misconduct is not relevant evidence that

Defendant may have engaged in retaliatory conduct against Bryant. Further, not every staff complaint filed by an inmate is referred to ISU or OIA. Cal. Code Regs. tit. 15, 3084.9, (i)(3). In addition, investigations by the ISU or OIA are confidential and not necessarily disclosed to officers who may be subject of an investigation. Without waiving any of these objections, Defendant can also state that he is aware the Bryant filed one staff complaint as defined by defined by title 15 of the California Code of Regulations, section 3084.9, subdivision (1)(i), alleging that he conspired to have Bryant assaulted and engage in other misconduct in retaliation for filing inmate appeals. That staff complaint, however, was not referred to OIA for further investigation. Defendant can also state that he is unaware of any other staff complaint alleging that he engaged in misconduct that has been investigated by either ISU or OIA within the requested time period.

**Plaintiff's Argument:** Plaintiff incorporates his contention re Interrogatory No. 1 set forth above as though fully set forth right here, and based thereon, Castellanos' response must be corrected and substantively supplemented immediately.

**Ruling:** Denied for the same reasons stated in ROG 1.

**ROG 3:** Identify all inmates by name and CDCR number who have filed a 602 appeal or staff misconduct complaint against you alleging you assaulted them without cause or provocation between January 1, 2008 and the date of your response.

**Defendant's Response:** Defendant objects to this request as vague as to the term "staff misconduct complaints." Assuming that the term refers to a staff complaint defined by title 15 of the California Code of Regulations, section 3084.9, subdivision (1)(i), Defendant also objects to this request as overbroad and not likely to lead to the discovery of admissible evidence. Whether other inmates have filed either an inmate appeal or a staff complaint alleging that Defendant wrongfully assaulted an inmate is not relevant evidence that Defendant may have engaged in retaliatory conduct against Bryant. The request is also overly burdensome. There is no database of all inmate appeals that have been filed since January 2008 that is searchable by whether an individual officer is named in the inmate appeal. Instead, Defendant would need to search the prison file of each inmate who was housed at the prison during the requested time period to determine whether he was named in an inmate appeal. There are potentially hundreds of qualifying inmates. Further, whether other inmates have filed staff complaint alleging that

9

Defendant wrongfully assaulted an inmate is not relevant evidence that Defendant may have engaged in retaliatory conduct against Bryant. Further, not every staff complaint filed by an inmate is referred to ISU or OIA. Cal. Code Regs. tit. 15, 3084.9, (i)(3). In addition, investigations by the ISU or OIA are confidential and not necessarily disclosed to officers who may be subject of an investigation. Without waiving any of these objections, Defendant can state that he is unaware of any inmate appeal alleging that he wrongfully assaulted an inmate or a staff complaint alleging that he wrongfully assaulted an inmate that has been investigated by either ISU or OIA within the requested time period.

**Plaintiff's Argument:** Plaintiff incorporates his contention re Interrogatory No. 1 set forth above as though fully set forth right here, and based thereon, Castellanos' response must be corrected and substantively supplemented immediately.

**Ruling:** Denied for the same reasons set forth in ROG 1.

**ROG 4:** Identify all inmates by name and CDCR number who have filed a 602 appeal or staff misconduct complaint against you alleging you had them assaulted by any other inmates(s) between January 1, 2008 and the date of your response.

**Defendant's Response:** Defendant objects to this request as vague as to the term "staff misconduct complaints." Assuming that the term refers to a staff complaint defined by title 15 of the California Code of Regulations, section 3084.9, subdivision (1)(i), Defendant also objects to this request as overbroad and not likely to lead to the discovery of admissible evidence. Whether other inmates have filed either an inmate appeal or a staff complaint alleging that Defendant wrongfully conspired to have an inmate assaulted is not relevant evidence that Defendant engaged in retaliatory conduct against Bryant. The request is also overly burdensome. There is no database of all inmate appeals that have been filed since January 2008 that is searchable by whether an individual officer is named in the inmate appeal. Instead, Defendant would need to search the prison file of each inmate who was housed at the prison during the requested time period to determine whether he was named in an inmate appeal. There are potentially hundreds of qualifying inmates. Further, whether other inmates have filed a staff complaint alleging that Defendant wrongfully conspired to have an inmate assaulted is not relevant evidence that Defendant have engaged in retaliatory conduct against Bryant. Further, not every staff complaint filed by an inmate is referred to ISU or OIA. Cal. Code Regs. tit. 15, 3084.9, (i)(3). In

10

addition, investigations by the ISU or OIA are confidential and not necessarily disclosed to officers who may be subject of an investigation. Without waiving any of these objections, Defendant can state that he is aware Bryant (CDC # D-56620) filed a staff complaint as defined by defined by title 15 of the California Code of Regulations, section 3084.9, subdivision (1)(i), alleging that he conspired to have Bryant assaulted. Due to the passage of time, Defendant cannot recall whether he responded to Bryant's staff complaint. The Department's records, however, indicate that no witnesses were questioned regarding Bryant's staff complaint. That staff complaint was also not referred to OIA for further investigation. Defendant can also state that he is unaware of any other staff complaint alleging that he wrongfully conspired to have an inmate assaulted that has been investigated by either ISU or OIA within the requested time period.

**Plaintiff's Argument:** Plaintiff incorporates his contention re Interrogatory No. 1 set forth above as though fully set forth right here, and based thereon, Castellanos' response must be corrected and substantively supplemented immediately. And please take judicial notice that in this response Defendant states that "The Department's records, however, indicate that no witnesses were questioned regarding Bryant's staff complaint." This clearly indicate that Defendant obtained access to confidential ISU and investigation records to make this response and thus has the right to obtain the confidential investigation information for all Plaintiff's requests.

**Ruling:** Denied for the same reasons set forth in ROG 1.  In addition, Defendant has responded that he is unaware of any staff complaint, other than Plaintiff's, wherein an inmate alleged that Defendant had conspired to have an inmate assaulted.

Plaintiff further alleges that Defendant's response contains an admission that he has access to ISU and OIA records in that Castellanos referred to "the Department's records."  However, Defendant responds that he was not referring to ISU and OIA records, but Plaintiff's appeal KVSP-0-11-01078 that was provided in initial disclosures.  The Court finds no reason to question Defendant's response since the appeal does in fact provide that no witnesses were interviewed and no referral to ISU or OIA was made. (ECF No. 77, Ex. 3.)

**ROG 5:** Identify all ISU and OIA staff by name and employee I.D. number who have questioned or interviewed you in an investigation in regard to allegations of staff misconduct made against you by

11

any inmates between January 1, 2008 and the date of your response.

**Defendant's Response:** Defendant objects to this request as overbroad and not likely to lead to the discovery of admissible evidence. Without waiving any of these objections, Defendant can state that he is aware that Bryant filed a staff complaint as defined by defined by title 15 of the California Code of Regulations, section 3084.9, subdivision (1)(i), alleging that he conspired to have Bryant assaulted. That staff complaint, however, was not referred to OIA for further investigation. Defendant can also state that he is unaware of any other staff complaint alleging that he engaged in misconduct that has been investigated by either ISU or OIA within the requested time period. Thus, he cannot provide the requested information.

**Plaintiff's Argument:** Plaintiff incorporates his contention re Interrogatory No. 1 set forth above as though fully set forth right here, and based thereon, Castellanos' response must be corrected and substantively supplemented immediately. Plaintiff also incorporates his "Summary Statement and general Argument" below as though fully set forth right here.

**Ruling:** Denied for the same reasons set forth in ROG 1.  In addition, Defendant has responded that he unaware of any such investigation.

**ROG 6:** Describe in detail each and every act while at work at KVSP for which you were investigated and received disciplinary action against you by CDCR between January 1, 2008 and the date of your response.

**Defendant's Response:** Defendant objects to this request as overbroad and not likely to lead to the discovery of admissible evidence. Whether the hiring authority investigated and subsequently disciplined Defendant for allegedly failing to competently fulfill his duties as a correctional officer for conduct not related to the allegations in Bryant's Amended Complaint is not relevant evidence that Defendant may have engaged in retaliatory conduct against Bryant.

In addition, Defendant separately objects to the production of such information as privileged "official information." Attached to this response is a privilege log and a declaration in support of the privilege.

**Plaintiff's Argument:** Plaintiff incorporates his contention re Interrogatory No. 1 set forth above and his Summary Statement and General Argument set forth below as though fully set forth right here,

and based thereon, Castellanos' response must be corrected and substantively supplemented immediately.

**Ruling:** Denied for the same reasons set forth in ROG 1.

**ROG 7:** State all the dates on which you were interviewed or questioned in any investigations regarding all the allegations plaintiff made against you in all the 602 appeals and staff misconduct complaints he filed against you.

**Defendant's Response:** Due to the passage of time, Defendant cannot recall whether he was interviewed, when he was interview, or any details regarding an interview conducted as a result of either the inmate appeal or staff complaint filed by Bryant. The Department's records, however, indicate that Defendant was interviewed on October 11, 2011, regarding Bryant's inmate appeal Log Number KVSP-0-11-01228.

**Plaintiff's Argument:** Plaintiff incorporates his contentions re Interrogatory No. 1 set forth above and his Summary Statement and General Argument set forth below as though fully set forth right here, and based thereon, Castellanos' response must be corrected and substantively supplemented immediately from the same "Department's records" mentioned.

**Ruling:** Denied. Defendant provided a sufficient response to the interrogatory. Plaintiff's disagreement with Defendant's response is not cause to object.

**ROG 8:** Describe in detail all questions that were asked and the answers you gave in response thereto in all the interviews in response to interrogatory No. 8 above including the name(s) and employee I.D. numbers of the interviewer(s)/investigator(s).

**Defendant's Response:** Due to the passage of time, Defendant cannot recall whether he was interviewed, when he was interview, or any details regarding an interview conducted as a result of either the inmate appeal or staff complaint filed by Bryant. The Department's records, however, indicate that Defendant was interviewed regarding Bryant's inmate appeal Log Number KVSP-0-11-01228. The Department's records for that appeal also indicate that Defendant stated that he confiscated an A/C Adapter and disposed of it due to it being in altered condition. The Department's records further indicate that Defendant denied removing any items other than those indicated on the CDCR 1083 form.

**Plaintiff's Argument:** Plaintiff incorporates His contentions re Interrogatory No. 1 set forth

13

above and his Summary Statement and General Argument set forth below as though fully set forth right here, and based thereon, Castellanos' response must be corrected and substantively Supplemented immediately from the same "Department's records" mentioned in His response.

**Ruling:** Denied. Defendant has sufficiently responded to the interrogatory.

**ROG 9:** Describe in detail the location of all the records and recorded interviews regarding all the investigations that were conducted by ISU or OIA staff regarding all the allegations plaintiff made against you in all the 602 appeals and staff misconduct complaints he filed against you. Please state the full name, title, and employee number of the custodian of all those records.

**Defendant's Response:** Defendant objects to this request as vague as to the term "staff misconduct complaints." Without waiving that objection and assuming that the term refers to a staff complaint defined by title 15 of the California Code of Regulations, section 3084.9, subdivision (1)(i), investigations by the ISU or OIA are confidential and not necessarily disclosed to officers who may be subject of an investigation. Defendant can state that he is unaware of any investigation by ISU or OIA due to Bryant's allegations that Defendant engaged in misconduct. Thus, he has no information whether any records exist and cannot provide the requested information.

**Plaintiff's Argument:** Plaintiff incorporates his contentions re Interrogatory No. 1 set forth above and His Summary Statement and General Argument set forth below as though fully set forth right here, and based thereon, Castellanos' response must be corrected and substantively supplemented immediately from the same "Department's records" mentioned in His response.

**Ruling:** Denied. Defendant's objection that the term "staff misconduct complaints" is vague is overruled. Nevertheless, Defendant has sufficiently responded that he is unaware of any investigation by ISU or OIA, and therefore has no knowledge that any records exist.

**ROG 10:** Describe in detail the location of all the records and recorded interviews regarding all the investigations that were conducted by ISU, OIA, or any CDCR official regarding all the 602 appeals and staff misconduct complaints filed by all KVSP inmates in which they made allegations that either you assaulted them or had other inmate(s) assault them between January 1, 2008 and the date of your response. Please state the full name, title, and employee number of the custodian of all those records.

**Defendant's Response:** Defendant objects to this request as vague as to the term "staff

14

misconduct complaints." Assuming that the term refers to a staff complaint defined by title 15 of the California Code of Regulations, section 3084.9, subdivision (1)(i), Defendant also objects to this request as overbroad and not likely to lead to the discovery of admissible evidence. Whether other inmates have filed either an inmate appeal or a staff complaint alleging that Defendant wrongly assaulted an inmate or wrongfully conspired to have an inmate assaulted is not relevant evidence that Defendant may have engaged in retaliatory conduct against Bryant. The request is also overly burdensome. There is no database of all inmate appeals that have been filed since January 2008 that is searchable by whether an individual officer is named in the inmate appeal. Instead, Defendant would need to search the prison file of each inmate who was housed at the prison during the requested time period to determine whether he was named in an inmate appeal, and then, provide the location of any relevant material. There are potentially hundreds of qualifying inmates. In addition, whether other inmates have filed a staff complaint alleging that Defendant wrongfully assaulted an inmate or wrongfully conspired to have an inmate assaulted is not relevant evidence that Defendant engaged in retaliatory conduct against Bryant. Further, not every staff complaint filed by an inmate is referred to ISU or OIA. Cal. Code Regs. tit. 15, 3084.9, (i)(3). Thus, he has no information whether any records exist and cannot provide the requested information.

**Plaintiff's Argument:** Plaintiff incorporates his contentions re Interrogatory No. 1 set forth above and His Summary Statement and General Argument set forth below as though fully set forth right here, and based thereon, Castellanos' response must be corrected and substantively supplemented immediately from the same "Department's records" He mentioned in His prior responses to Interrogatory No. 4-8 above.

**Ruling:** Denied for the same reasons stated in ROG 1.

**ROG 12:** Identify all inmates by name and CDCR number who filed 602 appeals and staff misconduct complaints in which they made allegations that you confiscated or damaged their personal property at KVSP between January 1, 2008 to the date of your response.

**Defendant's Response:** Defendant objects to this request as vague as to the term "staff misconduct complaints." Assuming that the term refers to a staff complaint defined by title 15 of the California Code of Regulations, section 3084.9, subdivision (1)(i), Defendant also objects to this request

15

as overbroad and not likely to lead to the discovery of admissible evidence. Whether other inmates have filed either an inmate appeal or a staff complaint alleging that Defendant wrongfully confiscated or damaged their property is not relevant evidence that Defendant allegedly engaged in retaliatory conduct against Bryant. The request is also overly burdensome. There is no database of all inmate appeals that is searchable by whether an individual officer is named in the inmate appeal. Instead, Defendant would need to search the prison file of each inmate who was housed at the prison during the requested time period to determine whether he was named in an inmate appeal and whether the appeal concerned property. There are potentially hundreds of qualifying inmates.

**Plaintiff's Argument:** Plaintiff incorporates his contentions re Interrogatory No. 1 set forth above and his Summary Statement and General Argument set forth below as though fully set forth right here, and based thereon, Castellanos' response must be corrected and substantively supplemented immediately from the same "Department's records" He mentioned in His prior responses to Interrogatory No. 4-8 above.

**Ruling:** Denied for the same reasons set forth in ROG 1.

**ROG 13:** Identify all inmates named in your response to interrogatory No. 12 above who were assaulted by you or involved in mutual combats with other inmates between January 1, 2008 and the date of your response.

**Defendant's Response:** Defendant objects to this request as overbroad and not likely to lead to the discovery of amissible evidence. Whether other inmates have filed either an inmate appeal or a staff complaint alleging that Defendant wrongfully confiscated or damaged their property, and who were also subsequently assaulted, is not relevant evidence that Defendant engaged in retaliatory conduct against Bryant. The request is also overly burdensome. There is no database of all inmate appeals that is searchable by whether an individual officer is named in the inmate appeal. Instead, Defendant would need to search the prison file of each inmate who was housed at the prison during the requested time period to determine whether he was named in an inmate appeal, whether the appeal concerned property, and whether that inmate was later assaulted. There are potentially hundreds of qualifying inmates.

**Plaintiff's Argument:** Plaintiff incorporates His contentions re Interrogatory No. 1 set forth above and his Summary Statement and General Argument set forth below as though fully set forth right

here, and based thereon, Castellanos' response must be corrected and substantively supplemented immediately using the same "Department's records" He mentioned in His prior responses to Interrogatory No. 4-8 above.

**Ruling:** Denied for the same reasons stated in ROG 1. In addition, Defendant has responded that no such staff complaints exist.

The Court next turns to Plaintiff's request to compel Defendant to respond to his Request for Admissions ("RFA").

**RFA 1:** Admit that between January 1, 2010 and the date of your response that you have been investigated by the Kern Valley State Prison (KVSP) Institution Services Unit (ISU) staff regarding allegations or complaints that you illegally assaulted inmates or had inmates to assault other inmates for you.

**Defendant's Response:** Defendant objects to this request as overbroad and not likely to lead to the discovery of relevant evidence. Whether ISU has investigated Defendant for allegedly wrongfully assaulting inmates or having inmates assaulted is not related to the allegations in Bryant's Amended Complaint is not relevant evidence that Defendant allegedly engaged in retaliatory conduct against Bryant. Without waiving this objection, Defendant can neither admit or deny whether he has been investigated by ISU staff regarding allegations or complaints that he illegally assaulted inmates or had inmates to assault other inmates. Investigations by ISU are confidential and not disclosed unless referred for an adverse action.

**Plaintiff's Argument:** Defendant Castellanos' contention that this request of overbroad and that ISU investigations are confidential and not disclosed unless referred for an adverse action are evasive and lack merit. Also His contention that His pattern of these same types of abuses committed against other inmates is not related to Plaintiff's allegations in His FAC and that its not relevant evidence that He did the same thing to Plaintiff is false and not relevant. Defendants remaining response is evasive and fails to evidence the requisite good faith effort to respond to a request which seeks discoverable information. Defendant failed to comply with Rule 36(a)(4), which requires the statement that a reasonable inquiry was made and the information he knows or can readily obtain is insufficient to enable him to admit or deny. Plaintiff also incorporates his Summary Statement and General Argument set forth

17

below as though fully set forth right here, and based thereon, Castellanos' response must be corrected and supplemented immediately using the same "Department's records" he mentioned in His response to Interrogatory No. 4-8, as Defendant obviously had access to CDCR records and investigations information in order to make those responses.

**Ruling:** Denied. Evidence concerning allegations of other inmates is beyond the scope of discovery. In addition, Defendant has responded that he is unaware of any such investigations.

**RFA 2:** Admit that between January 1, 2010 and the date of your response that you have been investigated by CDCR's Office of Internal Affairs (OIA) staff regarding allegations or complaints that you illegally assaulted inmates or had inmates assault other inmates for you.

**Defendant's Response:** Defendant objects to this request as overbroad and not likely to lead to the discovery of relevant evidence. Whether CDCR's Office of Internal Affairs (OIA) has investigated Defendant for allegedly wrongfully assaulting inmates or having inmates assaulted is not related to the allegations in Bryant's Amended Complaint is not relevant evidence that Defendant allegedly engaged in retaliatory conduct against Bryant. Without waiving this objection, Defendant can neither admit or deny whether he has been investigated by OIA staff regarding allegations or complaints that he illegally assaulted inmates or had inmates to assault other inmates. Investigations by OIA are confidential and not disclosed unless referred for an adverse action.

**Plaintiff's Argument:** Plaintiff incorporates His contentions re Request No. 1 set forth above and His Summary Statement and General Argument set forth below as though fully set forth right here, and based thereon, Castellanos' response must be corrected and substantively supplemented immediately using the same "Department's records" He mentioned in His prior responses to Interrogatory No. 4-8 above.

**Ruling:** Denied. Plaintiff has not alleged that Castellanos assaulted him.  Whether Castellanos has been investigated for wrongfully assaulting other inmates or having other inmates assaulted is not relevant to whether Castellanos retaliated against Bryant.  In addition, Defendant has sufficiently responded that he can neither admit nor deny because investigations by OIA are confidential and not disclosed to staff unless referred for adverse action.

**RFA 5:** Admit that between January 1, 2008 and the date of your response that you have

18

received disciplinary action against you for your involvement in staff misconduct.

**Defendant's Response:** Defendant objects to this request as overbroad and not likely to lead to the discovery of relevant evidence. Whether the hiring authority investigated and subsequently disciplined Defendant for allegedly failing to competently fulfill his duties as a correctional officer for conduct not related to the allegations in Bryant's Amended Complaint is not relevant evidence that Defendant allegedly engaged in retaliatory conduct against Bryant.

**Plaintiff's Argument:** Plaintiff incorporates His contentions re Request No. 1 set forth above and His Summary Statement and General Argument set forth below as though fully set forth right here, and based thereon, Castellanos' response must be corrected and substantively supplemented immediately using the same "Department's records" He mentioned in His prior responses to Interrogatory No. 4-8 above. The Defendant has provided a privilege log and declarations of a prison official that are deficient and provide insufficient information and their objection is thereby waived. It was Defendants burden to either produce the requested information or move for a protective order. Refusal to produce discovery based on a blanket assertion of privilege and with deficient documents is clearly not an appropriate response to the discovery request.

**Ruling:** Denied. Whether Castellanos has been investigated for staff misconduct not related to the allegations in Plaintiff's complaint is not relevant to the issue of whether Castellanos retaliated against Bryant.

**RFA 6:** Admit that between January 1, 2008 and the date of your response that you have received disciplinary action against you for your involvement in covering up staff misconduct.

**Defendant's Response:** Defendant objects to this request as overbroad and not likely to lead to the discovery of relevant evidence. Whether the hiring authority investigated and subsequently disciplined Defendant for allegedly failing to competently fulfill his duties as a correctional officer for conduct not related to the allegations in Bryant's Amended Complaint is not relevant evidence that Defendant allegedly engaged in retaliatory conduct against Bryant. Without waiving this objection, deny.

**Plaintiff's Argument:** Plaintiff incorporates His contentions re Request No. 1 set forth above and his Summary Statement and General Argument set forth below as though set forth right here, and based thereon, Castellanos' response must be corrected and substantively supplemented immediately

using the same "Department's records" He mentioned in His prior responses to Interrogatory No. 4-8 above.

**Ruling:** Denied.  Defendant has provided a response to the request.

**RFA 8:** Admit that other KVSP inmates have filed 602 Appeals and staff misconduct complaints against you alleging that you have inmate Moore CDCR No. H-23858 to and/or other inmate(s) assault them between January 1, 2008 and the present date of your response.

**Defendant's Response:** Defendant objects to this request as vague as to the term "staff misconduct complaints." Assuming that the term refers to a staff complaint defined by title 15 of the California Code of Regulations, section 3084.9, subdivision (1)(i), Defendant also objects to this request as overbroad and not likely to lead to the discovery of relevant evidence. Whether other inmates have filed either an inmate appeal or a staff complaint alleging that Defendant wrongly conspired to have inmate Moore assault an inmate is not relevant evidence that Defendant allegedly engaged in retaliatory conduct against Bryant. Without waiving those objections, Defendant can neither admit or deny whether other inmates have named him in an inmate appeal or staff complaint because he lacks the personal knowledge of the contents of all the Department's records containing such information.

**Plaintiff's Argument:** Plaintiff incorporates His contentions re Request No. 1 set forth above and His Summary Statement and General Argument set forth below as though set forth right here, and based thereon, Castellanos' response must be corrected and substantively supplemented immediately using the same "Department's records" he mentioned in His prior responses to Interrogatory No. 4-8 above.

**Ruling:** Denied. Whether other inmates believed Castellanos conspired to have them assaulted is not relevant to the issue whether Castellanos retaliated against Plaintiff.  In addition, Defendant states he has no personal knowledge of any such appeals.  The request is overly burdensome as it would require Defendant to search all inmate appeals filed to determine if Plaintiff's statement is accurate.

**RFA 9:** Admit that many of the inmate assaults referred to in Request No. 8 above were allegedly done by inmate porters who worked in the same housing unit you worked in.

**Defendant's Response:** Defendant objects to this request as vague as to the term "staff misconduct complaints" as referred to in Request No. 8. Assuming that the term refers to a staff

complaint defined by title 15 of the California Code of Regulations, section 3084.9, subdivision (1)(i), Defendant also objects to this request as overbroad and not likely to lead to the discovery of relevant evidence. Whether other inmates have filed either an inmate appeal or a staff complaint alleging that Defendant wrongly conspired to have an inmate porter assault another inmate is not relevant evidence that Defendant allegedly engaged in retaliatory conduct against Bryant. Without waiving those objections, Defendant can neither admit or deny whether other inmates have named him in an inmate appeal or staff complaint because he lacks the personal knowledge of the contents of all the Department's records containing such information.

**Plaintiff's Argument:** Plaintiff incorporates His contentions re Request No. 1 set forth above and His Summary Statement and General Argument set forth above as though set forth right here, and based thereon, Castellanos' response must be corrected and substantively supplemented immediately using the same "Department's records" he mentioned in His prior responses to Interrogatory No. 4-8 above.

**Ruling:** Denied for the same reasons stated in RFA 8.

**RFA 10:** Admit that most mutual combats that occurred between January 1, 2008 to the present date of your response involving inmate Moore CDCR No. H-23858 to or the other inmate porters working in your housing unit, you stated or wrote a report stating they were not the aggressor and were acting in self defense in the fights you witnessed.

**Defendant's Response:** Defendant objects to this request as vague as to the term "report." Assuming that the term refers to a rules violation report defined by title 15 of the California Code of Regulations, section 3315, Defendant also objects to this request as overbroad and not likely to lead to the discovery of admissible evidence. Defendant's statements in a rules violation report regarding other inmate assaults is not relevant evidence that Defendant allegedly engaged in retaliatory conduct against Bryant. Without waiving those objections, due to the passage of time, Defendant can neither admit or deny whether he observed an assault involving inmate Moore, or any other inmate porters; concluded that inmate Moore, or any other inmate porter, were acting in self-defense; and included that observation in a rules violation report.

**Plaintiff's Argument:** Plaintiff incorporates His contentions re Request No. 1 set forth above

21

and His Summary Statement and General Argument set forth above below as though set forth right here, and based thereon, Castellanos' response must be corrected and substantively supplemented immediately using the same "Department's records" he mentioned in His prior responses to Interrogatory No. 4-8 above.

**Ruling:** Denied. Defendant's statements in Rules Violation Reports involving other inmates and not Plaintiff are irrelevant to the issue of whether Castellanos retaliated against Plaintiff.

### III.    Motion to Modify Scheduling Order

On January 14, 2016, Plaintiff filed a motion to modify the scheduling order to extend the discovery deadline.

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id.

Plaintiff requests that the discovery deadline be extended until after the Court rules on his motions to compel. Plaintiff states he seeks an extension of the discovery cutoff so that he may conduct depositions of witnesses and staff depending on the evidence obtained with his motions to compel. However, Plaintiff is proceeding in forma pauperis, and his motion does not suggest an understanding of the requirements for conducting a deposition or the ability and willingness to pay an officer to take the responses for the record. An officer must be retained to take responses and prepare the record. Fed. R. Civ. P. 30(b). There is no entitlement to take a deposition and to do so, a party must comply with the Federal Rules of Civil Procedure. Plaintiff has not shown that he is able and willing to compensate an officer to take responses and prepare the record, or submitted an offer of proof regarding the financial ability to compensate an officer.

Plaintiff also requests that the deadline be extended so that he may serve three additional requests for admission on Defendant Waddle. Those three requests concern a news article from the Bakersfield Californian concerning a fight between an inmate and a guard. (ECF No. 74, Ex. 1.) At

the conclusion of the internal affairs investigation, two unidentified prison employees were fired in connection with the fight and an attempted cover-up, another staff member received a two-year suspension without pay, and a lieutenant and guard received salary reductions.  Plaintiff believes Defendant Waddle was the lieutenant in that case.  The Court does not find good cause for an extension so that Plaintiff may serve the additional requests for admission.  The inmate involved in that case was not Plaintiff, and whether Defendant Waddle was involved in that case or not is irrelevant to whether she retaliated against Plaintiff in this case.

Accordingly, Plaintiff's motion to modify the scheduling order to extend the discovery deadline is DENIED.

### ORDER

For the reasons set forth above, it is HEREBY ORDERED that:

1.     The Court authorizes the issuance of a subpoena duces tecum directing Christian Pfeiffer, Warden of K.V.S.P., to produce those documents which are listed in Attachment 1 to this Order;

2.     Pursuant to Rule 45(a)(4), the parties are placed on notice that the subpoena duces tecum will be issued after the passage of **ten (10) days** from the date of service of this order;

3.     The Clerk's Office shall serve a copy of the subpoena with this order;

4.     Plaintiff's motion for subpoenas duces tecum is DENIED in all other respects;

5.     Plaintiff's motion for a court ruling on his motion for subpoena duces tecum is DISREGARDED as moot; and

6.     Plaintiff's motion to modify the scheduling order is DENIED.

IT IS SO ORDERED.

Dated:   **March 29, 2016**                          /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE

23

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____EASTERN_____       DISTRICT OF       _____CALIFORNIA_____

KEVIN D. BRYANT                    **SUBPOENA IN A CIVIL CASE**
              V.

R. ROMERO, et al.                  Case Number:1:12-cv-02074-DAD-DLB-PC

TO:  Christian Pfeiffer, Warden of Kern Valley State Prison

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):  SEE ATTACHMENT 1 .

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

**Attachment 1**

**You are commanded to produce and permit inspection and copying of the following documents, including but not limited to documents which are retained in paper, electronically stored, preserved in microfiche, etc.**

**No. 1:** Produce any and all records, reports, and recorded interviews of internal investigations conducted by the CDCR, including but not limited to OIA and ISU investigations, concerning Plaintiff's allegations of staff misconduct of Defendants Constance Waddle and E. Castellanos, to the extent they exist and have not already been provided to Plaintiff in discovery.