# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BRYANT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. ROMERO, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-02074 DAD DLB PC<br><br>ORDER REGARDING PLAINTIFF'S OBJECTIONS AND GRANTING MOTION FOR RECONSIDERATION IN PART [ECF No. 102]<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE MOTION TO EXTEND DISCOVERY DEADLINE<br><br>ORDER AND NOTICE AUTHORIZING ISSUANCE OF SUBPOENA DUCES TECUM DIRECTING PRODUCTION OF DOCUMENTS BY CHRISTIAN PFEIFFER, WARDEN OF KVSP<br><br>ORDER AND NOTICE AUTHORIZING ISSUANCE OF SUBPOENA DUCES TECUM DIRECTING PRODUCTION OF DOCUMENTS BY CHRISTIAN PFEIFFER, WARDEN OF KVSP, FOR *IN CAMERA REVIEW*<br><br>ORDER DIRECTING CLERK'S OFFICE TO SERVE COPIES OF SUBPOENAS WITH ORDER |

Plaintiff Kevin D. Bryant ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 26, 2012. On November 1, 2013, the Court dismissed the complaint. Plaintiff was granted leave to file an

1

amended complaint in accordance with the Federal Rules of Civil Procedure. On December 2, 2013, Plaintiff filed a First Amended Complaint. Plaintiff named as Defendants: Correctional Lieutenant Constance Waddle and Correctional Officer E. Castellanos. Plaintiff claims that Defendants violated his First Amendment rights by retaliating against him. On March 25, 2015, Defendants Castellanos and Waddle filed an answer.

On September 8, 2015, the Court issued a Discovery and Scheduling Order wherein the deadline for providing initial disclosures was set for October 19, 2015, the deadline to amend pleadings was set for January 4, 2016, the deadline for conducting discovery was set for February 1, 2016, and the deadline for filing dispositive motions was set for April 1, 2016.

During the discovery period, Plaintiff filed numerous motions including, *inter alia*, a motion for subpoena duces tecum, motions to compel, and motion to modify the scheduling order. On March 29, 2016, the Court addressed each of Plaintiff's motions. On April 21, 2016, Plaintiff filed objections to the order and requested reconsideration of certain issues. On May 6, 2016, Defendants filed an opposition to the motion.

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

**I.     Discovery Deadline Extension**

First, Plaintiff takes issue with Court's denial of his request to extend the discovery deadline based on his desire to conduct depositions of witnesses and staff pursuant to Fed. R. Civ. P. Rule 30. As the Court stated, Plaintiff gave no indication that he understood he would have to comply with Rule 30 in retaining an officer to take the responses and prepare the record. Plaintiff made no showing that he was able and willing to compensate an officer under Rule 30(b)(3). Therefore, the

Court did not find good cause to extend the discovery deadline under Rule 16(b)(4).

In his objections, Plaintiff argues that he can retain and compensate an officer to take the responses and prepare the record for his depositions. He states he has made contact with the office manager at a court reporting company and is awaiting information from her. He states his sister will provide him with the funds to compensate the officer. He further states he will request that he be allowed to conduct his depositions by videoconference if possible. Plaintiff requests that the Court grant an extension of the discovery deadline in light of his arguments.

The Court will reconsider an extension of the discovery deadline if Plaintiff makes an offer of proof that he has retained an officer pursuant to Rule 30. The Court will grant Plaintiff thirty days to make said request for an extension along with an offer of proof.

## II.     Investigation Evidence Concerning 6/8/10 Incident

Next, Plaintiff objects to the Court's denial of his request for subpoena duces tecum ("SDT"), specifically as to the investigation evidence of his June 8, 2010, assault. Plaintiff states he filed a complaint against correctional officers Patrick Gallagher and Ramon R. Romero concerning the June 8 assault. He alleges that Defendant Waddle was the supervisor of Gallagher and Romero. He claims that it was the filing of this appeal that motivated Defendants Waddle and Castellanos to retaliate against him. He states that Defendant Waddle was responsible for moving him to Ad Seg and to Facility "D" in November 2010 due to the investigation of the assaults. He claims Defendants Waddle and Castellanos conspired to retaliate against Plaintiff by having him assaulted so that he would drop his complaint against Gallagher and Romero. Plaintiff states that the evidence he seeks "is related to the incident relating to this action." (Pl.'s Obj. at 4.) He alleges the investigation records will show whether Defendant Waddle was interviewed and questioned regarding the June 8 assault and whether she did any investigation, which in turn could show Defendants motive for retaliation.

It is highly unlikely the investigative reports of the assault could produce any relevant information in this case. The complaint regarding the assault concerned Gallagher and Romero only; therefore, they would have been the individuals investigated, not Defendant Waddle. It is highly doubtful that Defendant Waddle would have been involved in the complaint against

3

Gallagher and Romero in any way relevant to this action. Nevertheless, the Court will order that the investigative records into Plaintiff's complaint against Gallagher and Romero be submitted to the Court for *in camera review*. The Court will then review the records for any relevant evidence.

### III. Records of Past History of Staff Misconduct

Last, Plaintiff objects to the court's denial of his various requests for evidence of past misconduct by Defendants Castellanos and Waddle. Previously, Plaintiff had filed a motion for issuance of an SDT directed to CDCR for all investigation records and recorded interviews of any investigations conducted at KVSP into any allegation, complaint, or appeal concerning an assault by Defendants on a KVSP inmate. Plaintiff also included records of any investigations conducted by anyone at KVSP into allegations against Defendant Waddle's captains, sergeants, Lt. P. Morales, Lt. P. Chanelo, and Lt. Tyson. Plaintiff further requested Defendants' personnel records.

The Court ruled that Plaintiff's request was overbroad as to time and scope. In addition, the Court found that the request was not narrowed to discover relevant information, but sought a voluminous amount of investigations documents that were not relevant and could result in the production of confidential and privileged information that would jeopardize the security of the prison. Nevertheless, the Court ruled that some evidence Plaintiff sought was relevant to his claims and should be produced. Thus, the Court granted the SDT for all internal investigations conducted by the CDCR into Plaintiff's staff complaint allegations against Defendants Waddle and Castellanos.

Plaintiff complains that evidence of Defendants' past misconduct is relevant to his claims to show a pattern of misconduct directed at inmates. Evidence of Defendants' past misconduct in general involving other inmates is irrelevant to whether Defendants may have retaliated against Plaintiff. Complaints alleging that Defendants had inmates assaulted by other inmates may be relevant evidence of a pattern or practice of Defendants. However, Defendant Castellanos responded to Plaintiff's interrogatories that he is aware of no other staff complaints by inmates alleging he had an inmate assaulted by other inmates other than Plaintiff's own complaint, and the Court granted the SDT for evidence concerning Plaintiff's own allegations against Defendant.

4

Nevertheless, the Court will grant Plaintiff's request for a SDT directed to Christian Pfeiffer,[1] the current acting warden of KVSP, for any records or reports of internal investigations conducted by the CDCR concerning allegations that Defendant Castellanos had, or attempted to have, an inmate assaulted by other inmates, to the extent they exist.

Defendant Waddle responded that she is aware that Plaintiff and Inmate Cleave McCloud (J55573) may have filed appeals, but she is unaware of any other appeals or staff complaints alleging she had inmates assaulted. The Court will grant Plaintiff's request for a SDT directed to the Warden of KVSP for any records or reports of internal investigations conducted by the CDCR concerning allegations that Defendant Waddle had, or attempted to have, an inmate assaulted by other inmates, to the extent they exist.

Plaintiff also alleges that Defendant Castellanos provided a privilege log showing he had been disciplined for staff misconduct, and that Defendant Waddle was his supervisor on that occasion. Plaintiff further claims that he is aware that Defendant Waddle has been found guilty by CDCR of attempting to cover up illegal staff misconduct by officers she supervised and was therefor disciplined. To the extent Defendants were disciplined for misconduct relevant to this case, such evidence would be produced by way of the SDT discussed above. Insofar as Plaintiff seeks information to show Defendants' propensity for, and pattern of, retaliating against inmates by having them assaulted, he cannot use prior instances of other bad acts to prove he was subjected to retaliation as alleged in the complaint. Fed. R. Evid. 404(a)(1).

**ORDER**

For the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff is GRANTED thirty (30) days from the date of service of this order to file a motion for extension of discovery deadline along with an offer of proof showing he has retained an officer pursuant to Fed. R. Civ. P. Rule 30;

2. The Court authorizes the issuance of a subpoena duces tecum directing Christian Pfeiffer, Warden of K.V.S.P., to produce those documents which are listed in Attachment 1 to this

---

[1] California Department of Corrections and Rehabilitation website, http://www.cdcr.ca.gov/Facilities_Locator/KVSP.html (last visited May 26, 2016).

5

Order;

3. The Court authorizes the issuance of a subpoena duces tecum directing Christian Pfeiffer, Warden of K.V.S.P., to produce those documents which are listed in Attachment 2 to this Order to the Court for *in camera* review;

4. Pursuant to Rule 45(a)(4), the parties are placed on notice that the subpoenas duces tecum will be issued after the passage of **fifteen (15) days** from the date of service of this order;

5. The Clerk's Office shall serve copies of the subpoenas with this order.

IT IS SO ORDERED.

Dated: __June 1, 2016__          __/s/ Sandra M. Snyder__
                                 UNITED STATES MAGISTRATE JUDGE

# Issued by the
# UNITED STATES DISTRICT COURT

_____ District of _____

**SUBPOENA IN A CIVIL CASE**

V.

Case Number:[1]

TO:

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

**Attachment 1**

**You are commanded to produce and permit inspection and copying of the following documents, including but not limited to documents which are retained in paper, electronically stored, preserved in microfiche, etc.**

**No. 1:** Produce any and all records, reports, and recorded interviews of internal investigations conducted by the CDCR concerning allegations that Defendant E. Castellanos and/or Defendant Constance Waddle had, or attempted to have, an inmate assaulted by other inmates.

# Issued by the
# UNITED STATES DISTRICT COURT

Eastern District of California

KEVIN D. BRYANT

V.

R. ROMERO, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:12-cv-02074 DAD DLB PC

TO: Christian Pfeiffer,
    Warden of Kern Valley State Prison
    3000 West Cecil Avenue
    Delano, CA 93216

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT #2

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

**Attachment 2**

**You are commanded to produce and permit inspection and copying of the following documents, including but not limited to documents which are retained in paper, electronically stored, preserved in microfiche, etc.**

**No. 1:** Produce any and all records, reports, and recorded interviews of investigations conducted by the CDCR concerning Plaintiff's allegations of staff misconduct of Correctional Officers Patrick Gallagher and Ramon R. Romero with respect to the June 8, 2010, assault on Plaintiff.