# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BRYANT,<br><br>              Plaintiff,<br><br>     v.<br><br><br>R. ROMERO, et al.,<br><br>              Defendants. | Case No. 1:12-cv-02074 DAD DLB PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF No. 78]<br><br>ORDER COMPELLING DEFENDANT WADDLE TO PROVIDE FURTHER RESPONSES WITHIN THIRTY DAYS |

Plaintiff Kevin D. Bryant ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 26, 2012.  On November 1, 2013, the Court dismissed the complaint.  Plaintiff was granted leave to file an amended complaint in accordance with the Federal Rules of Civil Procedure.  On December 2, 2013, Plaintiff filed a First Amended Complaint.  Plaintiff named as Defendants: Correctional Lieutenant Constance Waddle and Correctional Officer E. Castellanos.  Plaintiff claims that Defendants violated his First Amendment rights by retaliating against him.  On March 25, 2015, Defendants Castellanos and Waddle filed an answer.

On September 8, 2015, the Court issued a Discovery and Scheduling Order wherein the deadline for providing initial disclosures was set for October 19, 2015, the deadline to amend pleadings was set for January 4, 2016, the deadline for conducting discovery was set for February 1,

1

2016, and the deadline for filing dispositive motions was set for April 1, 2016.

On January 28, 2016, Plaintiff filed a motion to compel Defendant Waddle to answer Plaintiff's Interrogatories ("ROG"), Set No. 1, Request for Admissions ("RFA"), Request for Production of Documents ("RPD"), and Interrogatories, Set No. 2.

## DISCUSSION

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  *Id.* (quotation marks omitted). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  *E.g., Grabek v. Dickinson*, 2012 WL 113799, at *1 (E.D. Cal. 2012).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. *Grabek*, 2012 WL 113799, at *1.

However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigator.  Therefore, to the extent possible, the Court endeavors to resolve the motion to compel on its merits.  *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

## I.    Interrogatories, Set No. 1

Plaintiff seeks to compel further responses to his interrogatories as follows.

**ROG 2:** "State in detail the exact number of staff misconduct complaints that were filed against you by any inmates between January 1, 2008 and the present date of your response."

**Defendant's Response:**

Objection. The terms and phrases "staff misconduct complaints," "against you," and "response," are vague and ambiguous. Additionally, to the extent that Plaintiff is seeking administrative appeals filed against the Defendant, the

2

Interrogatory is harassing and unduly burdensome. Administrative appeals are not maintained according to the staff complained of in the appeal and there are no staff files for administrative grievances. Rather, administrative appeals are logged and maintained according to the inmate who submitted them. A copy of the appeals is kept in the prison's Appeals Office, and another copy is placed in the inmate's central file. Thus, to comply with this request, Defendant would be required to review each inmate's prison central file to determine if there are responsive documents. To the extent that the request seeks documents contained in Defendant's personnel file, it violates the official information privilege. Finally, the request seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, it is overbroad as to scope and time, and it calls for speculation.

Without waiving these objections, Defendant responds as follows: Defendant is unaware of the exact number of inmate appeals filed against her, and would be speculating as to a response. Defendant has denied any and all allegations of misconduct, including the allegations of misconduct alleged by Plaintiff that are the basis of this complaint.

**Plaintiff's Response:**

None of the terms used in this interrogatory are vague or ambiguous to this Defendant as she has admitted in her responses to my requests for admissions No. 23-25 that she has conducted staff misconduct investigations into staff misconduct complaints filed by inmates at KVSP, that she has substantial training and experience in conducting these investigations and has trained other custody staff in the policies and procedures thereto. Prior staff misconduct complaints filed against Waddle is relevant to the subject matter and to credibility and other issues and are clearly discoverable in § 1983 actions.

The CDCR operations manual (DOM) and the KVSP Operational Procedure (OP) regarding the "Staff Misconduct Complaint and Investigation Procedures, which are based on California State Law, Penal Code §832.5 clearly set forth the extensive and elaborate record keeping and retention procedures for "all" staff misconduct complaints filed by inmates or civilians, whether made on 602 appeals, confidential "notes" or "kites," or even made verbally by any inmates to any custody official or person considered a peace officer. Penal Code §832.5(b) requires the Department of Corrections to retain "citizen complaints," (which includes staff misconduct complaints) and related reports or findings for "at least five years." Each warden and Regional Parole Administrator (RPA) shall maintain a filing system containing copies of each citizens complaint filed by citizens other than inmates/parolees and the written responses thereto as well as inmate/parolees appeals that allege peace officer misconduct. See DOM §54100.25 through 54100.27, and the KVSP OP section regarding staff misconduct complaints and investigation procedures, from section IV, "approval" and "review" through section VIII, "allegations of excessive and/or unnecessary force," and also see title 15 of the CCR §3382 for the law on the existence of these records and reports.

Waddles response hereto is evasive and without merit and this interrogatory aims to discover the number of "staff misconduct complaints that have been filed against her since she began working at KVSP which is proper under FRCP 26(b)(1). Waddles evasive and meritless response must be supplemented immediately and substantively. Plaintiff incorporates his Preliminary Statement and General Argument by reference as through fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Bryant's arguments regarding Interrogatory No. 2 are unavailing. In addition to being overly broad in time and scope, Bryant's interrogatory about the "exact" number of staff complaints filed against Defendant Waddle is unduly burdensome and nearly impossible for Defendant Waddle to answer. Although Bryant argues that there is a record keeping system to keep appeals for five years, as explained in Defendant Waddle's discovery response, administrative appeals and staff complaints are maintained by the inmate who filed the grievance and not by the staff member. This is further supported by the declaration of Litigation Coordinator Brian Hancock. (See Decl. Hancock, Doc. # 77-1.) Further, Defendant Waddle explained in her discovery response that she is not informed about every complaint filed against her. Therefore, Defendant Waddle cannot respond to this request without looking at the central file of every inmate who was at Kern Valley State Prison from 2008 to present.

The undue burden of this request far outweighs the probative value of this request, as Bryant seeks inadmissible character evidence. Character evidence is normally not admissible in a civil rights case. Gates v. Rivera, 993 F.2d 697, 700 (9th Cir. 1993); Cohn v. Papke, 655 F.2d 191, 193 (9th Cir. 1981). Rule 404 generally prohibits the admission of evidence of a person's character for the purpose of proving that the individual acted in conformity with that character on a particular occasion. Fed. R. Evid. 404(b). ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."); Heath v. Cast, 813 F.2d 254, 259 (9th Cir. 1987.) Evidence regarding prison's staff's past conduct with respect to other inmates is inadmissible, and Bryant will not be able to argue that Defendant Waddle acted in conformity therewith. Bryant thus cannot demonstrate actual and substantial prejudice from the denial in this case. Thus, there is no basis to grant Bryant's Motion to Compel a further response.

**Ruling:** Granted in part. Defendant's objection that the terms "staff misconduct complaint," "against you," and "response" are vague and ambiguous is overruled. In addition, Defendant's argument that the interrogatory would be nearly impossible to answer because of the way files are kept at Kern Valley State Prison is overruled. Plaintiff is correct that Defendant may not avoid discovery by keeping records in a certain manner, and then claim that searching those records would be an undue burden because of the manner of storage chosen. The Court is aware of many prisoner cases in which such information has been provided.

Nevertheless, Plaintiff's request concerning all staff misconduct complaints goes beyond the scope of discovery. In addition, his request for complaints from the period of January 1, 2008, goes back over eight years. The relevant date in this case is June 8, 2010, which is the date of the alleged assault by Officers Gallagher and Romero. It was this incident that Plaintiff claims provided the motivation for Waddle to begin her alleged pattern of retaliation against him. Plaintiff is entitled to evidence which would disclose a pattern of retaliation. Therefore, Defendant Waddle's objection to this request as

4

inadmissible character evidence is overruled, and Defendant Waddle is ordered to provide a further response to the interrogatory stating the number of staff misconduct complaints filed against her from June 8, 2010, to the present, wherein inmates complained of retaliation by Waddle.

**ROG 3: "**State in detail the exact number of staff misconduct complaints filed against you by any inmates between January 1, 2008 and the date of your response for which you were investigated by the Institution Services Unit (ISU) and CDCR's Office of Internal Affairs (OIA)."

**Defendant's Response:**

Objection. The terms and phrases "staff misconduct complaint," "response," "Institutional Services Unit," and "Office of Internal Affairs" are vague and ambiguous. This request is vague as to the term "staff misconduct complaints." Assuming that the term refers to a staff complaint defined by title 15 of the California Code of Regulations, section 3084.9, subdivision (1)(i), Defendant also objects to this request as overly broad and not calculated to lead to the discovery of admissible evidence. Whether other inmates have filed a staff complaint alleging that Defendant engaged in misconduct is not relevant evidence that Defendant may have engaged in retaliatory conduct. This request is unintelligible. This request calls for speculation as investigations by ISU and OIA are confidential and not necessarily disclosed to officers who may be subject of an investigation. This request is compound and vague and ambiguous as what response Plaintiff is referring to. This request is overly broad as to time period and scope, and is therefore unduly burdensome as this would require examination of every inmate file over an unspecified period of time because inmate appeals are not categorized by staff member nor placed in a staff member's personnel files. This request assumes facts that are not in evidence. Finally, this violates defendant's privacy rights and violates the official information privilege established by the analogous federal case law.

Without waiving these objections, Defendant responds as follows: Defendant is unaware of the exact number of staff complaints filed against her, and would be speculating as to a response. Defendant has denied any and all allegations of misconduct, including the allegation of misconduct alleged by Plaintiff that are the basis of this complaint.

**Plaintiff's Argument:**

This interrogatory is not vague, ambiguous, overly broad, burdensome or compound, as it asks only one question and covers a specific time period, and Defendant is a training officer for CDCR on staff misconduct investigation policies and procedures. Plaintiff incorporates by reference his contentions re interrogatory No. 2 and his 'Preliminary Statement' and General Argument above as though fully set forth right here. See p. 22-25. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

As Defendant Waddle explained above in response to Interrogatory No. 2, staff complaints are not kept by staff member but rather than inmate. Therefore, Bryant's request, which is overly broad in time and scope, would be unduly burdensome for Defendant Waddle to answer. Further, as explained by Defendant Castellanos in response to the same interrogatory (Castellanos Opp. to MTC at 6), staff members do not have access to ISU or OIA records. Therefore Defendant Waddle cannot personally verify

whether or not any inmate complaints have been investigated or provide any pertinent information unless she was informed of any such investigation. Finally, Defendant Waddle incorporates by reference her response from Interrogatory No. 2 indicating that Bryant is seeking inadmissible character evidence, as he is seeking information that has nothing to do with his claim but instead appears to simply be a way of showing alleged prior bad acts.

**Ruling:** Granted in part for the same reasons stated in ROG 2 above.  Defendant states such records are confidential and not necessarily disclosed to the officers who are subject of an investigation. To the extent she possesses or has access to such records, Defendant Waddle is ordered to provide a further response to the interrogatory stating the number of staff misconduct complaints filed against her from June 8, 2010, to the present, for which she was investigated by the Institution Services Unit (ISU) and Office of Internal Affairs (OIA), wherein inmates had complained of retaliation by Waddle.

**ROG 4:** "Identify all inmates by full name and CDCR number who have filed 602 appeals and staff misconduct complaints against you between January 1, 2008 and the date of your response alleging you had them assaulted by staff or other inmates or [were] in any way involved in their being assaulted."

**Defendant's Response:**

Objection. The terms and phrases "staff misconduct complaints," "against you," and "response," are vague and ambiguous. Assuming that the term refers to a staff complaint defined by title 15 of the California Code of Regulations, section 3084.9, subdivision (1)(i), Defendant also objects to this request as overly broad and not calculated to lead to the discovery of admissible evidence. Whether other inmates have filed a staff complaint alleging that Defendant engaged in misconduct is not relevant evidence that Defendant may have engaged in retaliatory conduct. This request is unintelligible. This request calls for speculation as investigations by ISU and OIA are confidential and not necessarily disclosed to officers who may be subject of an investigation. This request is compound. This request is overly broad as to time period and scope, and is therefore unduly burdensome as this would require examination of every inmate file over an unspecified period of time because inmate appeals are not categorized by staff member nor placed in a staff member's personnel files. This request assumes facts that are not in evidence. This request potentially violates the privacy rights of third parties. Finally, this violates defendant's privacy rights and violates the official information privilege established by the analogous federal case law.

Without waiving these objections, Defendant responds as follows: Defendant believes that Plaintiff Bryant (D56620) and Inmate Cleave McCloud (J55573) may have filed appeals, however she is still researching this issue. Defendant is unaware of any other inmate appeals or staff complaints alleging that she had inmates assaulted.

**Plaintiff's Argument:**

This interrogatory is not vague, ambiguous, overly broad, burdensome or compound, as it asks only one question and covers a specific time period, and Defendant is a training officer for CDCR on staff misconduct investigation policies and procedures. See Exhibit X at p. 362-364, Waddle's responses to Admissions No. 23-25. Plaintiff incorporates by reference his "Contentions re Interrogatory No. 2" and his "Preliminary

Statement and General Argument" above at p. 28-29 & 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

As Defendant Waddle explained above in response to Interrogatory No. 2, staff complaints are not kept by staff member but rather by inmate. Therefore, Bryant's request, which is overly broad in time and scope, would be unduly burdensome for Defendant Waddle to answer. Defendant Waddle has provided Bryant with the names of inmates she believes filed appeals against her for this topic (although Defendant Waddles does not believe that Bryant exhausted his administrative remedies against her and is seeking to file a Motion for Summary Judgment on those grounds). Bryant's disagreement regarding the extent of Defendant Waddle's knowledge or memory is not a basis to object to her response.

Finally, Defendant Waddle incorporates by reference her response from Interrogatory No. 2 indicating that Bryant is seeking inadmissible character evidence, as he is seeking information that has nothing to do with his claim but instead appears to simply be a way of showing alleged prior bad acts.

**Ruling:** Denied. Defendant Waddle states she has provided Plaintiff with the names of inmates she believed filed appeals against her for this topic.

**ROG 5:** "Identify all ISU and OIA staff by name and employee I.D. number who have questioned or interviewed you in an investigation in regard to allegations of staff misconduct made against you between January 1, 2008 and the date of your response by any inmates."

**Defendant's Response:**

Objection. The terms and phrases "staff misconduct," "investigation," and "responses." This request seeks irrelevant information not calculated to lead to the discovery of admissible evidence. The request for "the date of your response by any inmates" is unintelligible. This request calls for speculation. This request is compound. This request is overly broad as to time period and scope. This request assumes facts that are not in evidence. Finally, this violates defendant's privacy rights and violates the official information privilege established by the analogous federal case law.

Without waiving these objections, Defendant responds as follows: Defendant does not recall this information and is not currently in possession of information that could refresh her memory.

**Plaintiff's Argument:**

This interrogatory is not vague, ambiguous, overly broad, burdensome or compound, as it asks only one question and covers a specific time period, and Defendant is a training officer for CDCR on staff misconduct investigation policies and procedures. See Exhibit X at p. 362-364, Waddle's responses to Admissions No. 23-25. Plaintiff incorporates by reference his "Contentions re Interrogatory No. 2" and his "Preliminary Statement and General Argument" above at p. 28-29 & 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

As Defendant Waddle explained in her discovery response, she does not know this information and she does not have documents to refresh her memory. While Defendant Waddle has sought documents pertaining to Bryant's case, as they are not currently in her possession, she has not yet received any such documents from OIA or ISU that pertain to Bryant that could refresh her memory.

Further, any purported investigation that does not have to do with Bryant is irrelevant to this case and is impermissible character evidence. The confidentiality of such documents protected by the official information privilege and peace officer privilege would heavily outweigh any probative value.

**Ruling:** Denied.  Defendant has provided a sufficient response stating she does not know this information or have any documents to refresh her memory.

**ROG 6:** "Describe in detail each and every act while at work at KVSP for which you were investigated, and received disciplinary action against you by CDCR between January 1, 2008 and the date of your response."

**Defendant's Response:**

Objection. The terms and phrases "investigated" and "disciplinary action," are vague and ambiguous. This request seeks irrelevant information not calculated to lead to the discovery of admissible evidence. This request is unintelligible. This request calls for speculation. This request is compound, and is vague and ambiguous as to what response Plaintiff is referring to. This request is overly broad as to time period and scope. This request assumes facts that are not in evidence. This request potentially violates the privacy rights of third parties. Finally, this violates defendant's privacy rights and violates the official information privilege established by the analogous federal case law.

Without waiving these objections, Defendant responds as follows: Defendant objects to the production of such information as privileged official information.

**Plaintiff's Argument:**

This interrogatory is not vague, ambiguous, overly broad, burdensome or compound, as it asks only one question and covers a specific time period, Defendants responsive is evasive, non-responsive and is made in bad faith in her attempt to cover-up that she has been investigated, found guilty and disciplined for attempting to cover-up illegal conduct committed by her staff and was going to allow an inmate get convicted of a crime she knew he did not commit and possibly receive a life sentence under the three strikes law. See Exhibit "S" at p. 336. Plaintiff incorporates by reference his "Contentions re interrogatory No. 2," and his "Preliminary Statement and General Argument" above at P. 28-29 & 22025 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Defendant Waddle properly objected to this request on the grounds that it was overbroad and not reasonably calculated to lead to discovery of admissible evidence. Whether the hiring authority investigated and subsequently disciplined Defendant

8

Waddle for allegedly failing to competently fulfill her duties as a correctional officer for conduct unrelated to the allegations in Bryant's Amended Complaint is not relevant to evidence that Defendant Waddle may have engaged in retaliatory conduct against Bryant.

Moreover, providing inmates with information regarding confidential disciplinary history would threaten both governmental and privacy interests by: 1) having a negative impact on departmental disciplinary procedures; 2) having a chilling effect on departmental officers and employees to provide personal information about themselves and their families; 3) having a chilling effect on employees' willingness to share potentially important information regarding job performance, health and safety concerns, and security concerns; 4) having a negative impact on internal investigations and assessments of officers and employees; 5) having a negative impact of taking of corrective actions, and 6) being an invasion of the employees' privacy and of their families' privacy and possibly others. This is supported by the declaration of Litigation Coordinator Brian Hancock. (See Decl. Hancock, Doc. # 77-1.)

Further, Bryant is a convicted felon litigating this matter in pro per. Even with a protective order, there is nothing to stop him from disseminating this information to other inmates and to persons outside the prison. This is improperly harassing and violates the privacy rights of defendants.

Finally, Defendant Waddle incorporates by reference her response from Interrogatory No. 2 indicating that Bryant is seeking inadmissible character evidence.

**Ruling:** Granted in part for the same reasons stated in ROG 2 above.  Defendant is ordered to describe each act of retaliation against an inmate while at work at KVSP for which she were investigated, and received disciplinary action against her by CDCR between June 8, 2010, to the present.

**ROG 7:** "Describe in detail the disciplinary actions against you that you received for each and every act you describe in your response to Interrogatory No. 6 above."

**Defendant's Response:**

Objection. The terms and phrase "disciplinary action," is vague and ambiguous. This request seeks irrelevant information not calculated to lead to the discovery of admissible evidence. This request is overly broad as to time period and scope. This request assumes facts that are not in evidence. Finally, this violates defendant's privacy rights and violates the official information privilege established by the analogous federal case law.

Without waiving those objections, defendant responds as follows: No discipline has been sustained against Defendant by CDCR.

**Plaintiff's Argument:**

This interrogatory and the term disciplinary action is not at all vague or ambiguous to Waddle, and in her response she has knowingly lied under oath. And this Court should impose sanctions under its inherent power to control its docket for this bad faith by Defendant Waddle and also her counsel if they know it was false and instructed her to lie under oath because they did not know I had documentary proof she was disciplined or that I would ever be able to obtain any with their deliberate obstruction of discovery relevant to this case's subject matter. Plaintiff incorporates by reference his "Contentions re Interrogatory No. 2 & 6," and his "Preliminary Statement and General

Argument" above at p. 28, 34 & 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Notwithstanding the objections to this interrogatory, Defendant Waddle answered Bryant's question and verified her response. Although Bryant claims that Defendant Waddle is not responding in good faith and that he has "documentary proof" that she is lying, he fails to provide any specific explanation or evidentiary support to his allegation that Defendant Waddle is not being truthful.

Further, simply because Plaintiff believes Defendant Waddle is not being honest is not grounds for a motion to compel.

**Ruling:** Denied.  Defendant has answered the interrogatory.

**ROG 8:** "State all the dates on which you were interviewed and questioned in any investigations regarding all the allegations Plaintiff made against you in all the 602 appeals, staff misconduct complaints, and ISU or OIA recorded interviews he filed and made against you, including the name(s) and employee I.D. numbers of each interviewer or investigator."

**Defendant's Response:**

Objection. The terms and phrases "questioned," investigations," "interviewer," and "investigator" are vague and ambiguous. This request seeks irrelevant information not calculated to lead to the discovery of admissible evidence. This request calls for speculation. This request is compound. This request is overly broad as to time period and scope. This request assumes facts that are not in evidence. Finally, this violates defendant's privacy rights and violates the official information privilege established by the analogous federal case law.

Without waiving those objections, defendant responds as follows: Defendant does not recall this information and is not currently in possession of any documents that could refresh her recollection regarding this information.

**Plaintiff's Argument:**

This interrogatory is not vague, ambiguous, compound or overly broad, and Defendant Waddle is a training officer for CDCR on staff misconduct investigation policies and procedures. See Exhibit X at p. 362- 364, Waddle's responses to Admissions No. 23-25. Plaintiff incorporates by reference his "Contentions re Interrogatory No. 2," and his "Preliminary Statement and General Argument" above at p. 28 & 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

As Defendant Waddle explained in her discovery response, she does not know this information and she does not have documents to refresh her memory. While Defendant Waddle has sought documents pertaining to Bryant's case, as they are not currently in her possession, she has not yet received any such documents from OIA or ISU that pertain to Bryant that could refresh her memory.

Further, Defendant Waddle does not believe that Bryant ever filed a 602

10

regarding his claims against her and/or exhausted his administrative remedies and therefore there would be no interview. Defendant Waddle intends to file a Motion for Summary Judgment on the exhaustion issue.

**Ruling:** Denied.  Defendant has sufficiently answered the interrogatory.

**ROG 9:** "Describe in detail all the questions that were asked and the answers you gave in response thereto in each and every interview you describe in response to Interrogatory No. 8 above including the name(s) of the interviewer(s) / investigators who asked each questions and their employee I.D. number."

**Defendant's Response:**

Objection. The terms and phrases "questions," "answers" "interview," "interviewer," and "investigator" are vague and ambiguous. This request seeks irrelevant information not calculated to lead to the discovery of admissible evidence. This request calls for speculation. This request is compound. This request is overly broad as to time period and scope. This request assumes facts that are not in evidence. Finally, this violates defendant's privacy rights and violates the official information privilege established by the analogous federal case law.

Defendant does not recall this information and is not currently in possession of any documents capable of refreshing her recollection of this information.

**Plaintiff's Argument:**

This interrogatory is not in any vague or ambiguous to this Defendant and is highly relevant to the subject matter of this case. Defendant is a training officer for CDCR on staff misconduct investigation policies and procedure and knows all these terms. See Exhibit X at p. 362-364, Waddle's response to Admissions No. 23-25. Plaintiff incorporates by reference his "contentions re Interrogatory No. 2," and his "Preliminary Statement and General Argument" above at p. 28 & 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

As Defendant Waddle explained in her discovery response, she does not know this information and she does not have documents to refresh her memory. While Defendant Waddle has sought documents pertaining to Bryant's case, as they are not currently in her possession, she has not yet received any such documents from OIA or ISU that pertain to Bryant that could refresh her memory.

Further, Defendant Waddle does not believe that Bryant ever filed a 602 regarding his claims against her and/or exhausted his administrative remedies and therefore there would be no interview. Defendant Waddle intends to file a Motion for Summary Judgment on the exhaustion issue.

**Ruling:**  Denied.  Defendant has sufficiently answered the interrogatory.

**ROG 10:** "Describe in detail the location of all the records and recorded interviews regarding all the investigations that were conducted by ISU and OIA staff regarding all the allegations Plaintiff made

against you in his 602 appeals, staff misconduct complaints and interviews recorded by ISU and OIA.

Please state the full name, title, and employee I.D. number of the custodian(s) of all those records."

**Defendant's Response:**

Objection. The terms and phrases "location," "records" "recorded interviews," and "staff misconduct," are vague and ambiguous. This request seeks irrelevant information not calculated to lead to the discovery of admissible evidence. This request calls for speculation. This request is compound. This request is overly broad as to time period and scope. This request assumes facts that are not in evidence. Finally, this violates defendant's privacy rights and violates the official information privilege established by the analogous federal case law.

Without waiving these objections, Defendant responds as follows: Defendant is not currently in possession of this information. Defendant is not in possession, control, or custody of any of the requested documents/information and would be guessing as to their whereabouts.

**Plaintiff's Argument:**

This interrogatory is not in any way vague or ambiguous to this Defendant as to those terms, and it is highly relevant to the subject matter of this case. Defendant Waddle is a training officer for CDCR on staff misconduct investigation policies and procedure and knows all these terms. See Exhibit X at p. 362-364, Waddle's responses to Admissions No. 23-25. Plaintiff incorporates by reference his "Contentions re Interrogatory No. 2," and his "Preliminary Statement and general Argument" above at p. 28 & 22- 25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

First, Defendant has reason to believe that Bryant did not file a 602 Appeal against Defendant Waddle regarding this incident, and she intends to move for summary judgment on the grounds that Bryant failed to exhaust his administrative remedies. Therefore, there would be no such investigations based on a 602 Appeal.

Further, as explained above, Defendant Waddle does not have access to ISU or OIA records. Therefore, she cannot personally verify whether or not any Bryant's complaints have been investigated or where such recordings are located. This would call for speculation.

Further, Bryant has already subpoenaed these records from CDCR and has filed a separate motion regarding this subpoena.

**Ruling:** Denied.  Defendant has sufficiently answered the interrogatory stating she does not have such records or access to them.

**ROG 11:** "Describe in detail the location of all the records and recorded interviews regarding all the investigations that were conducted by ISU, OIA, or any CDCR official regarding all 602 appeals and staff misconduct complaints filed by all KVSP inmates in which they made allegations that you were in

any way involved in or responsible for, their being assaulted by staff or other inmates between January 1,

2008 and the date of your response. Please state the full name, title and employee I.D. number of the

custodian of all those records."

**Defendant's Response:**

Objection. The terms and phrases "location," "records" "recorded interviews," and "staff misconduct," are vague and ambiguous. This request seeks irrelevant information not calculated to lead to the discovery of admissible evidence. This request calls for speculation. This request is compound. This request is overly broad as to time period and scope. This request assumes facts that are not in evidence. Finally, this violates defendant's privacy rights and violates the official information privilege established by the analogous federal case law.

Without waiving these objections, Defendant responds as follows: Defendant is not currently in possession of this information. Defendant is not in possession, control, or custody of any of the requested documents/information and would be guessing as to their whereabouts.

**Plaintiff's Argument:**

This interrogatory is not vague, ambiguous, compound or overly broad as to time period or scope, and it is highly relevant to the subject matter of this case. Defendant Waddle is a training officer for CDCR on staff misconduct investigation policies and procedure and knows all these terms. See Exhibit X at p. 362-364, Waddle's responses to Admissions No. 23-25. Plaintiff incorporates by reference his "Contentions re Interrogatory No. 2," and his "Preliminary Statement and General Argument" above at P. 28 & 22- 25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

As explained above, Defendant Waddle does not have access to ISU or OIA records. Therefore, she cannot personally verify whether or not any inmate's complaints have been investigated or where such recordings are located. This would call for speculation. (See Decl. Hancock, Doc. # 77-1.) Further, Bryant has already subpoenaed these records from CDCR and has filed a separate motion regarding this subpoena.

**Ruling:** Denied. Defendant has sufficiently answered the interrogatory stating she does not have

such records or access to them.

**ROG 12:** "Identify by full name and employee number all of the KVSP sergeants and

correctional officers whom you supervise who have been investigated by ISU, OIA or any prison official

for allegations of staff misconduct between January 1, 2008 and the date of your response."

**Defendant's Response:**

Objection. The terms and phrases "employee number," "supervise" "investigated," and "staff misconduct," are vague and ambiguous. This request seeks irrelevant information not calculated to lead to the discovery of admissible evidence. This

request calls for speculation. This request is compound and vague and ambiguous as what response Plaintiff is referring to. This request is overly broad as to time period and scope. This request assumes facts that are not in evidence. This request violates the privacy rights of third parties. Finally, this violates the official information privilege established by the analogous federal case law.

Without waiving these objections, Defendant responds as follows: Defendant is not aware of such information as ISU and OIA investigations are confidential.

**Plaintiff's Argument:**

This interrogatory is not vague, ambiguous, compound or overly broad as to time period or scope, and it is highly relevant to the subject matter of this case. Defendant Waddle is a training officer for CDCR on staff misconduct investigation policies and procedure and knows all these terms. See Exhibit X at p. 362-364, Waddle's responses to Admissions No. 23-25. Plaintiff incorporates by reference his "Contentions re Interrogatory No. 2," and his "Preliminary Statement and General Argument" above at p. 28 & 22- 25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Bryant's discovery request is impermissibly overbroad in time and scope, as it seeks information that has potentially nothing to do with this case. Although Bryant claims that this information about whether other officers were investigated for alleged misconduct is relevant, he provides no explanation of relevancy to this case and specifically his retaliation claim against Defendant Waddle. For example, an officer who at one point in time was supervised by Defendant Waddle in the past eight years could have been investigated for something that occurred when Defendant Waddle was not supervising him/her or for something that had nothing to do with Defendant Waddle.

Further, the request seeks confidential information which Defendant Waddle does not have access to as she does not have access to OIA and ISU investigations, particularly for other staff members. Simply because Defendant Waddle may supervise employees does not mean that she has knowledge of all investigations and/or discipline against them, and this violates third party rights as well as the peace officer privilege. Particularly because Bryant cannot show that this information is relevant to his claims, the Court should protect the privacy interests of third parties and deny Bryant's motion to compel this response.

**Ruling:** Denied. The interrogatory seeks information which is irrelevant to Plaintiff's claim of retaliation by Waddle.

**ROG 13:** "Identify by full name and employee I.D. number all KVSP sergeants and correctional officers whom you supervised who have received disciplinary action against them as a result of staff misconduct between January 1, 2008 and the date of your response."

**Defendant's Response:**

Objection. The terms and phrases "employee I.D. number," "supervise" "disciplined," and "staff misconduct," are vague and ambiguous. This request seeks irrelevant information not calculated to lead to the discovery of admissible evidence. Whether other inmates have filed a staff complaint alleging that Defendant engaged in

14

misconduct is not relevant evidence that Defendant may have engaged in retaliatory conduct. This request calls for speculation as investigations by ISU and OIA are confidential and not necessarily disclosed to officers who may be subject of an investigation or to their supervisors. This request is compound and vague and ambiguous as what response Plaintiff is referring to. This request is overly broad as to time period and scope. This request assumes facts that are not in evidence. This request violates the privacy rights of third parties.  Finally, this violates the official information privilege established by the analogous federal case law.

Without waiving these objections, Defendant responds as follows: Defendant is not aware of such information as ISU and OIA investigations are confidential, as well as any potential discipline.

**Plaintiff's Argument:**

This interrogatory and the terms and phrases therein are not at all vague or ambiguous to Waddle, and, in her response she has knowingly and deliberately lied under oath. And this Court should impose sanctions under its inherent power to control its docket for this bad faith by Defendant Waddle and also her counsel if they know it was false and instructed her to lie under oath, because they did not know I had documentary proof she and her sergeant, Sgt. Sica were investigated, found guilty and disciplined for their attempt to cover-up deliberate illegal conduct by themselves and the staff they supervised, nor did they ever think I would be able to obtain any with their deliberate obstruction of discovery. This is all relevant to the subject matter of this case. Plaintiff incorporates by reference his "Contention re Interrogatory No. 2, and 6-7," and his "Preliminary Statement and General Argument" above at p. 28, 34-36 & 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

As noted above, Bryant's discovery request is impermissibly overbroad in time and scope, as it seeks information that has potentially nothing to do with this case. Although Bryant claims that this information about whether other officers were disciplined is relevant, he provides no explanation how relevancy to this case and specifically his retaliation claim against Defendant Waddle. For example, an officer who at one point in time was supervised by Defendant Waddle in the past eight years could have been disciplined for something that occurred when Defendant Waddle was not supervising him/her or for something that had nothing to do with Defendant Waddle.

Further, the request seeks confidential information which Defendant Waddle does not have access to as she does not have access to OIA and ISU investigations, and would therefore not know if an officer was disciplined. Simply because Defendant Waddle may supervise employees does not mean that she has knowledge of all investigations and/or discipline against them, and this violates third party rights. Particularly because Bryant cannot show that this information is relevant to his claims, the Court should protect the privacy interests of third parties and deny Bryant's motion to compel this response.

Finally, while Bryant believes that he has evidence that Defendant Waddle and another Sergeant were disciplined for allegedly covering up the wrong-doing of other officers, Defendant Waddle has already indicated that no discipline has been sustained against her and Bryant has not provided evidence to refute this.

**Ruling:** Denied. The interrogatory seeks information which is irrelevant to Plaintiff's claim of retaliation by Waddle.

**ROG 14:** "Describe in detail each and every set of staff misconduct those sergeants and correctional officers you name in your response to Interrogatory No. 13 above were accused in the allegations made against them."

**Defendant's Response:**

Objection. The term and phrase "staff misconduct," is vague and ambiguous. This request seeks irrelevant information not calculated to lead to the discovery of admissible evidence. This request calls for speculation as investigations by ISU and OIA are confidential and not necessarily disclosed to officers who may be subject of an investigation or to their supervisors. This request is overly broad as to time period and scope. This request assumes facts that are not in evidence. This request violates the privacy rights of third parties. Finally, this violates the official information privilege established by the analogous federal case law.

Without waiving these objections, Defendant responds as follows: Defendant is not aware of such information as ISU and OIA investigations are confidential.

**Plaintiff's Argument:**

This interrogatory and the terms and phrases therein are not at all vague or ambiguous to Waddle, and, in her response she has knowingly and deliberately lied under oath. And this Court should impose sanctions under its inherent power to control its docket for this bad faith by Defendant Waddle and also her counsel if they know it was false and instructed her to lie under oath, because they did not know I had documentary proof she and her sergeant, Sgt. Sica were investigated, found guilty and disciplined for their attempt to cover-up deliberately illegal conduct by themselves and the staff they supervised, nor did they ever think I would be able to obtain any with their deliberate obstruction of discovery. This is all relevant to the subject matter of this case. Plaintiff incorporates by reference his "Contentions re Interrogatory No. 2, and 6-7," and his "Preliminary Statement and General Argument" above at p. 28, 34-35 & 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

As noted above, Bryant's discovery request is impermissibly overbroad in time and scope, as it seeks information that has potentially nothing to do with this case. Although Bryant claims that this information about whether other officers were disciplined is relevant, he provides no explanation how relevancy to this case and specifically his retaliation claim against Defendant Waddle. For example, an officer who at one point in time was supervised by Defendant Waddle in the past eight years could have been disciplined for something that occurred when Defendant Waddle was not supervising him/her or for something that had nothing to do with Defendant Waddle.

Further, the request seeks confidential information which Defendant Waddle does not have access to as she does not have access to OIA and ISU investigations, and would therefore not know if an officer was disciplined. Simply because Defendant Waddle may supervise employees does not mean that she has knowledge of all investigations and/or discipline against them, and this violates third party rights. Particularly because Bryant cannot show that this information is relevant to his claims, the Court should protect the privacy interests of third parties and deny Bryant's motion to compel this response. (See Decl. Hancock, Doc. # 77-1.)

Finally, while Bryant believes that he has evidence that Defendant Waddle and another Sergeant were disciplined for allegedly covering up the wrong-doing of other officers, Defendant Waddle has already indicated that no discipline has been sustained against her and Bryant has not provided evidence to refute this.

**Ruling:** Denied. The interrogatory seeks information which is irrelevant to Plaintiff's claim of retaliation by Waddle.

## II.      Request for Admissions

The Court next turns to Plaintiff's request to compel Defendant Waddle to respond to his Request for Admissions ("RFA").

**RFA 1:** "Admit that between January 1, 2010 and present the date of your response that you have been investigated by the Kern Valley State Prison (KVSP) Institution Services Unit (ISU) staff regarding allegations and complaints that you were involved in having inmates assaulted and physically harmed by staff and by other inmates."

**Defendant's Response:**

Objection. This request is vague and ambiguous as to the terms "investigated," and "complaints." This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. Further, this request calls for speculation as investigations by ISU are confidential and are not disclosed unless referred for an adverse action. This request also assumes facts not in evidence.

Without waiving these objections, Defendant responds as follows: Defendant can neither admit nor deny whether she has been investigated by ISU staff. Investigations by ISU are confidential and are not disclosed unless referred for an adverse action.

**Plaintiff's Argument:**

This request is not vague, ambiguous, overly broad or irrelevant to the subject matter. Defendant's response is evasive, non-responsive and is made in bad faith in her attempt to cover-up that she has been investigated, found guilty and disciplined for her attempting to cover-up illegal conduct committed by her staff she supervised and she was going to allow an innocent inmate get convicted of a crime she knew he did not commit and possibly receive a life sentence under the three strikes law. See Exhibit "S" at p. 336. Plaintiff incorporates by reference his "Preliminary Statement and General Argument" above at p. 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

ISU investigations are confidential. Without waiving this privilege, Defendant Waddle has requested ISU investigations that pertain to Bryant to determine if she has been investigated by ISU, she has not yet received any documents to refresh her recollection. Further, any purported investigation that does not have to do with Bryant is irrelevant to this case and is impermissible character evidence. The confidentiality of such documents protected by the official information privilege and peace officer privilege

would heavily outweigh any probative value.

**Ruling:** Denied. Defendant has responded that she is unaware of any such investigations.

**RFA 2: "**Admit that between January 1, 2008 and the present date of your response that you have been investigated by CDCR's Office of Internal Affairs (OIA) staff regarding allegations or complaints that you were involved in having inmates assaulted and physically harmed by staff and by other inmates."

**Defendant's Response:**

Objection. This request is vague and ambiguous as to the terms "investigated," "allegations," and "complaints." This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. Further, this request calls for speculation as investigations by OIA are confidential and are not disclosed unless referred for an adverse action. This request also assumes facts not in evidence.

Without waiving these objections, Defendant can neither admit nor deny whether she has been investigated by ISU staff. Investigations by OIA are confidential and are not disclosed unless referred for an adverse action.

**Plaintiff's Argument:**

This request is not vague, ambiguous, overly broad or irrelevant to the subject matter of the case. Defendant Waddle is a training officer for CDCR on staff misconduct investigation policies and procedure and knows all these terms. See Exhibit X at p. 362-364, Waddle's responses to Admissions No. 23-25. Plaintiff incorporates by reference his "Contentions re Admission No. 1," and his "Preliminary Statement and General Argument" above at p. 46 & 22-25 as though fully set forth right here. A substantive response is necessary.

**Defendant's Argument in Response:**

OIA investigations are confidential. Without waiving this privilege, Defendant Waddle has requested OIA investigations that pertain to Bryant to determine if she has been investigated by OIA, she has not yet received any documents to refresh her recollection.

Further, any purported investigation that does not have to do with Bryant is irrelevant to this case and is impermissible character evidence. The confidentiality of such documents protected by the official information privilege and peace officer privilege would heavily outweigh any probative value.

**Ruling:** Denied. Defendant has responded that she is unaware of any such investigations.

**RFA 3:** "Admit that between January 1, 2008 and the present date of your response that you have been investigated by ISU staff at KVSP regarding allegations or complaints that you were involved in covering up misconduct by other correctional staff and yourself."

18

1

**Defendant's Response:**

2
      Objection. This request is vague and ambiguous as to the terms "investigated," "allegations," and "complaints." This request is vague and ambiguous as to what alleged

3
cover-up and misconduct plaintiff is referring to. This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to

4
whether Defendant may have engaged in retaliatory conduct against Plaintiff.

5
      Further, this request calls for speculation as investigations by ISU are confidential and are not disclosed unless referred for an adverse action. This request also assumes

6
facts not in evidence.

7
      Without waiving these objections, Defendant can neither admit nor deny whether she has been investigated by ISU staff. Investigations by ISU are confidential and are not

8
disclosed unless referred for an adverse action.

9

**Plaintiff's Argument:**

10
      This response is knowingly false and evasive and made in bad faith in an attempt to conceal Waddle's prior bad acts of this same exact nature. Plaintiff incorporates by

11
reference his "Contentions re Admission No. 1 & 2," and his "Preliminary Statement and General Argument" above at p. 46-47 & 22-25 as though fully set forth right here. A

12
substantive supplemental response is necessary.

13

**Defendant's Argument in Response:**

14
      ISU investigations are confidential. Without waiving this privilege, Defendant Waddle has requested ISU investigations that pertain to Bryant to determine if she has

15
been investigated by ISU, she has not yet received any documents to refresh her recollection.

16

17
      Further, any purported investigation that does not have to do with Bryant is irrelevant to this case and is impermissible character evidence. The confidentiality of

18
such documents protected by the official information privilege and peace officer privilege would heavily outweigh any probative value.

19

**Ruling:** Denied. Defendant has responded that she is unaware of any such investigations.

20

**RFA 4:** "Admit that between January 1, 2008 and the present date of your response that you have

21
been investigated by CDCR's OIA staff regarding allegations or complaints that you were involved in

22
covering up misconduct by other correctional staff and yourself."

23

**Defendant's Response:**

24
      Objection. This request is vague and ambiguous as to the terms "investigated," "allegations," and "complaints." This request is vague and ambiguous as to what alleged

25
cover-up and misconduct plaintiff is referring to. This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to

26
whether Defendant may have engaged in retaliatory conduct against Plaintiff. Further, this request calls for speculation as investigations by OIA are confidential and are not

27
disclosed unless referred for an adverse action. This request also assumes facts not in evidence.

28
      Without waiving these objections, Defendant can neither admit nor deny whether

she has been investigated by OIA staff. Investigations by OIA are confidential and are not disclosed unless referred for an adverse action.

**Plaintiff's Argument:**

This response is knowingly false and evasive and made in bad faith in an attempt to conceal Waddle's prior bad acts of this same exact nature. Plaintiff incorporates by reference his "Contentions re Admission No. 1 & 2," and his "Preliminary Statement and General Argument" above at p. 46-47 & 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

OIA investigations are confidential. Without waiving this privilege, Defendant Waddle has requested ISU investigations that pertain to Bryant to determine if she has been investigated by ISU, she has not yet received any documents to refresh her recollection.

Further, any purported investigation that does not have to do with Bryant is irrelevant to this case and is impermissible character evidence. The confidentiality of such documents protected by the official information privilege and peace officer privilege would heavily outweigh any probative value.

**Ruling:** Denied. Defendant has responded that she is unaware of any such investigations.

**RFA 5:** "Admit that you were found guilty of being involved in the cover up of misconduct by other correctional staff."

**Defendant's Response:**

Objection. This request is vague and ambiguous as to the term "guilty." This request is vague and ambiguous as to what alleged cover-up and misconduct plaintiff is referring to. This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. This request also assumes facts not in evidence.

Without waiving these objections, Defendant responds as follows: Deny.

**Plaintiff's Argument:**

This response is knowingly false and evasive and made in bad faith in an attempt to conceal Waddle's prior bad acts of this same exact nature. Plaintiff incorporates by reference his "Contentions re Admission No. 1 & 2," and his "Preliminary Statement and General Argument" above at p. 46-47 & 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Defendant Waddle directly responded to Bryant's Request for Admission. While he argues that her answer was evasive, he provides no explanation to support his contention. Additionally, Bryant contends that Defendant Waddle's response was knowingly false and made in bad faith. Again, Bryant has no support for this contention.

Further, Bryant admits that he is seeking this evidence to show prior bad acts.

20

This is impermissible character evidence, and Defendant Waddle incorporates by reference her response from Request For Admission No. 3, indicating that Bryant is not entitled to such evidence.

Finally, even if Bryant believed that Defendant Waddle was lying, this would not be grounds for a Motion to Compel. There is no response to compel because Defendant Waddle responded to Plaintiff's request.

**Ruling:** Denied. Defendant has answered the request.

**RFA 6:** "Admit that you were disciplined for being involved in the cover-up of misconduct by other correctional staff."

**Defendant's Response:**

Objection. This request is vague and ambiguous as to the term "disciplined." This request is vague and ambiguous as to what alleged coverup and misconduct plaintiff is referring to. This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. This request also assumes facts not in evidence.

Without waiving these objections, Defendant responds as follows: Deny.

**Plaintiff's Argument:**

This response is knowingly false and evasive and made in bad faith in an attempt to conceal Waddle's prior bad acts of this same exact nature. Plaintiff incorporates by reference his "Contentions re Admission No. 1 & 2," and his "Preliminary Statement and General Argument" above at p. 46-47 & 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Defendant Waddle directly responded to Bryant's Request for Admission. While he argues that her answer was evasive, he provides no explanation to support his contention. Additionally, Bryant contends that Defendant Waddle's response was knowingly false and made in bad faith. Again, Bryant has no support for this contention.

Further, Bryant admits that he is seeking this evidence to show prior bad acts. This is impermissible character evidence, and Defendant Waddle incorporates by reference her response from Request For Admission No. 3, indicating that Bryant is not entitled to such evidence.

Finally, even if Bryant believed that Defendant Waddle was lying, this would not be grounds for a Motion to Compel. There is no response to compel because Defendant Waddle responded to Plaintiff's request.

**Ruling:** Denied. Defendant has answered the request.

**RFA 7:** "Admit that in August 2011 inmate Cleave McCloud, CDCR No. J- 55573 filed a CDCR 602 appeal against you alleging that you asked him to assault other inmates for you and paid him to do it, and he assaulted them."

**Defendant's Response:**

Objection. This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. This request also assumes facts not in evidence and is compound.

Without waiving these objections, Defendant responds as follows: Defendant lacks sufficient information to admit or deny this request, and on that basis, denies it.

**Plaintiff's Argument:**

This response is knowingly false and evasive and made in bad faith in an attempt to conceal that she was accused by McCloud of paying him to assault other inmates for her. This is relevant to the subject matter of this case and definitely calculated to lead to the discovery of admissible evidence and other prior bad acts. Plaintiff incorporates by reference his "Preliminary Statement and General Argument" above at p. 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Bryant's response seeks information unavailable to Defendant Waddle as she does not have Inmate Cleave McCloud's central file. Requiring Defendant Waddle to respond to this request would require an undue burden of searching through inmate McCloud's central file, which would also be a violation of the privacy rights of a third party.

Further, Bryant admits that he is seeking this evidence to show prior bad acts. This is impermissible character evidence, and Defendant Waddle incorporates by reference her response from Request For Admission No. 3, indicating that Bryant is not entitled to such evidence.

**Ruling:** Denied. Defendant has answered the request.

**RFA 8:** "Admit that inmate Louis Flores CDCR No. D-56628 filed a complaint alleging that you had inmate McCloud, CDCR No. J-55573 and another inmate assault him for you."

**Defendant's Response:**

Objection. This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. This request also assumes facts not in evidence and is compound.

Without waiving these objections, Defendant responds as follows: Defendant lacks sufficient information to admit or deny this request, and on that basis, denies it.

**Plaintiff's Argument:**

This request is not overly broad and it seeks information that is relevant to the subject matter of this case. It is not compound as it only asks one question. Plaintiff incorporates by reference his "Preliminary Statement and General Argument" above at p. 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Bryant's response seeks information unavailable to Defendant Waddle as she does not have Inmate Louis Flores' central file. Requiring Defendant Waddle to respond to this request would require an undue burden of searching through inmate Flores' central file, particularly because Bryant does not identify the time period in which Inmate Flores allegedly filed such an appeal. This request would also be a violation of the privacy rights of a third party.

Further, this is irrelevant to Bryant's claims for retaliation. This is impermissible character evidence, and Defendant Waddle incorporates by reference her response from Request For Admission No. 3, indicating that Bryant is not entitled to such evidence.

**Ruling:** Denied. Defendant has answered the request.

**RFA 9:** "Admit that inmate Leonard Scott, CDCR No. P-66018 filed a complaint alleging that other correctional staff had inmate McCloud CDCR No. J-55573 assault him for them and those staff alleged by him were under your supervision."

**Defendant's Response:**

Objection. This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. This request also assumes facts not in evidence and is compound. Finally, this request calls for speculation.

Without waiving these objections, Defendant responds as follows: Defendant lacks sufficient information to admit or deny this request, and on that basis, denies it.

**Plaintiff's Argument:**

This request is not overly broad and it seeks information that is relevant to the subject matter of this case. It is not compound as it only asks one question. Plaintiff incorporates by reference his "Preliminary Statement and General Argument" above at p. 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Bryant's response seeks information unavailable to Defendant Waddle as she does not have Inmate Leonard Scott's central file. Requiring Defendant Waddle to respond to this request would require an undue burden of searching through inmate Scott's central file, particularly because Bryant does not identify the time period in which Inmate Scott allegedly filed such an appeal. This request would also be a violation of the privacy rights of a third party.

Further, this is irrelevant to Bryant's claims for retaliation. This is impermissible character evidence, and Defendant Waddle incorporates by reference her response from Request For Admission No. 3, indicating that Bryant is not entitled to such evidence.

**Ruling:** Denied. Defendant has answered the request.

**RFA 10:** "Admit that you were the lieutenant and supervisor of all the sergeants and correctional

officers on facility's "C" & "D" while you were working on those facilities."

**Defendant's Response:**

Objection. This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. This request is vague and ambiguous as to time and what institution Plaintiff is referring to.

Without waiving these objections, Defendant responds as follows: Admit that Defendant was a lieutenant who supervised sergeants and officers.

**Plaintiff's Argument:**

Defendant did not specifically admit that she was the supervisor of the sergeants and correctional officers (all) while she was working on Facility "C" and "D" and her response is incomplete. Plaintiff incorporates by reference his "Preliminary Statement and General Argument" above at p. 22- 25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Defendant Waddle's response was sufficient because she answered to the best of her abilities despite Bryant's vague and ambiguous Request. Bryant did not clarify which institution or time period he was referring to. Further, it is unclear if Bryant meant whether Defendant Waddle was the supervisor to the officers during her shift or all shifts. Had Bryant provided clarification about which specific officers he was addressing, then Defendant Waddle would have been able to more completely respond to such a request.

**Ruling:** Denied.  Defendant has answered the request.

**RFA 11:** "Admit that from January 1, 2005 to the present date of your response that sergeants and correctional officers working under your supervision on facility "C" & "D" have had numerous staff misconduct complaints and 602 Appeals filed against them alleging they illegally assaulted or physically abused inmates or had other inmates assault inmates for them."

**Defendant's Response:**

Objection. This request is vague and ambiguous as to the terms "staff misconduct complaints" and "supervision." This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. This request also assumes facts not in evidence and is compound. Finally, this request calls for speculation.

Without waiving these objections, Defendant responds as follows: Defendant can neither admit nor deny whether other staff members have been investigated by OIA staff. Investigations by OIA are confidential and would not be disclosed to other staff members.

**Plaintiff's Argument:**

This request is not vague, ambiguous, overly broad, compound or irrelevant to the

24

subject matter of this case. Defendant Waddle is a training officer for CDCR on staff misconduct investigation policies and procedure and knows these terms, and it asks only one question. See Exhibit X at p. 362-264, Waddle's responses to Admissions No. 23-25. Plaintiff incorporates by reference his "Contentions re Admission No. 5," and his "Preliminary Statement and General Argument" above at p. 48 & 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Bryant's request seeks information simply not available to Defendant Waddle. As Defendant Waddle explained in her response, OIA investigations are confidential and would not be disclosed to other staff members. Requiring Defendant Waddle to obtain this information would violate third party privacy as well as peace officer privileges. Therefore, Defendant Waddle does not know whether other staff members, even individuals she supervised, were investigated. Bryant does not respond to this in his Motion to Compel.

Further, to the extent that Bryant is also inquiring about 602 appeals, Defendant Waddle has also explained that these are not kept by staff members, but are rather categorized by inmates. Therefore, she would not be able to answer this request without going through the central files of all inmates to determine the number of complaints filed against her staff over the course of over ten years.

**Ruling:**  Denied.  Plaintiff has not shown that Defendant has failed to answer the request to the best of her ability.

**RFA 12:** "Admit that from January 1, 2005 to the present date of your response that ISU staff at KVSP and CDCR's OIA staff have repeatedly investigated the sergeants and correctional officers you supervised on facility "C" & "D" for allegations and complaints of illegally assaulting inmates and having inmates assault other inmates for them."

**Defendant's Response:**

Objection. This request is vague and ambiguous as to the terms "investigated," and "supervised," "allegations," and "complaints." This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. This request also assumes facts not in evidence and is compound. Further, this request calls for speculation as investigations of other correctional staff by ISU and OIA are confidential and would not be revealed to third parties such as defendant.

Without waiving these objections, Defendant responds as follows: Defendant can neither admit nor deny whether other staff members have been investigated by ISU staff. Investigations by ISU are confidential and would not be disclosed to other staff members.

**Plaintiff's Argument:**

This request is not vague, ambiguous, overly broad, compound or irrelevant to the subject matter of this case. Defendant Waddle is a training officer for CDCR on staff misconduct investigation policies and procedure and knows these terms, and it asks only one question. See Exhibit X at p. 362-364, Waddle's responses to Admissions No. 23-25. Plaintiff incorporates by reference his "Contentions re Admission No. 3," and his

"Preliminary Statement and General Argument" above at p. 48 & 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Bryant's request seeks information simply not available to Defendant Waddle. As Defendant Waddle explained in her response, ISU and OIA investigations are confidential and would not be disclosed to other staff members. Requiring Defendant Waddle to obtain this information would violate third party privacy as well as peace officer privileges. Bryant does not respond to this in his Motion to Compel. Therefore, Defendant Waddle does not know whether other staff members, even individuals she supervised, were investigated, and Bryant's Motion to Compel should be denied.

**Ruling:** Denied. Plaintiff has not shown that Defendant has failed to answer the request to the best of her ability.

**RFA 13:** "Admit that from January 1, 2005 to the present date of your response other correctional staff have given statements to ISU and OIA staff during investigations that you, sergeants, and other staff you supervised were illegally assaulting inmates and having inmates assault other inmates for you."

**Defendant's Response:**

Objection. This request is vague and ambiguous as to the terms "investigated," and "supervised." This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. This request also assumes facts not in evidence and is compound. Further, this request calls for speculation as investigations of other correctional staff by ISU and OIA are confidential and would not be revealed to third parties such as defendant.

Without waiving these objections, Defendant responds as follows: Defendant can neither admit nor deny this request as Investigations by ISU and OIA are confidential.

**Plaintiff's Argument:**

This Request is not vague, ambiguous, overly broad, compound or irrelevant to the subject matter of this case. Defendant Waddle is a training officer for CDCR on staff misconduct investigation policies and procedure and knows these terms, and it asks only one question. See Exhibit X at p. 362-364, Waddle's responses to Admissions No. 23-25. Plaintiff incorporates by reference his "Contentions re Admission No. 3," and his "Preliminary Statement and General Argument" above at p. 38 * 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Bryant's request seeks information simply not available to Defendant Waddle. As Defendant Waddle explained in her response, ISU and OIA investigations are confidential and she would not be entitled to know if correctional staff members gave statements against her. Bryant does not respond to this in his Motion to Compel. Therefore, Defendant Waddles lacks sufficient information to respond to this request.

**Ruling:** Denied.  Plaintiff has not shown that Defendant has failed to answer the request to the best of her ability.

**RFA 14:** "Admit that on August 25, 2011 you sent Lt. P. Morales to Ad-Seg to interview inmate McCloud CDCR No. J-55573 and myself regarding our allegations against you and Lt. Morales videotaped both our statements for you."

**Defendant's Response:**

Objection. This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. This request is also compound.

Without waiving these objections, Defendant responds as follows: Defendant lacks sufficient information to admit or deny this request, and on that basis, denies it.

**Plaintiff's Argument:**

This request is not vague, ambiguous, overly broad, compound or irrelevant to the subject matter and will lead to the discovery of admissible evidence. Plaintiff incorporates by reference his "Preliminary Statement and General Argument" above at p. 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Contrary to Bryant's assertion, this request was compound as it requests Defendant admit 1) she sent Lieutenant Morales to interview inmate McCloud, 2) she sent Lieutenant Morales to interview inmate Bryant, and 3) such interviews were videotaped.

Although Defendant Waddle does not believe that she would be involved in conducting an investigation involving herself, Defendant Waddle has requested documents to verify if she sent Lieutenant Morales to interview inmate McCloud and/or inmate Bryant, and if such interview was videotaped. She has not yet received any documents that she could use to refresh her recollection to admit or deny this request.

**Ruling:** Denied.  The request is compound.  Even so, Defendant has answered the request and Plaintiff has not shown that Defendant has failed to answer the request to the best of her ability.

**RFA 15:** "Admit that you have received disciplinary action against you more than once for misconduct between January 1, 2008 and the date of your response."

**Defendant's Response:**

Objection. This request is vague and ambiguous as to the terms "disciplinary action" and "misconduct." This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. This request also assumes facts not in evidence.

Without waiving these objections, Defendant responds as follows: Deny.

**Plaintiff's Argument:**

This response is knowingly false and evasive and made in bad faith in an attempt to conceal Waddle's prior bad acts and the discipline she received therefore from her employer CDCR. Plaintiff incorporates by reference his "Contentions re Admission No. 1 & 2," and his" Preliminary Statement and General Argument" above at p. 46-47 & 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Defendant Waddle directly responded to Bryant's Request for Admission. While he argues that her answer was evasive, he provides no explanation to support his contention. Additionally, Bryant contends that Defendant Waddle's response was knowingly false and made in bad faith. Again, Bryant has no support for this contention.

Further, Bryant admits that he is seeking this evidence to show prior bad acts. This is impermissible character evidence, and Defendant Waddle incorporates by reference her response from Request For Admission No. 3, indicating that Bryant is not entitled to such evidence.

Finally, even if Bryant believed that Defendant Waddle was lying, this would not be grounds for a Motion to Compel. There is no response to compel because Defendant Waddle responded to Plaintiff's request.

**Ruling:** Denied. Defendant has answered the request.

**RFA 16:** "Admit that you were not interviewed or questioned by anyone regarding the allegations inmate Flores, CDCR No. D-56628 made against you regarding your having him assaulted by inmate McCloud CDCR No. J-55573."

**Defendant's Response:**

Objection. This request is vague and ambiguous as to the terms "interviewed," "questioned" and "anyone." This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. This request is compound. This request assumes facts not in evidence.

Without waiving these objections, Defendant responds as follows: Defendant lacks sufficient information to admit or deny this request, and denies it on that basis.

**Plaintiff's Answer:**

This request is not vague, ambiguous, overly broad, compound or irrelevant to the subject matter of this case, and it asks only one question. Defendant Waddle is a training officer for CDCR on staff misconduct investigation policies and procedure and knows all these terms. See Exhibit X at p. 362-364, Waddle's responses to Admissions No. 23-25. Plaintiff incorporates by reference his "Preliminary Statement and General Argument" above at p. 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

First, the allegations regarding inmate Flores against inmate McCloud are irrelevant to this case. To the extent that Bryant is claiming that this is a prior bad act, this is impermissible character evidence, and Defendant Waddle incorporates by reference her response from Request For Admission No. 3, indicating that Bryant is not entitled to such evidence.

Defendant Waddle does not have the investigation regarding inmate Flores, and therefore cannot confirm whether such an investigation took place or whether she was interviewed.

**Ruling:**  Denied.  Defendant has answered the request and Plaintiff has not shown that Defendant has failed to answer the request to the best of her ability.

**RFA 17:** "Admit that the O.P. policies and procedures referred to in Request No. 20 above were not strictly complied with in the investigations of staff misconduct alleged against you by KVSP inmates conducted by the ISU staff there."

**Defendant's Response:**

Objection. This request is vague and ambiguous as to the term "O.P. policies." This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. This request assumes facts not in evidence and calls for speculation.

Without waiving these objections, Defendant responds as follows: Defendant can neither admit nor deny this request as Investigations by ISU are confidential, and on that basis, Defendant denies.

**Plaintiff's Argument:**

This request is not vague, ambiguous, overly broad or irrelevant to the subject matter of this case. Defendant Waddle is a training officer for CDCR in staff misconduct investigation policies and procedure sand knows all these terms used. See Exhibit X at p. 362-364, Waddle's responses to Admissions No. 23-25. Plaintiff incorporates by reference his "Preliminary Statement and General Argument" above at p. 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

As stated above, the allegations regarding inmate Flores against inmate McCloud are irrelevant to this case. To the extent that Bryant is claiming that this is a prior bad act, this is impermissible character evidence, and Defendant Waddle incorporates by reference her response from Request For Admission No. 3, indicating that Bryant is not entitled to such evidence.

Defendant Waddle does not have the investigation regarding inmate Flores, and therefore cannot confirm whether such an investigation took place or whether the CDCR protocols were followed. Such a response would require improper speculation.

**Ruling:**  Denied.  Defendant has answered the request that she does not possess such

information.

**RFA 18:** "Admit that the O.P. policies and procedures referred to in Request No. 20 above were not strictly complied with in this investigations of staff misconduct alleged against the sergeants and correctional officers under your supervision on facility's "C" & "D" by KVSP inmates conducted by ISU staff here."

**Defendant's Response:**

Objection. This request is vague and ambiguous as to the term "O.P policies and procedures." This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. This request assumes facts not in evidence and calls for speculation.

Without waiving these objections, Defendant responds as follows: Defendant can neither admit nor deny this request as Investigations by ISU are confidential, and on that basis, Defendant denies.

**Plaintiff's Argument:**

This request is not vague, ambiguous, overly broad or irrelevant to the subject matter of this case. Defendant Waddle is a training officer for CDCR in staff misconduct investigation policies and procedure and knows all these terms used and knew what this term meant in her response to Admission No. 20 above. See Exhibit X at p. 362-364, Waddle's response to Admissions No. 23-25. Plaintiff incorporates by reference his "Preliminary Statement and General Argument" above at P. 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

As stated above, the allegations regarding inmate Flores against inmate McCloud are irrelevant to this case. To the extent that Bryant is claiming that this is a prior bad act, this is impermissible character evidence, and Defendant Waddle incorporates by reference her response from Request For Admission No. 3, indicating that Bryant is not entitled to such evidence. Defendant Waddle does not have the investigation regarding inmate Flores, and therefore cannot confirm whether such an investigation took place or whether the CDCR protocols were followed with respect to other staff members.

**Ruling:** Denied. Defendant has answered the request that she does not possess such information.

**RFA 19:** "Admit that Plaintiff filed staff misconduct complaints against you alleging that you were actively conspiring with other custody staff and inmates to have him stabbed and shot and killed."

**Defendant's Response:**

Objection. This request is vague and ambiguous as to "staff misconduct complaints." This request seeks information equally available to plaintiff. Further, this request calls for speculation as staff complaints may be confidential and are not disclosed

unless referred for an adverse action.

Without waiving these objections, Defendant responds as follows: Defendant lacks sufficient information to admit or deny this request, and on that basis, denies it.

**Plaintiff's Argument:**

This request is not vague or ambiguous to this defendant. Defendant Waddle is a training officer for CDCR on staff misconduct investigations policies and procedure and knows these terms well. See Exhibit X at p. 362- 364, Waddle's responses to Admissions No. 23-25. This information is confidential and in possession of CDCR her employer and is not equally available to Plaintiff. And if this is her contention then all the other information I've requested if discovery and the subject of this motion is equally available to her due to her principal-agent relationship with CDCR and she should be compelled by this Court to provide everything I've requested. Plaintiff incorporates by reference his "Preliminary Statement and General Argument" above at p. 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Bryant's argument that this information is not equally available to him is unavailing. Although staff misconduct investigations are confidential, Bryant would know if he filed a complaint against Defendant Waddle.

Nonetheless, based upon further discovery, including Bryant's deposition, Defendant Waddle has reason to believe that Bryant never filed a complaint and/or exhausted his administrative remedies against Defendant Waddle for allegedly having him assaulted. Defendant Waddle intends to file a Motion for Summary Judgment based on failure to exhaust.

**Ruling:**  Denied.  Defendant has answered the request and Plaintiff has not shown that Defendant has failed to answer the request to the best of her ability.

**RFA 20:** "Admit that in 2011 you discovered that ISU Lt. Stiles was investigating you for allegedly having inmate McCloud assault and beat up other inmates for you and that inmate McCloud CDCR No. J-55573 was assisting him and ISU c/o B.R. Jackson in their investigation of you."

**Defendant's Response:**

Objection. This request is vague and ambiguous as to the term "investigating." This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. Further, this request calls for speculation as investigations by ISU are confidential and are not disclosed unless referred for an adverse action. This request is also compound.

Without waiving these objections, Defendant responds as follows: Defendant can neither admit nor deny this request as Investigations by ISU are confidential.

**Plaintiff's Argument:**

This request is not vague, ambiguous, overly broad and does seek only information relevant to the subject matter of this case. Defendant Waddle is a training

officer for CDCR on staff misconduct investigations policies and procedure and knows these terms well. See Exhibit X at p. 362- 364, Waddle's responses to Admissions No. 23-25. Plaintiff incorporates by reference his "Preliminary Statement and General Argument" above at p. 22- 25 as though fully set forth right here. A substantive supplement response is necessary. This request only asks one question and is not compound.

**Defendant's Argument in Response:**

Although Bryant alleges that this request is not compound, it seeks separate information as to whether Lieutenant Stiles was allegedly investigating Defendant Waddle, and whether inmate McCloud was assisting in the investigation. Defendant Waddle would not know whether inmate McCloud was assisting in a purported ISU investigation, as these are confidential. Therefore, Defendant Waddle would not be able to respond as this would call for speculation.

**Ruling:** Denied. Defendant has answered the request and Plaintiff has not shown that Defendant has failed to answer the request to the best of her ability.

**RFA 21:** "Admit that inmate McCloud, CDCR No. J-55573 later filed staff misconduct complaints against you alleging that you were conspiring with other custody staff and inmates to have him assaulted and possibly killed."

**Defendant's Response:**

Objection. This request is vague and ambiguous as to "staff misconduct complaints." This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. Further, this request calls for speculation as investigations by ISU are confidential and are not disclosed unless referred for an adverse action. This request is also compound.

Without waiving these objections, Defendant responds as follows: Defendant lacks sufficient information to admit or deny this request, and on that basis, denies it.

**Plaintiff's Argument:**

Plaintiff incorporates by reference his "Contentions re Admissions No. 27," and his "Preliminary Statement and General Argument" above at p. 63, 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Bryant fails to explain why this response is deficient. While he incorporates his contentions from Admission No. 27, this seeks different information. As explained by Defendant Waddle, ISU investigations are confidential. Further, Defendant Waddle does not have inmate McCloud's central file. Requiring Defendant Waddle to go through inmate McCloud's central file to verify this information would not only be unduly burdensome (as Bryant seeks this information from numerous other inmates as well), but also a potential violation of third party privacy rights.

**Ruling:** Denied. Defendant has answered the request and Plaintiff has not shown that Defendant

has failed to answer the request to the best of her ability.

**RFA 22:** "Admit that in early 2011 there was a c/o Sanchez who worked in the facility "D", building 1 control booth who was investigated by ISU staff for conspiring to have other inmates assault McCloud during which time he was allegedly going to shoot him because he found out that McCloud was working for ISU in investigating staff."

**Defendant's Response:**

Objection. This request is vague and ambiguous as to "investigated." This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff. Further, this request calls for speculation as investigations by ISU of other correctional staff are confidential and would not be disclosed to defendant.

Without waiving these objections, Defendant responds as follows: Defendant can neither admit nor deny this request as Investigations by ISU are confidential.

**Plaintiff's Argument:**

This request is not vague, ambiguous, overly broad and does seek only information relevant to the subject matter of this case. Plaintiff incorporates by reference his "Contentions re Admission No. 27," and his "Preliminary Statement and General Argument" above at p. 63 / 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Bryant fails to explain why this response is deficient. While he incorporates his contentions from Admission No. 27, this seeks different information.  As explained by Defendant Waddle, ISU investigations are confidential, and she would not access to investigations concerning another officer such as Officer Sanchez. This request therefore requires improper speculation.

**Ruling:**  Denied.  Defendant has answered the request and Plaintiff has not shown that Defendant has failed to answer the request to the best of her ability.

**RFA 23:** "Admit that you were the supervisor of c/o Sanchez referred to in Request No. 29 above when the actions were alleged to have occurred in Request No. 29 above."

**Defendant's Response:**

Objection. This request is overly board and seeks irrelevant information not calculated to lead to the discovery of admissible evidence as to whether Defendant may have engaged in retaliatory conduct against Plaintiff.

Without waiving these objections, Defendant responds as follows: Defendant is unable to admit or deny the allegations as she does not if Officer Sanchez was investigated or what time period these allegations pertained to.

**Plaintiff's Argument:**

Plaintiff gave the time period in request No. 29 above which was early 2011 so it is not overly broad. And this request is relevant to the subject matter of this case. Plaintiff incorporates by reference his "Preliminary Statement and General Argument" above at p. 22-25 as though fully set forth right here. A substantive supplemental response is necessary.

**Defendant's Argument in Response:**

Although Bryant contends that his request was narrowed down to the early 2011 time period, Defendant Waddle still does not know the date of the alleged incident for which there was a purported investigation because ISU investigations are confidential. Defendant Waddle has supervised many staff members, which changed based on day and shift. Without that information, Defendant Waddle cannot admit or deny whether Officer Sanchez was under her supervision on that day.

**Ruling:** Denied. Defendant has answered the request and Plaintiff has not shown that Defendant has failed to answer the request to the best of her ability.

## III.    Request for Production of Documents

The Court next turns to Plaintiff's request to compel Defendant Waddle to respond to his Request for Production of Documents ("RPD"). The Court will address the requests in group, because the same reasons for denial apply for multiple requests.

In requests 1-5, 12-15, 27-30, and 35, Plaintiff requested various documents and things that Defendant stated she did not possess. To the extent she was able to acquire them, she stated she would produce them or provide a privilege log. For these requests, Plaintiff has not shown that Defendant's response was insufficient. Therefore, Plaintiff's motion to compel these requests is denied.

In requests 6, 23, 24, 25, and 33, Plaintiff requested documents and things that Defendant stated she had already produced. Plaintiff fails to demonstrate how Defendant's response was inadequate. Therefore, these requests are denied.

In requests 16 and 22, Plaintiff requested documents and lists which do not exist and would require Defendant to create said documents. Defendant cannot be compelled to create a document. Thus, these requests are denied.

The Court will address the remaining requests in turn.

**RPD 7:** "All CDCR 602 appeals, staff misconduct complaints and citizen complaints filed against both Defendants which made allegations that they personally assaulted a (sic) inmate, had another staff member assault a (sic) inmate, had any other inmate(s) assault any inmate, or was in any

34

way involved in the assault or physically harming a (sic) inmate, including the official responses thereto, from 1/1/08 to the present date of your response."

**Defendant's Response:**

Defendant objects to this request on the ground that this request: (1) assumes facts not in evidence; (2) is compound; (3) is overbroad as to time period; (4) calls for speculation; (5) is unduly burdensome as administrative appeals are not maintained according to the staff complained of in the appeal and there are no staff files for administrative grievances. Rather, administrative appeals are logged and maintained according to the inmate who submitted them. A copy of the appeals is kept in the prison's Appeals Office, and another copy is placed in the inmate's central file. Thus, to comply with this request, Defendant would be required to review each inmate's prison central file to determine if there are responsive documents; (6) to the extent that the request seeks documents contained in Defendant's personnel file, it violates the official information privilege; (7) violates the privacy rights of third parties; (8) seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence; and (9) seeks documents which are protected pursuant to the peace officer personnel records privilege (California Penal Code sections 832.7 and 832.8 and California Evidence Code sections 1040, 1043, and 1045). Accordingly no response is provided hereto.

**Plaintiff's Argument:**

Plaintiff incorporates by reference his "Preliminary Statement and General Argument" above at p. 22-25 at though fully set forth right here. A substantive supplemental response with full production of the requested records is necessary.

**Defendant's Argument in Response:**

As explained by Defendant Waddle, this request is both impermissibly broad and unduly burdensome because inmate appeals are not categorized by staff member or type of incident. Rather, they are maintained according to each inmate, and requiring Defendant Waddle to respond would force her to review the central file of every inmate housed at Kern Valley State Prison since 2008. Such a request would also potentially violate the privacy rights of third parties and seek confidential documents.

The undue burden of this request far outweighs the probative value of this request, as it appears that Bryant is only seeking these documents unrelated to his complaint as inadmissible character evidence. Character evidence is normally not admissible in a civil rights case. *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993); *Cohn v. Papke*, 655 F.2d 191, 193 (9th Cir. 1981). Rule 404 generally prohibits the admission of evidence of a person's character for the purpose of proving that the individual acted in conformity with that character on a particular occasion. Fed. R. Evid. 404(b). ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."); *Heath v. Cast*, 813 F.2d 254, 259 (9th Cir. 1987.) Evidence regarding prison's staff's past conduct with respect to other inmates is inadmissible, and Bryant will not be able to argue that Defendant Waddle acted in conformity therewith.

Finally, Bryant has failed to explain with any particularity why he specifically needs these documents or how he would be prejudiced without them.

**Ruling:** Plaintiff's request is granted in part. Defendants' boilerplate objections are overruled.

In addition, Defendants' argument that the interrogatory would be nearly impossible to answer because of the way files are kept at Kern Valley State Prison is overruled. Defendants may not avoid discovery by keeping records in a certain manner, and then claim that producing those records would be an undue burden because of the manner of storage chosen. The Court is aware of many prisoner cases in which such information has been provided.

Nevertheless, Plaintiff's request for complaints from the period of January 1, 2008, seeks information that is irrelevant to this case. The relevant date in this case is June 8, 2010, which is the date of the alleged assault by Officers Gallagher and Romero. It was this incident that Plaintiff claims provided the motivation for Waddle to begin her alleged pattern of retaliation against him. Plaintiff is entitled to evidence which would disclose a pattern of retaliation. Therefore, Defendants' objection to this request as inadmissible character evidence is overruled, and Defendants are ordered to provide a further response to the request by producing any staff misconduct complaints or 602 appeals from any inmate from June 8, 2010, to the present, wherein inmates complained of retaliation by Defendants Castellanos and Waddle, or that Defendants physically assaulted an inmate or had another inmate assault someone.

**RPD 8:** "All records of all investigations conducted into any of the appeals and complaints in response to No. 7 above, including the recorded interviews of any and all witnesses or persons having any information regarding said com (sic) complaint(s), and all records and findings resulting from the investigations.

**Defendant's Response:**

Defendant objects to this request on the ground that this request: (1) assumes facts not in evidence; (2) is compound; (3) is vague and ambiguous as to the term "complaints," (4) is overbroad as to time period; (5) calls for speculation; (6) is unduly burdensome as administrative appeals are not maintained according to the staff complained of in the appeal and there are no staff files for administrative grievances. Rather, administrative appeals are logged and maintained according to the inmate who submitted them. A copy of the appeals is kept in the prison's Appeals Office, and another copy is placed in the inmate's central file. Thus, to comply with this request, Defendant would be required to review each inmate's prison central file to determine if there are responsive documents; (7) to the extent that the request seeks documents contained in Defendant's personnel file, it violates the official information privilege; (8) violates the privacy rights of third parties; and (9) seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence; and (9) seeks documents which are protected pursuant to the peace officer personnel records privilege (California Penal Code sections 832.7 and 832.8 and California Evidence Code sections 1040, 1043,

and 1045). Accordingly no response is provided hereto.

**Plaintiff's Argument:**

Plaintiff incorporates by reference his "Preliminary Statement and General Argument" above at p. 22-25 at though fully set forth right here. A substantive supplemental response with full production of the requested records is necessary.

**Defendant's Argument in Response:**

As explained by Defendant Waddle, this request is both impermissibly broad and unduly burdensome because inmate appeals are not categorized by staff member or type of incident. Rather, they are maintained according to each inmate, and requiring Defendant Waddle to respond would force her to review the central file of every inmate housed at Kern Valley State Prison since 2008. Such a request would also potentially violate the privacy rights of third parties and seek confidential documents.

Further, Defendant Waddle incorporates by reference her response from Request No. 7 indicating that Bryant is seeking inadmissible character evidence. Finally, Bryant has failed to explain with any particularity why he specifically needs these documents or how he would be prejudiced without them.

**Ruling:** Denied. Defendant's objection that the request is impermissibly overbroad is well-taken. Plaintiff's request for all records of all investigations into the above-mentioned staff complaints could potentially violate the privacy rights of third parties and disclose confidential information thereby compromising the safety and security of individuals and the prison.

**RPD 9:** "All CDCR 602 appeals, Staff misconduct complaints and citizen complaints filed against both Defendants which made: allegations that they committed any other illegal acts, or were involved in any other illegal acts against any inmate from 1/1/08 to the present date of your response."

**Defendant's Response:**

Defendant objects to this request on the ground that this request: (1) assumes facts not in evidence; (2) is compound; (3) is overbroad as to time period; (4) is vague and ambiguous as to the term "other illegal acts"; (5) is unduly burdensome as administrative appeals are not maintained according to the staff complained of in the appeal and there are no staff files for administrative grievances. Rather, administrative appeals are logged and maintained according to the inmate who submitted them. A copy of the appeals is kept in the prison's Appeals Office, and another copy is placed in the inmate's central file. Thus, to comply with this request, Defendant would be required to review each inmate's prison central file to determine if there are responsive documents; (6) to the extent that the request seeks documents contained in Defendant's personnel file, it violates the official information privilege; (7) violates the privacy rights of third parties; (8) seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence; and (9) seeks documents which are protected pursuant to the peace officer personnel records privilege (California Penal Code sections 832.7 and 832.8 and California Evidence Code sections 1040, 1043, and 1045). Accordingly no response is provided hereto.

**Plaintiff's Argument:**

Plaintiff incorporates by reference his "Preliminary Statement and General Argument" above at p. 22-25 at though fully set forth right here. A substantive supplemental response with full production of the requested records is necessary.

**Defendant's Argument in Response:**

This request is both impermissibly broad and unduly burdensome because inmate appeals are not categorized by staff member or type of incident. Rather, they are maintained according to each inmate, and requiring Defendant Waddle to respond would force her to review the central file of every inmate housed at Kern Valley State Prison since 2008. Such a request would also potentially violate the privacy rights of third parties and seek confidential documents.

Further, Defendant Waddle incorporates by reference her response from Request No. 7 indicating that Bryant is seeking inadmissible character evidence.

Finally, Bryant has failed to explain with any particularity why he specifically needs these documents or how he would be prejudiced without them.

**Ruling:** Denied. The documentation Plaintiff seeks is irrelevant to his claims. Under Fed. R. Evid. 404(b), evidence of Defendant's prior bad acts may not be introduced for the purpose of proving Defendant's character in order to show action in conformity therewith.

**RPD 10:** "All documents and records of all investigations conducted into any of the appeals and complaints in response to No. 9 above, including all recorded interviews of any and all witnesses or persons having any information regarding said complaint(s), and all records and findings resulting from the investigations."

**Defendant's Response:**

Defendant objects to this request on the ground that this request: (1) assumes acts not in evidence; (2) is vague and ambiguous as to the terms "documents," "records," "investigations," "appeals," and "complaints," (3) is overbroad as to time period; (4) calls for speculation; (5) is unduly burdensome as administrative appeals are not maintained according to the staff complained of in the appeal and there are no staff files for administrative grievances. Rather, administrative appeals are logged and maintained according to the inmate who submitted them. A copy of the appeals is kept in the prison's Appeals Office, and another copy is placed in the inmate's central file. Thus, to comply with this request, Defendant would be required to review each inmate's prison central file to determine if there are responsive documents; (6) to the extent that the request seeks documents contained in Defendant's personnel file, it violates the official information privilege; (7) violates the privacy rights of third parties; (8) seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence; and (9) seeks documents which are protected pursuant to the peace officer personnel records privilege (California Penal Code sections 832.7 and 832.8 and California Evidence Code sections 1040, 1043, and 1045). Accordingly no response is provided hereto.

**Plaintiff's Argument:**

Plaintiff incorporates by reference his "Preliminary Statement and General Argument" above at p. 22-25 at though fully set forth right here. A substantive supplemental response with full production of the requested records is necessary.

**Defendant's Argument in Response:**

This request is both impermissibly broad and unduly burdensome because inmate appeals are not categorized by staff member or type of incident. Rather, they are maintained according to each inmate, and requiring Defendant Waddle to respond would force her to review the central file of every inmate housed at Kern Valley State Prison since 2008. Such a request would also potentially violate the privacy rights of third parties and seek confidential documents.

Further, Defendant Waddle incorporates by reference her response from Request No. 7 indicating that Bryant is seeking inadmissible character evidence.

Finally, Bryant has failed to explain with any particularity why he specifically needs these documents or how he would be prejudiced without them.

**Ruling:**  Denied for the same reasons stated in RPD 9 above.

**RPDs 11, 17-21, 26, 31, 32, and 34:**  These requests are denied for the same reasons stated in RPD 8.  Plaintiff's requests are entirely overbroad and seek information which is irrelevant to his claims. Most of the requests concern records of other inmates and correctional officers which have nothing to do with Plaintiff's claims.  To the extent the requests do concern Defendant Waddle and Plaintiff's claims, the requests are already covered by previous requests.

## IV.    Interrogatories, Set No. 2

The Court next turns to Plaintiff's motion to compel further responses to his second set of interrogatories.

**ROG 1:** "State the full names, CDCR numbers and current mailing address and prison location of all CDCR inmates named on all CDCR 115 Rule Violation Reports (RVR's) filed against inmate Cleave McCloud, CDCR No. J-55573 including inmate McCloud's current mailing address and prison location."

**Defendant's Response:**

Objection. This request seeks irrelevant information not calculated to lead to the discovery of admissible evidence. This request potentially violates the privacy rights of third parties. This request is also overly broad and unduly burdensome, and would require Defendant to examine the entire central file of inmate Cleave McCloud, which she currently is not in possession of. Finally, Defendant is unable to provide Plaintiff with the mailing address of other inmates as this is in violation of Cal. Code Regs., tit. 15 § 3139(a), (b), which restricts an inmate's ability to correspond with other inmates. The

Magistrate Judge has already issued findings and recommendations denying Plaintiff's request to correspond with other inmates. (Doc. #63). Accordingly, no response is provided hereto.

**Plaintiff's Argument:**

Other inmates whom McCloud may have assaulted or harmed, possibly for Defendant(s), is relevant to the subject matter of this case and is within the scope of discovery. The findings and recommendations of the Magistrate Judge is not an objection or excuse for providing this information and if the Court won't assist Plaintiff in corresponding with and obtaining possibly relevant information from these inmates, Plaintiff will conduct depositions of the inmates who have information relevant to his claims. Plaintiff incorporates by reference his "Preliminary Statement and General Argument" above at p. 22-25 as though fully set forth right here. A substantive supplemental response with full production of the requested records is necessary. The Court never ruled that Plaintiff is prohibited from having his agents or representative contact and correspond with these inmates named in the RVR's.

**Defendant's Argument in Response:**

First, Bryant argues that other inmates whom inmate McCloud may have assaulted or harmed are relevant to this case. However, Bryant's interrogatory did not seek the names of inmate McCloud's alleged victims. Rather, Bryant sought the names of all inmates named on all RVRs written against inmate McCloud without limitation to time or scope.

Even if Bryant's request was more limited in scope (i.e. assaults), it would still be unduly burdensome as it would require a review of inmate McCloud's entire central file. Moreover, providing the names of inmate McCloud's alleged victims could violate their third party privacy rights.

Finally, Bryant contends that the Court never ruled that Bryant was prohibited from having his agents or representatives contact and correspond with inmates. However, the Magistrate's ruling stated: "Plaintiff asks in the alternative that he be permitted to correspond with other inmates by mail through the Clerk of Court. Plaintiff's proposed method of communication would circumvent Cal. Code Regs., tit. 15, § 3139(a), (b). which restricts an inmate's ability to correspond with other inmates. Plaintiff provides no authority for this. The request should be denied." Even if the Magistrate's ruling has not yet been adopted by the District Court, the California Code of Regulations would prevent Defendant Waddle from assisting Bryant in communicating with other inmates. Therefore, Defendant Waddle properly objected.

**Ruling:**  Denied.  The identity and addresses of any inmate named in all CDC-115s in Inmate McCloud's central file is irrelevant to Plaintiff's claims and not reasonably calculated to lead to discoverable evidence.  In addition, Cal. Code Regs., tit. 15, § 3139(a) and (b) restricts an inmate's ability to correspond with other inmates.

**ROG 2:** "Identify by full name, CDCR number and current prison location and mailing address of all the inmate barbers who were assigned to the barber job in Unit C3 on 6/8/10."

**Defendant's Response:**

Objection. This request seeks irrelevant information not calculated to lead to the discovery of admissible evidence. This request potentially violates the privacy rights of third parties. Finally, Defendant is unable to provide Plaintiff with the mailing address of other inmates as this is in violation of Cal. Code Regs., tit. 15 § 3139(a), (b), which restricts an inmate's ability to correspond with other inmates. The Magistrate Judge has already issued findings and recommendations denying Plaintiff's request to correspond with other inmates. (Doc. #63).

Without waiving these objections, Defendant responds as follows: Defendant has diligently investigated this matter and has been informed that due to a change in systems since 2010, this information is no longer ascertainable.

**Plaintiff's Argument:**

The information necessary for this response can be obtained from the "unlock" or "alpha roster" as it is referred to by the custody staff at K.V.S.P. for 6/8/10. Plaintiff incorporates by reference his "Contention re Interrogatory No. 1," above and his "Preliminary Statement and General Argument" above at p. 22-25 as though fully set forth right here. A substantive supplemental response with full production of the requested records is necessary.

**Defendant's Argument in Response:**

Defendant Waddle has already indicated that a diligent search for these records were done, and there are no records which provide the information which Bryant seeks. Moreover, even if such information could be obtained, Defendant Waddle is prohibited from assisting Bryant in contacting other inmates, as it is prohibited pursuant to Cal. Code Regs., tit. 15, § 3139(a), (b). Finally, providing Bryant with this information would go against the Magistrate's Findings and Recommendations. (Doc. #63.)

**Ruling:** Denied. Defendant has answered the interrogatory stating no such records exist. In addition, such records would circumvent Cal. Code Regs., tit. 15, § 3139(a), (b).

**ROG 3:** "State the full name, (including middle names) CDCR employee I.D. number and current work/business address of these CDCR officials: c/o R. Romero, c/o Patrick Gallagher, c/o D. Sellers, c/o J. Mercado, c/o R. Hernandez, Lt. J. Stiles, Lt. P. Chanelo, Lt. Harden, Sgt. A. Sells, Sgt. Sheldon, Sgt. I. Rivera, Capt. S. Henderson, Capt. Cano, Special Agents of OIA Gerald Biane, Ricardo Christensen, Jorge Luis Rodriguez, CDCR secretaries Matthew Cate and Jeffrey Beard, and wardens Martin D. Biter, and Kelly Harrington, c/o M. Molina and c/o Rose Stevens, who are all material witnesses."

**Defendant's Response:**

Objection. This request seeks irrelevant information not calculated to lead to the discovery of admissible evidence. This request potentially violates the privacy rights of third parties. Without waiving these objections, Defendant responds as follows:

Officer Ramon R. Romero, Officer Patrick Gallagher, Officer David C. Sellers, Officer Jamie Mercado , Lieutenant Pedro Chanelo, , Sergeant Angela Sell, Sergeant Timothy Sheldon, , Captain Stephen C. Henderson, and are employed at Kern Valley State Prison, which is located at 3000 West Cecil Avenue, Delano, CA 93216-6000.

Lieutenant Jason Stiles is employed at California Correctional Center, which is located at 711-045 Center Rd., Susanville, CA 96127-0790.

Lieutenant James P. Harden is employed as a Special Agent for CDCR, located at P.O. Box 942883, Sacramento CA, 94283-0001.

Sergeant Ignacio Rivera is employed at California City Correctional Facility, which is located at 22844 Virginia Blvd., California City, CA 93505.

Captain Xavier Cano is employed at California State Prison, Los Angeles County, which is located 44750 60th Street West, Lancaster, CA 93536-7620.

Special Agents of OIA Gerald Biane and Richard Christensen are located at 5016 California Ave., Suite 210, Bakersfield, CA 93309.

Kelly L. Harrington is currently located CDCR Headquarters at P.O. Box 942883, Sacramento CA, 94283-0001.

Jorge Luis Rodriguez is retired and therefore Defendant does not have his current business address.

Matthew Cate and Jeffrey Beard no longer with CDCR and Defendant does not have their current business address.

Martin D. Biter is no longer the Warden at Kern Valley State Prison and Defendant does not know his current business address.

Defendant is unaware of which, Officer R. Hernandez , Officer Molina, or Officer Stevens plaintiff is referring to, and therefore is not able to provide an address.

**Plaintiff's Argument:**

Waddle has failed to provide Plaintiff with the employee I.D. numbers of any of these prison officials, and has failed to provide any of the information requested for c/o Rose Stevens, M. Molina and R. Hernandez, alleging that she is unaware of which officer by those names Plaintiff is referring to. Waddle does in fact know which c/o Rose Stevens Plaintiff is referring to but does not want to provide this information because c/o Stevens has information on how Waddle attempted to cover up staff misconduct by c/o Christopher Cruse and other officers. The R. Hernandez Plaintiff refers to is the one Waddle supervised on second watch on facility "C" and was the patio officer there in 2012. And the c/o M. Molina is the one who worked in unit C3 on 6/8/10 in the wait control booth and had to leave early and was replaced there by c/o Ramon R. Romero.

Please compel Waddle to provide supplemental responses with this information requested. Plaintiff incorporates by reference his "Preliminary Statement and General Argument" above at p. 22-25 as though fully set forth right here.

**Defendant's Argument in Response:**

Bryant has failed to provide an explanation as to why he needs employee I.D.

42

numbers for any of these prison officials. He has been provided sufficient information for the individuals that Defendant Waddle was able to identify.

As for Officers Hernandez, and Molina, Defendant Waddle will attempt to obtain their current contact information now that Bryant has provided additional information. Initially, Bryant's request was vague and there were multiple officers who had worked, or are currently working, at Kern Valley State Prison who had the names M. Molina and R. Hernandez. Finally, Defendant Waddle will obtain the information for Officer Stevens. Initially when reviewing Bryant's discovery response, Defendant Waddle did not see that Bryant had referred to Officer Steven's first name.

**Ruling:** Denied. Plaintiff has failed to show how Defendant's response was insufficient. Defendant has provided the known addresses of the individuals she could ascertain and stated she will provide the known addresses for the individuals that Plaintiff clarified in his argument. Plaintiff has not shown why he also needs the CDCR numbers.

**ROG 4:** "State the full name, first, middle and last, CDCR numbers and current prison location mailing address of inmate(s) witnesses: Leonard Scott #P- 66018, Louis Flores #D-56628, Rufus Levels #F-62510, Edward Vargas #J- 63103, Ricardo Christensen #F-56749, Steven Lopez #V-28968, Gustavo Martinez #V-87227, Armitage #P-27971, Sorter #K-49996, Travon Willis #F-90477, Artice Brown #T-76602, Marthe #H-54580, Gandy #E-83031, Robert Moore #H-23858, Jerald Cooley #62706. All are material witnesses."

**Defendant's Response:**

Objection. This request seeks irrelevant information not calculated to lead to the discovery of admissible evidence. This request potentially violates the privacy rights of third parties. Further, Defendant is unable to provide Plaintiff with the mailing address of other inmates as this is in violation of Cal. Code Regs., tit. 15 § 3139(a), (b), which restricts an inmate's ability to correspond with other inmates. The Magistrate Judge has already issued findings and recommendations denying Plaintiff's request to correspond with other inmates. (Doc. #63). Accordingly, no response is provided hereto.

**Plaintiff's Argument:**

Plaintiff incorporates by reference his "Contentions re Interrogatory No. 1," and his "Preliminary Statement and General Argument" above at p. 22-25 as though fully set forth right here. A substantive supplemental response with all the requested information is necessary.

**Defendant's Argument in Response:**

As explained more fully above, Defendant Waddle is prohibited from assisting Bryant in contacting other inmates, as it is prohibited pursuant to Cal. Code Regs., tit. 15, § 3139(a), (b). Further, providing Bryant with this information would go against the Magistrate's Findings and Recommendations. (Doc. #63.) Therefore, Defendant Waddle's objection was proper, and Bryant's motion to compel this response should be denied.

**Ruling:**  Denied.  The request violates the privacy rights of third parties and circumvents Cal. Code Regs., title 15, § 3139(a), (b).

### ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

        1)      Plaintiff's motion to compel responses is GRANTED in part as to ROG 2, 3, 6, and RPD 7, and DENIED in part as to the remaining requests to compel;

        2)      Defendant Waddle is COMPELLED to file responses to Plaintiff's discovery requests within thirty (30) days as ordered herein.

IT IS SO ORDERED.

Dated:   **July 22, 2016**                /s/ *Dennis L. Beck*

                                             UNITED STATES MAGISTRATE JUDGE