UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BRYANT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. ROMERO, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-02074 DAD DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE<br>[ECF No. 114]<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCLOSURE OF FULL NAMES AND ADDRESSES<br>[ECF No. 116] |

　　　　Plaintiff Kevin D. Bryant ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 28 U.S.C. § 1983. This action is proceeding against Defendants Waddle and Castellanos for retaliation in violation of Plaintiff's First Amendment rights.

　　　　On September 8, 2015, the Court issued a Discovery and Scheduling Order wherein the deadline for conducting discovery was set for February 1, 2016. On January 14, 2016, Plaintiff filed a motion to extend the discovery deadline to conduct depositions. On March 29, 2016, the Court denied the motion to modify the discovery deadline for lack of good cause. On April 21, 2016, Plaintiff requested reconsideration of the Court's order. Plaintiff stated he is in fact able to pay for the costs associated with obtaining an officer to conduct a deposition. The Court granted reconsideration in part on June 3, 2016, and granted Plaintiff thirty days to submit an offer of proof showing he has retained an officer pursuant to Fed. R. Civ. P. Rule 30.

1

On June 30, 2016, Plaintiff filed the instant motion for ninety day extension of time to conduct depositions. Defendants filed an opposition on July 15, 2016, and Plaintiff filed replies/supplements on July 21, 2016, and July 28, 2016.

Plaintiff states that his friend has contacted KC's Court Reporting and retained that company to conduct depositions. Plaintiff states he verified this with their office manager, Carol Lancaster. Defendants oppose the motion alleging Plaintiff has failed to demonstrate good cause. Defendants submit that Plaintiff's offer of proof is deficient. Defendants argue that simply providing a statement that a friend has contacted the court reporting service and submitted credit card information does not demonstrate that the friend is willing and able to pay the substantial amount of money that will be necessary to conduct his proposed depositions, or that the friend has the funds to do so. Defendants are correct that this offer of proof is insufficient. However, Plaintiff has responded to Defendants' opposition by attaching a copy of a letter from KC's Court Reporting which shows that Plaintiff has in fact reserved the court reporting services for his depositions. The letter does not show that Plaintiff has paid for those services, and notably, the letter reveals that a retainer has not yet been charged for those services. Nevertheless, the Court finds that Plaintiff has submitted sufficient proof to move forward with his proposed deposition(s). Therefore, the Court will grant Plaintiff an extension of time of the discovery deadline to conduct his depositions. However, if it is revealed that Plaintiff is not in fact able to retain said officer and depose his witnesses in accordance with Rule 30, the extension of time will be vacated.

On July 11, 2016, Plaintiff filed a motion for an order compelling Defendants and their attorney to disclose the full names and addresses of inmates and CDCR officials he wishes to depose. Plaintiff states he needs this information in order to conduct his depositions. Defendants oppose the motion stating the information is unnecessary. Defendants state the proposed deponents may be properly served by serving the notices through the Litigation Coordinator. Defendants' argument is persuasive. Plaintiff possesses the names, titles, and locations of the CDCR witnesses he wishes to depose, and he possesses the names and inmate numbers of the inmates he wishes to depose. The

Court finds no reason to also provide address information insofar as the proposed deponents can be served via the Litigation Coordinator.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Plaintiff motion for an extension of time of ninety (90) days to conduct depositions is GRANTED; and

2) Plaintiff's motion for an order compelling Defendants to disclose addresses of inmates and CDCR officials is DENIED.

IT IS SO ORDERED.

Dated: __**July 29, 2016**__        /s/ *Dennis L. Beck*
                               UNITED STATES MAGISTRATE JUDGE