UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BRYANT,<br><br>            Plaintiff,<br><br>      vs.<br><br>R. ROMERO, et al.,<br><br>            Defendants. | 1:12-cv-02074-DAD-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR HEARING TO REQUEST INJUNCTIVE RELIEF<br>(ECF No. 124.) |

## I.     BACKGROUND

Kevin D. Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 26, 2012.  (ECF No. 1.)  This case now proceeds with the First Amended Complaint filed by Plaintiff on December 2, 2013, against defendants Lieutenant C. Waddle and Correctional Officer E. Castellanos, on Plaintiff's First Amendment claim for retaliation.  (ECF No. 16.)  This case is in the discovery phase.  Defendants' motions for summary judgment are pending.  (ECF No. 92, 96.)

On July 28, 2016, Plaintiff filed a motion for a court hearing to request the protection of an incarcerated witness he intends to depose.  (ECF No. 124.)  On August 12, 2016, Defendant Castellanos filed an opposition.  (ECF No. 130.)  On August 19, 2016, Defendant Waddle joined in the opposition.  (ECF No. 131.)  The Court construes Plaintiff's motion as a motion

for a hearing to request preliminary injunctive relief. Plaintiff's motion is now before the Court.

## II.   REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF

### A.   Legal Standards

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

### B.   Discussion

Plaintiff requests a hearing on his request for the Court to arrange for protection for an unidentified incarcerated witness he wishes to depose. Plaintiff argues that this witness's life

will be in danger when Defendants and defense counsel find out who he is and what he is going to disclose. Plaintiff requests an order of protection and a temporary restraining order to protect this witness.

In opposition, Defendants argue that the Court lacks jurisdiction to grant the relief requested by Plaintiff. Presuming that Plaintiff seeks an order requiring the Secretary of the California Department of Corrections and Rehabilitation to ensure that Plaintiff's witness remains safe, Defendants argue that the Court lacks jurisdiction to issue such an order because the Secretary is not a party to this case, nor is the Secretary alleged to be involved with the events at issue in this matter.

Defendants' argument has merit. The Court only has jurisdiction in this case over the parties who have appeared in the case and the subject matter of Plaintiff's complaint. Plaintiff seeks an order directing prison officials to ensure the protection of his inmate witness. The Court does not have jurisdiction to require prison officials to act on Plaintiff's behalf in this manner in this case. Therefore, Plaintiff's request for preliminary injunctive relief must be denied, and the Court shall not schedule a hearing for Plaintiff to make arguments in this matter.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for a hearing to request preliminary injunctive relief, filed on July 28, 2016, is DENIED.

IT IS SO ORDERED.

Dated:   **October 21, 2016**            **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE