UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BRYANT,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>R. ROMERO, et al.,<br><br>　　　　Defendants. | 1:12-cv-02074-DAD-GSA-PC<br><br>ORDER DENYING MOTION TO COMPEL KC'S COURT REPORTING SERVICE TO REPORT DEPOSITIONS, AND FOR SANCTIONS<br>(ECF No. 156.) |

**I.　　BACKGROUND**

　　Kevin D. Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 26, 2012. (ECF No. 1.) This case now proceeds with the First Amended Complaint filed by Plaintiff on December 2, 2013, against defendants Lieutenant C. Waddle and Correctional Officer E. Castellanos, on Plaintiff's claim for retaliation. (ECF No. 16.) The events in the complaint allegedly occurred at Kern Valley State Prison (KVSP) when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). This case is in the discovery phase.

On September 15, 2016, Plaintiff filed a motion to compel KC's Court Reporting service to report depositions, and for sanctions. (ECF No. 156.) Plaintiff's motion is now before the Court.

## II. MOTION TO COMPEL KC'S COURT REPORTING SERVICE TO REPORT DEPOSITIONS, AND FOR SANCTIONS

Plaintiff seeks a Court order compelling KC's Court Reporting service ("KC's) to report Plaintiff's depositions. (ECF No. 156.) Plaintiff claims that KC's attempted to breach their contract with Plaintiff to report the depositions Plaintiff intends to take. Plaintiff requests the Court to compel KC's to report his depositions and to impose sanctions if KC's refuses to do so.

It appears to the Court that Plaintiff's motion is moot, because KC's has now agreed to honor the contract and report his depositions. On September 29, 2016, Plaintiff notified the Court that KC's agreed to conduct depositions but needs Plaintiff's credit card information. (ECF No. 162 at 6.) If Plaintiff's motion is moot, it must be denied. Moreover, even if Plaintiff's motion is not moot, it must be denied because the Court lacks jurisdiction to grant the relief Plaintiff seeks against KC's.

### A. **Preliminary Injunctive Relief**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id.</u> Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

**B.     <u>Discussion</u>**

Plaintiff claims that KC's attempted to breach their contract with Plaintiff. In support, Plaintiff has submitted a letter to Plaintiff dated June 16, 2016, from KC's office manager, Carol Lancaster, notifying Plaintiff that KC's services for reporting Plaintiff's depositions had been reserved because KC's had received his credit card information. (ECF No. 156 at 8, Exh. A.) Then, in a letter to Plaintiff dated September 8, 2016, KC's office manager, Carol Lancaster, notified Plaintiff that KC's had changed its mind and decided not to report his depositions. (<u>Id.</u> at 10 (Exh. A.) The letter stated, "We are in receipt of your five deposition notices, but regret that we must decline reporting your depositions [because K.C's is] not familiar with the procedures in matters like this [and] the cost would be prohibitive." (<u>Id.</u>) On September 11, 2016, Plaintiff wrote a letter to KC's asking them not to breach the contract. (<u>Id.</u> at 6-7.)

The Court cannot grant the relief Plaintiff seeks. Because KC's is not a defendant in this action, the Court does not have jurisdiction to issue an order requiring them to act on Plaintiff's behalf. "[A] federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." <u>Zepeda v. United States Immigration</u>

Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Moreover, the relief sought by Plaintiff would not remedy any of the claims upon which this case proceeds. This case proceeds only on Plaintiff's retaliation claims against Defendants Waddles and Castellanos. Therefore, the Court has no jurisdiction to compel KC's to report Plaintiff's depositions, and Plaintiff's motion must be denied.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel KC's Court Reporting service to report his depositions, filed on September 15, 2016, is DENIED.

IT IS SO ORDERED.

Dated:   **October 25, 2016**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE