UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEVIN D. BRYANT,

        Plaintiff,

    vs.

R. ROMERO, et al.,

        Defendants.

1:12-cv-02074-DAD-GSA-PC

ORDER DENYING PLAINTIFF'S REQUESTS FOR A TELEPHONIC STATUS CONFERENCE AND FOR THE COURT TO RESET CASE DEADLINES AND ALLOW ADDITIONAL DISCOVERY, WITHOUT PREJUDICE
(ECF No. 176, 179.)

ORDER FOR PLAINTIFF TO FILE OPPOSITION TO BOTH OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT WITHIN 45 DAYS
(ECF Nos. 92, 96.)

I.      **BACKGROUND**

Kevin D. Bryant ("Plaintiff") is a state prisoner proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 26, 2012.  (ECF No. 1.)  This case now proceeds with the First Amended Complaint filed by Plaintiff on December 2, 2013, against defendants Lieutenant C. Waddle and Correctional Officer E. Castellanos ("Defendants"), on Plaintiff's First Amendment claim for retaliation.  (ECF No. 16.)  The events in the complaint allegedly occurred at Kern Valley

1

State Prison (KVSP) when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR).

On September 8, 2015, the Court issued a Discovery and Scheduling Order setting out pretrial deadlines for the parties, including a deadline of February 1, 2016, for the completion of discovery and a deadline of April 1, 2016, for filing dispositive motions.  (ECF No. 44.)  On July 29, 2016, Plaintiff was granted a ninety-day extension of time in which to conduct depositions.  (ECF No. 125.)  All of the deadlines in the Discovery and Scheduling Order have expired.

On March 28, 2016, defendant Castellanos filed a motion for summary judgment, and on April 1, 2016, defendant Waddle filed a motion for summary judgment.  (ECF Nos. 92, 96.)  Plaintiff has requested and been granted extensions of time by the Court, but has not filed an opposition to either of the motions for summary judgment.

On August 30, 2016, third party California Department of Corrections and Rehabilitation (CDCR) filed a motion to quash subpoenas and a request for in camera review of documents by the Court.  (ECF No. 137.)  On August 31, 2016, defendant Waddle joined the motion to quash.  (ECF No. 138.)  On September 12, 2016, Plaintiff filed an opposition to the motion.  (ECF No. 154.)  On September 23, 2016, the CDCR filed a reply to the opposition, and Defendant Waddle joined the reply.  (ECF No. 158, 160.)  The motion to quash is pending.  On October 27, 2016, CDCR submitted documents to the Court for in camera review.

Also pending are Plaintiff's motions concerning the taking of depositions, motion for sanctions, and motions to compel production of documents.  (ECF Nos. 134, 135, 140, 149, 157, 162, 174, 175.)

On November 14, 2016, Plaintiff, proceeding pro se, filed a motion for relief from the discovery cut-off date.  (ECF No. 176.)  On November 30, 2016, defendant Castellanos opposed the motion.  (ECF No. 182.)

On November 21, 2016, counsel for Plaintiff filed a request to reset case deadlines and to schedule a telephonic hearing to discuss case management issues.  (ECF No. 179.)   On November 28, 2016, Defendant Waddle opposed the motion.  (ECF No. 181.)

## II.      DISCUSSION

Plaintiff requests the Court to reset the discovery deadline in this case so he can (1) request sign-in sheets and assignment rosters to verify where defendant Waddle was working on June 8, 2010, and discover witnesses who can verify where defendant Waddle was working; (2) obtain records from Defendants and the CDCR of staff misconduct complaints, investigations, or lawsuits filed against Defendants; (3) conduct more depositions of Defendants after he obtains the records; (4) depose third party Lt. Jason Stiles; and (5) obtain deposition transcripts from a related case, McCloud v. Waddle.  (ECF Nos. 134, 140, 176.)  In opposition to Plaintiff's request to extend discovery, defendant Castellanos argues that Plaintiff has had more than enough time to complete discovery.  Defendant Castellanos asserts that while discovery was open, Plaintiff propounded discovery and received responses, received an extension of the discovery deadline to conduct depositions, and deposed defendant Castellanos.

Counsel for Plaintiff requests a continuance of case deadlines, including the briefing schedule on any pending motions, including Defendants' motions for summary judgment, pending a decision with respect to the subpoena served on KVSP's Warden and the motion to quash that was filed in response thereto by the CDCR.  (ECF No. 179.)  Counsel argues that it would be unjust to require an opposition to the motions for summary judgment without a decision on this evidence that could be used in opposition to said motions.  Counsel also requests the Court to schedule a telephonic conference to discuss trial and case management issues.  In opposition to Counsel's requests, defendant Waddle argues that Plaintiff has not shown good cause or due diligence meriting an extension, and Plaintiff has had more than sufficient time to oppose the pending motions for summary judgment.  Defendant Waddle asserts that Plaintiff has had several years for counsel to appear in this case, and Plaintiff's present counsel appeared in Plaintiff's related case Bryant v. Gallagher and presumably was informed of the present case.  Defendant Waddle argues that the briefing schedule for the motions for summary judgment should not be held in abeyance pending resolution of the outstanding subpoena related to defendant Waddle's disciplinary records, because this evidence is not relevant to defendant Waddle's motion for summary judgment which is based on

Plaintiff's failure to exhaust administrative remedies and Plaintiff's lack of evidence of retaliation.

The Court shall deny Plaintiff's request for a telephonic conference, without prejudice. Such a conference may be beneficial at a later date. At this juncture, Defendants' motions for summary judgment have been pending for months, without opposition or resolution, and Plaintiff shall be required to file oppositions within forty-five days. Once the motions for summary judgment are resolved, the need for additional discovery shall be evaluated.

Plaintiff seeks discovery on the issues of defendant Waddle's work assignment on June 10, 2008; staff misconduct complaints, investigations, or lawsuits filed against Defendants; and deposition transcripts from a related case. Plaintiff has not established that the evidence he seeks would preclude summary judgment. Defendant Castellanos' motion for summary judgment is based on Plaintiff's lack of evidence of retaliation by Defendant Castellanos against Plaintiff. In the motion for summary judgment, Defendant Castellanos argues that Plaintiff cannot prove that he (Castellanos) took adverse action against Plaintiff by stealing Plaintiff's stamps, breaking his television, conspiring to assault him, stealing his property, or issuing a false rules violation report. Defendant Castellanos also argues that Plaintiff lacks evidence that defendant Castellanos acted against Plaintiff because Plaintiff had engaged in protected conduct. Defendant Waddle's motion for summary judgment is based on Plaintiff's failure to exhaust administrative remedies and Plaintiff's lack of evidence of retaliation by defendant Waddle against Plaintiff. Defendant Waddle argues that there is no record at KVSP of Plaintiff submitting any appeal against defendant Waddle for retaliating against him and/or trying to have Plaintiff assaulted by other inmates, and that Plaintiff has admitted that he does not think he ever had an appeal go to the third level regarding defendant Waddle. Defendant Waddle also argues that there is no evidence that defendant Waddle's approval for Plaintiff to go to administrative segregation while an investigation was pending was an adverse action against Plaintiff, because Plaintiff's placement in administrative segregation was approved for Plaintiff's own protection. Defendant Waddle also argues that there is no evidence of a conspiracy to have Plaintiff assaulted in April 2011 or July 2011, and that Plaintiff has no

evidence that Defendant Waddle's motive to act was to retaliate against Plaintiff for pursuing legal action against Officers Romero and Gallagher.

Under Rule 56 of the Federal Rules of Civil Procedure, the Court may defer ruling on a motion for summary judgment if Plaintiff shows by affidavit or declaration that for specified reasons he cannot present facts to oppose Defendants' motion for summary judgment. Fed. R. Civ. P. 56(d)(2). Here, the Court finds no evidence that the discovery requested by Plaintiff will reveal facts needed by Plaintiff to oppose Defendants' motions for summary judgment. Therefore, Plaintiff's request to defer resolution of the motions for summary judgment pending additional discovery shall be denied.

## III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   Plaintiff's request for the Court to schedule a telephonic status conference in this case is DENIED, without prejudice;

2.   Plaintiff's request to reset case deadlines and allow Plaintiff to conduct further discovery is DENIED, without prejudice; and

3,   Within forty-five days of the date of service of this order, Plaintiff is required to file opposition to both of Defendants' motions for summary judgment filed on March 28, 2016, and April 1, 2016.

IT IS SO ORDERED.

Dated:   **January 18, 2017**                    _____/s/ Gary S. Austin_____
                                                  UNITED STATES MAGISTRATE JUDGE

5