UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BRYANT,<br><br>      Plaintiff,<br><br>vs.<br><br>R. ROMERO, et al.,<br><br>      Defendants. | 1:12-cv-02074-DAD-GSA-PC<br><br>**ORDER DENYING CDCR'S MOTION TO QUASH AND GRANTING CDCR'S REQUESTS FOR IN CAMERA REVIEW AND PROTECTIVE ORDER**<br>**(ECF No. 137.)**<br><br>**ORDER FOR CDCR TO PROVIDE COURT WITH REDACTED DOCUMENTS AND A PROPOSED PROTECTIVE ORDER WITHIN TWENTY DAYS**<br><br>**ORDER RE COURT'S INTENT TO RELEASE DOCUMENTS WITH PROTECTIVE ORDER AFTER REDACTION**<br><br>**ORDER EXTENDING TIME UNTIL MAY 3, 2017, FOR PLAINTIFF TO OPPOSE MOTIONS FOR SUMMARY JUDGMENT**<br><br>**ORDER GRANTING PLAINTIFF TEN DAYS TO FILE RULE 56(d) MOTION, WITH ADDITIONAL TEN DAYS FOR DEFENDANTS TO RESPOND**<br><br>**ORDER DENYING PLAINTIFF'S PENDING DISCOVERY MOTIONS, WITHOUT PREJUDICE TO RENEWAL AFTER RESOLUTION OF MOTIONS FOR SUMMARY JUDGMENT**<br>**(ECF Nos. 134, 135, 140, 149, 157, 162, 174, 175.)** |

**I.      BACKGROUND**

Kevin D. Bryant ("Plaintiff") is a state prisoner proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this

1

action on December 26, 2012.  (ECF No. 1.)  This case now proceeds with the First Amended Complaint filed by Plaintiff on December 2, 2013, against defendants Lieutenant C. Waddle and Correctional Officer E. Castellanos ("Defendants"), on Plaintiff's First Amendment claim for retaliation.  (ECF No. 16.)  The events in the complaint allegedly occurred at Kern Valley State Prison (KVSP), in Delano, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR).

On August 30, 2016, movant California Department of Corrections and Rehabilitation (CDCR) filed a motion to quash Plaintiff's two subpoenas and request for *in camera* review.  (ECF No. 137.)  On August 31, 2016, defendant Waddle joined the motion.  (ECF No. 138.)  On September 12, 2016, Plaintiff filed an opposition to the motion.  (ECF No. 154.)  On September 23, 2016, CDCR filed a reply to the opposition, and defendant Waddle joined CDCR's reply.  (ECF Nos. 158, 160.)  The motion is therefore deemed submitted for review.  Local Rule 230(*l*).

On October 27, 2016, CDCR submitted three documents responsive to Plaintiff's two subpoenas to the court for *in camera* review.  (Court Record.)

## II.   PLAINTIFF'S TWO SUBPOENAS

On June 27, 2016, upon the request of Plaintiff, the Clerk of Court issued two subpoenas *duces tecum* commanding Christian Pfeiffer, Warden of KVSP, to produce documents for Plaintiff's inspection, and forwarded the subpoenas to the United States Marshal for service.  (ECF No. 113.)  The first subpoena commanded Warden Pfeiffer to "produce any and all records, reports, and recorded interviews of internal investigations conducted by CDCR concerning allegations that Defendant E. Castellanos and/or Defendant Constance Waddle had, or attempted to have, an inmate assaulted by other inmates."  (Id. at 3-4.)  The second subpoena commanded Warden Pfeiffer to "produce any and all records, reports, and recorded interviews of investigations conducted by CDCR concerning Plaintiff's allegations of staff misconduct of Correctional Officers Patrick Gallagher and Ramon R. Romero with respect to the June 8, 2010, assault on Plaintiff."  (Id. at 5-6.)

///

II.     **MOTION TO QUASH**

   A.     **Legal Standard**

"A party cannot object to a subpoena *duces tecum* served on a nonparty, but rather, must seek a protective order or file a motion to quash" pursuant to Federal Rule of Civil Procedure 45(c)(3)(A). Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Cal. 2005); see also Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. 2014). Rule 45(d)(3)(A) sets forth the bases for a court to quash or modify a subpoena, and provides, in pertinent part:

> [o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) requires a person who is not a party . . . to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business . . ., or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

In determining undue burden, the Court should weigh the burden of the subpoenaed party against the requested information's relevance, need of the serving party for the information, the breadth of the information requested, the time period covered by the request, and the particularity with which the request is made. Moon, 232 F.R.D. at 637. The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed. Goodman v. United States, 369 F.2d 166, 169 (9th Cir. 1966) (citing Sullivan v. Dickson, 283 F.2d 725 (9th Cir. 1960).

   B.     **CDCR's Motion**

CDCR and the custodian of records at KVSP move to quash Plaintiff's two subpoenas *duces tecum*, which were served on August 16, 2016, pursuant to Rule 45 of the Federal Rules of Civil Procedure, because the subpoenas request disclosure to a prison inmate of confidential information protected by privilege. CDCR requests that in the event the court determines that the subpoenas are supported by good cause, then the court should review the documents *in camera* to determine whether the need to produce the documents outweighs CDCR's obligations to protect the confidentiality of the documents and the right to privacy of those

named in the documents.  CDCR also requests that any confidential document ordered released be subject to a protective order to prevent unauthorized disclosure.

### C. **Discussion**

The court has reviewed CDCR's request, Plaintiff's response, CDCR's reply, and Plaintiff's subpoenas, and finds that the subpoenas are supported by good cause.  Subject to the Federal Rules of Evidence, the court finds that the documents are relevant to Plaintiff's allegations.  Therefore, the motion to quash shall be denied, and the court will therefore conduct an *in camera* review of the documents listed below.

CDCR asserts in its motion to quash that there are only two documents responsive to Plaintiff's first subpoena, listed as items 2 and 3 on the privilege log, to wit:  (2) A packet of information sent to internal affairs from KVSP concerning alleged staff misconduct and the investigation (including recorded interviews) and response from internal affairs, containing information obtained from a confidential informant, and (3) A packet of information sent to internal affairs from KVSP concerning alleged staff misconduct and the response from internal affairs, including a critique and evaluation of prison officials' use of force in a specific circumstance and statements from inmate witnesses.  CDCR also asserts that there is only one document responsive to Plaintiff's second subpoena, listed as item 1 on the privilege log, to wit: (1) a confidential memorandum regarding the prison's investigation into a staff complaint by Plaintiff against correctional officers Gallagher and Romero.  CDCR also submitted a privilege log claiming that the three documents, dated January 7, 2011, August 29, 2012, and October 3, 2012, contain official and confidential information subject to privilege.  (ECF No. 137 at 14.)

On October 27, 2016, CDCR submitted the three documents responsive to Plaintiff's two subpoenas to the court for *in camera* review.

### III. IN CAMERA REVIEW

The court having found that Plaintiff's subpoenas are supported by good cause, in accordance with CDCR's request, the court conducted an *in camera* review of the three

documents submitted by CDCR, and reviewed them for relevance and for information protected by privilege from disclosure.

### A.     Relevance and Official Information Privilege

A subpoena is subject to the relevance requirements set forth in Rule 26(b), i.e., the subpoena may command the production of documents which are "nonprivileged" and are "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. Id. "Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information." Moon, 232 F.R.D. at 636.

In civil rights cases brought under section 1983, questions of privilege are resolved by federal law. "Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (quoting Kerr v. U.S. Dist. Court for Northern Dist. Of California, 511 F.2d 192, 198 (9th Cir. 1975)). The discoverability of official documents should be determined under the "balancing approach that is moderately pre-weighted in favor of disclosure." Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987). The party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing." Id. at 669. For each discovery request objected to, the party must file an objection and submit a declaration or affidavit from a responsible official with personal knowledge of the matters attested to by the official. Id. The affidavit or declaration must include (1) an affirmation that the agency has generated or collected the requested material and that it has maintained its confidentiality, (2) a statement that the material has been personally reviewed by the official, (3) a description of the governmental or privacy interests that would be threatened by disclosure of the material to the plaintiff or plaintiff's attorney, (4) a description of how disclosure under a protective order would create a substantial risk of harm to those interests, and (5) a projection of the harm to the threatened interest or interests if disclosure were made. Id. at 670. "The asserting party, as in any case where a privilege is claimed, must sufficiently identify the documents so as to afford the requesting party an

opportunity to challenge the assertion of privilege." Miller v. Pancucci, 141 F.R.D. 292, 300 (9th Cir. 1992).

### B. CDCR's Arguments Against Disclosure

CDCR argues that Plaintiff seeks disclosure of internal affairs investigative materials, which consist of official information protected from disclosure. CDCR contends that it has a substantial interest in maintaining the confidentiality of its internal investigations, which document information from witnesses provided in confidence to special agents. CDCR argues that making witness statements or interviews public would significantly chill the willingness of witnesses to come forward or speak candidly about matters being investigated. CDCR also argues that disclosing the information might jeopardize the safety of others, endanger the security of the institution, subject staff to harassment and manipulation by inmates, cause inmate witnesses to be assaulted, and hamper future investigations.

CDCR also argues that the information sought in Plaintiff's second subpoena is not relevant to Plaintiff's allegations against Defendants. In this case, Plaintiff alleges that defendants Waddle and Castellanos retaliated against him by arranging to have him assaulted, motivated by a grievance Plaintiff filed against correctional officers Gallagher and Romero in 2010. CDCR argues that because the information in the second subpoena relates only to an investigation against correctional officers Gallagher and Romero, it is not relevant.

CDCR argues that its substantial interest in maintaining the confidentiality of the documents far outweighs Plaintiff's desire to access internal affairs records. CDCR contends that there are multiple alternate avenues whereby Plaintiff can obtain the information he seeks in the first subpoena, without obtaining a copy of CDCR's internal investigation materials. CDCR asserts that Plaintiff can obtain the information through discovery, by deposing Defendants or by written discovery, without jeopardizing CDCR's future investigations or institutional safety and security.

In the event that the court finds that Plaintiff's subpoenas show good cause, CDCR requests that a protective order be issued limiting the use of the documents solely to this litigation and requiring the records to be maintained by prison staff where Plaintiff is housed.

CDCR argues that Plaintiff is unable to securely maintain the documents in the prison environment.[1] CDCR requests that it be allowed to provide redacted copies of the records, eliminating personal identifying information of any persons identified in the report, other than the named Defendants to this case. CDCR also argues that the confidential documents should be restricted from being photocopied and should be returned to CDCR at the conclusion of the litigation so that the copies can be accounted for and destroyed.

### C. Discussion

The court has thoroughly examined the documents submitted by CDCR and finds that all three of the documents contain information relevant to Plaintiff's claim for retaliation against defendants Waddle and Castellanos. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

The Court is sensitive to issues involving confidential informants and security measures to protect inmates and others at the institution. CDCR has voiced safety and security concerns of the inmates and the institution if the documents are released, citing Cal. Civ. Code, § 1798.24 (CDCR must protect the privacy rights of individuals whose names and information are identified in the records it maintains). However, discovery in federal court is not governed by California's Civil Code, CDCR regulations, or other state law. As discussed above, in civil rights cases brought under section 1983, questions of privilege are resolved by federal law.

CDCR has properly invoked the federal official information privilege by making a "substantial threshold showing." CDCR appropriately submitted the declaration of B. Hancock, Litigation Coordinator at KVSP, in which Hancock asserts that he is familiar with the policies

---

[1] On January 10, 2017, the court approved substitution of attorneys for Plaintiff. (ECF No. 185.) Plaintiff is now represented by counsel and is no longer representing himself.

and procedures for managing confidential information, including documents generated when an internal affairs investigation is conducted into allegations of staff conduct. (Decl. of Hancock, ECF No. 137, Exh. 4 at ¶2.)  Hancock asserts that he has personally reviewed each of the documents at issue and determined that the documents contain confidential information and should not be released, because they would threaten institutional security, jeopardize inmate witnesses' safety, inhibit other inmates from providing truthful accounts in future investigations, and could cause inmates to be assaulted.  (Id. at ¶¶3-5.)  Hancock contends that disclosing the internal affairs files will jeopardize inmates, staff, and institutional safety and security by disclosing the process used in conducting investigations, subjecting future investigations to manipulation and hampering the effectiveness of an investigation.  (Id. at ¶¶6, 7.)  This showing is sufficient to invoke the federal official information privilege.

The court concurs that the documents submitted by CDCR contain confidential information, which should not be disclosed.  However, CDCR's claims of privilege do not justify withholding disclosure of these relevant documents if redacted and subject to a protective order.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  "The Ninth Circuit recognizes that district courts have great flexibility to protect documents that contain confidential or commercially sensitive information."  Cabell v. Zorro Prods., Inc., 294 F.R.D. 604, 610 (W.D. Wash. 2013).  It is within the broad discretion of the district court to determine the appropriate degree of protection provided by the protective order.  Id.  It is the moving party who bears the burden of demonstrating that "good cause" exists for a protective order to shield a party from "annoyance, embarrassment, oppression, or undue burden or expense." Id. (quoting Fed. R. Civ. P. 26(c)(1)).

The court finds good cause to release the relevant documents after redaction and subject to a protective order.  Therefore, CDCR's request for a protective order shall be granted.  CDCR shall prepare and lodge a proposed protective order with the court within twenty days of

///

the date of service of this order, incorporating the limitations on disclosure of the documents discussed in this order.

Before the documents are released, CDCR shall redact personal identifying and other confidential information from the documents and return them to the court within twenty days of the date of service of this order, in a sealed envelope clearly identifying this case and prominently labeled "Confidential documents submitted to the Chambers of Magistrate Judge Gary S. Austin for *in camera* review." CDCR should not file the documents with the court, but should file a separate notice informing the court that it submitted documents for *in camera review*, without identifying any of the documents in the notice. After redaction, the relevant portions of the documents shall be released to counsel for Plaintiff and counsel for Defendants.[2] The documents shall be released for "attorney's eyes only," limited to disclosure to the attorney representing Plaintiff and attorneys representing Defendants. A copy of the documents, as released by the court, shall also be provided to CDCR. Should counsel determine that the documents should be shared with their respective clients, or with others necessary to the litigation of this case, counsel may file a request to the court to do so. Counsel shall not make copies of the documents, and under no circumstances shall the documents be turned over to Plaintiff himself or the individual Defendants, except by further court order.

As a result of the court's decision to release discovery documents, Plaintiff shall be granted an extension of time until May 3, 2017, in which to file oppositions to the pending motions for summary judgment, and Defendants shall be granted an additional thirty days from the date of filing of each opposition, in which to file replies.

///

---

[2] CDCR also submitted audio CDs to the court for *in camera review*. Each of the CDs contains a recorded interview or telephone conversation. The court has listened to the CDs and finds that only two of the CDs contain information relevant to Plaintiff's retaliation claims. For one of those two CDs, the court finds that the probative value of releasing the CD is substantially outweighed by the danger of unfair prejudice and needlessly presenting cumulative evidence. Fed. R. Evid. 403. For the other CD containing relevant information, Defendants have provided a written report summarizing the content of the recorded interview therein. The court finds that CDCR's written report sufficiently represents the content of the CD. The written report is included in the documents the court intends to disclose after redaction. Therefore, the court finds no good cause to release any of the CDs to the parties.

If Plaintiff believes he needs additional information to successfully defend against the motions for summary judgment, he may file a Rule 56(d) motion within ten days of the date of service of this order, identifying specific discovery needed and how it would preclude summary judgment. Fed. R. Civ. P. 56(d) ("If a nonmovant shows . . . that, for specified reasons, it cannot present facts essential to justify its opposition to [a motion for summary judgment], the court may defer considering the motion or deny it, or allow time to obtain affidavits or declarations or to take discovery, . . ."); <u>Barona Grp. of the Capitan Grande Band of Mission Indians v. Am. Mgmt. & Amusement, Inc.</u>, 840 F.2d 1394, 1400 (9th Cir. 1987) (citation and internal quotations omitted) (relying on former subdivision (f)); <u>see also</u> <u>California v. Campbell</u>, 138 F.3d 772, 779 (9th Cir. 1998) (former subdivision (f)); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1018 (9th Cir. 1991). Defendants' response to Plaintiff's Rule 56(d) motion, if any, is due within ten days of the date the motion is filed.

In addition, Plaintiff's pending discovery motions shall be denied, without prejudice to renewal of the motions after resolution of the motions for summary judgment. (ECF Nos. 134, 135, 140, 149, 157, 162, 174, 175.) It should be noted that all of the pending discovery motions were filed by Plaintiff when he was proceeding pro se; however, Plaintiff is now represented by counsel. Therefore, any further motions or requests of the court by Plaintiff must be made by Plaintiff's counsel.

## V. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. CDCR's motion to quash, filed on August 30, 2016, is DENIED;
2. CDCR's request for *in* camera review and a protective order are GRANTED;
3. The court shall release redacted copies of relevant confidential discovery documents to counsel representing Plaintiff, counsel representing Defendants, and CDCR, together with a protective order, as discussed in this order;
4. Disclosure of the released documents shall initially be limited to "attorney's eyes only," to the attorney representing Plaintiff, attorneys representing Defendants, and CDCR;

5. Within twenty days of the date of service of this order, CDCR shall:

   (1) provide the court with redacted copies of the documents submitted for *in camera* review, after which the court shall return the unredacted documents and CDs submitted for *in camera* review to CDCR; and

   (2) prepare and lodge a proposed protective order with the court, incorporating the limitations on disclosure of the documents as discussed in this order;

6. Plaintiff is granted an extension of time until May 3, 2017, in which to file oppositions to the pending motions for summary judgment filed by Defendants Castellanos and Waddle on March 28, 2016 and April 1, 2016, respectively;

7. At the conclusion of this litigation, counsel for both Plaintiff and Defendants shall return the confidential documents to CDCR;

8. Within ten days of the date of service of this order, counsel for Plaintiff may file a Rule 56(d) motion identifying any specific discovery he feels is essential for Plaintiff to defend against the motions for summary judgment;

9. Defendants' response to Plaintiff's Rule 56(d) motion, if any, is due within ten days of the date the Rule 56(d) motion is filed; and

10. Plaintiff's pending discovery motions are denied, without prejudice, to renewal of the motions by Plaintiff's counsel after resolution of the pending motions for summary judgment.

IT IS SO ORDERED.

Dated:   **February 6, 2017**               **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE